# JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

STEVEN ISSER
OF COUNSEL
SISSER@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY

110 EAST 59TH STREET
22ND FLOOR
NEW YORK, NEW YORK 10022
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

January 19, 2024

**VIA ECF**
Honorable Robyn F. Tarnofsky
United States Magistrate Judge
U.S. District Court
500 Pearl Street, Room 703
New York, NY 10007

Re:   *Parker v. Bursor et al.*, Case No. 24-cv-245 (JGLC) (RFT)

Dear Magistrate Judge Tarnofsky:

I represent Defendants in the above-referenced action.

I write pursuant to Section III(E) of Your Honor's Individual Practices in Civil Cases seeking permission for Defendants to file a motion for a Preliminary Injunction and Temporary Restraining Order under seal.

The motion which Defendants wish to file under seal seeks an Order requiring Plaintiff to file her Complaint under seal. The procedural posture of this case is unique because Defendants removed it from the New York State Supreme Court, County of New York after Plaintiff had filed a Summons with Notice. As such, no Complaint has been filed in this case. I note that Plaintiff opposes the sealing of documents.

As Defendants' proposed motion (contemporaneously filed under seal as per the Court's Individual Practices) explains, Plaintiff has been threatening Defendant Bursor for more than nine months that she will file a Complaint filled with wholly extraneous, salacious and **false** allegations, bearing no relationship whatsoever to her core claims, for the improper purpose of publicizing those allegations for the purposes of "destroying" his personal and professional life. While the details of Plaintiff's threats are set forth in Defendants' motion, there are some relevant facts which can be set forth in the public record:

JUDD BURSTEIN, P.C.

Hon. Robyn F. Tarnofsky
January 19, 2024
Page 2

    a.    Plaintiff is proceeding *pro se* in this case only because her prior counsel refused to file a complaint on her behalf after I demonstrated to him that even a complaint limited to her core allegations would be sanctionable;

    b.    Plaintiff has sent numerous texts to Defendant Bursor stating that she was going to use her *pro se* status to engage in litigation conduct which she knows a lawyer would not engage or permit her to engage; and

    c.    Plaintiff (then using a different name) has already been sanctioned by a court in another case for engaging in similar conduct, but which pales in comparison to what she is threatening to do in this case.

Defendants recognize that a complaint is a "judicial document," *see*, *e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016), to which "a common law presumption of access attaches…." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006). However, "'[t]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id.* (Citation omitted).

As further explained in *Brown v. Maxwell*, 929 F.3d 41, 47 and 51-52 (2d Cir. 2019):

Shielded by the "litigation privilege," bad actors can defame opponents in court pleadings or depositions without fear of lawsuit and liability…. [T]he presumption of public access to court documents has the potential to exacerbate these harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record.

\* \* \*

The Supreme Court has explained that "[e]very court has supervisory power over its own records and files" to ensure they "are not used to gratify private spite or promote public scandal" or "serve as reservoirs of libelous statements for press consumption." This supervisory function is not only within a district court's power, but also among its responsibilities.

(Citations omitted).

In this unique case, where Plaintiff has not filed her Complaint, the Court cannot yet determine whether there is a need for it to fulfill its "responsibility" under *Brown* to protect Defendants from a pleading designed "'to gratify [Plaintiff's] private spite or promote public scandal,'" and/or to "'serve as [a] reservoir[] of libelous statements for press consumption.'" *Id.*,

JUDD BURSTEIN, P.C.

Hon. Robyn F. Tarnofsky
January 19, 2024
Page 3

at 51-52 (Citation omitted).  As detailed in Defendants' motion, however, there is overwhelming evidence that, unless restrained, Plaintiff will file a Complaint filled with allegations that will "'come within [the Court's] purview solely to insure their irrelevance.'" *Lugosch*, 435 F.3d at 119 (Citation omitted).

If Plaintiff does what she has promised to do and engages in the same conduct which resulted in her being sanctioned in a prior case, the damage will be done before the Court can act. With no lawyer constraining her, and no fear of sanctions, the guardrails provided by Fed. R. Civ. P. 11 are absent here.  Defendants should not be forced to bear that risk.

Finally, I apologize for having sent an *ex parte* email to the Court yesterday.  I did so out of my genuine confusion arising from the fact that I had already complied with Judge Clarke's Individual Practices, which contemplate an *ex parte* letter.  However, in retrospect, I should have just sent this letter.

                                                   Respectfully yours,

                                                   /s/ Judd Burstein

                                                 Judd Burstein

cc:     Angelica Parker, Plaintiff *pro se* (via USPS)