UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angelica Parker, <br><br> Plaintiff, <br><br> -against- <br><br> Scott Bursor, et al., <br><br> Defendants. | 24-CV-0245 (JGLC) (RFT) <br><br> **CORRECTED** <br> **REPORT AND RECOMMENDATION** <br> **AND OPINION AND ORDER** |

**TO THE HONORABLE JESSICA G.L. CLARKE, UNITED STATES DISTRICT JUDGE:**

On November 23, 2023, Plaintiff, acting pro se, brought this case against Defendants

Scott Bursor and his law firm, Bursor & Fisher, P.A., by filing a Summons and Notice of

Summons in New York Supreme Court in the County of New York. (*See* ECF 1-1.) On November

24, 2023, Plaintiff filed an Amended Summons and Notice of Summons (ECF 1-2), which she

served on Defendants on December 21, 2023. Defendants filed a demand for the complaint

pursuant to CPLR § 3012 on January 9, 2024. (*See* ECF 1-6). Defendants removed the state court

action to this Court on January 11, 2024. (*See* ECF 1.) Plaintiff has yet to file her complaint,

which is due on Monday, January 29, 2024.

On January 17, 2024, Your Honor referred this matter to me for General Pretrial

Supervision and Dispositive Motions. (*See* ECF 6.) On January 19, 2024, Defendants filed a

motion for a temporary restraining order ("TRO") and preliminary injunction ("PI"), seeking an

order requiring Plaintiff to file her complaint under seal temporarily, to allow them time to

move to strike portions of the complaint and for the Court to rule on the motion to strike; and

prohibiting Plaintiff from publicly discussing any of the filings in this matter. (*See* ECF 11-16.)

Specifically, Defendants ask that Plaintiff be ordered to file the entire complaint under seal

temporarily, during which time they anticipate preparing a motion to strike allegations that

Bursor engaged in other misconduct unrelated to Plaintiff. As I understand it, if Defendants are successful in that anticipated motion to strike, they will then ask the Court to direct Plaintiff to file on the public docket a version of the complaint that does not include the offending allegations. Defendants also made an application pursuant to Section E of my Individual Rules to file under seal the papers supporting their motion for a TRO and a PI. (*See* ECF 12.)[1]

Having reviewed Defendants' filings and heard argument from Plaintiff and Defendants on January 24, 2024, for the reasons set forth herein and as set forth below, I respectfully recommend that Defendants' application to file their motion for a TRO and PI and supporting papers under seal be GRANTED IN PART AND DENIED IN PART, and that their motion for a TRO and PI be GRANTED IN PART AND DENIED IN PART without prejudice to refiling after Plaintiff files her complaint.[2]

---

[1]      Defendants seek to file the following filings in connection with their motion for a TRO and PI under seal: ECF 12 (LETTER MOTION to Seal Defendants' Motion for Preliminary Injunction and Temporary Restraining Order with exhibits); ECF 13 (DECLARATION of Judd Burstein in Support ("Burstein Decl.") with exhibits); ECF 14 (DECLARATION of Scott A. Bursor in Support ("Bursor Decl.") with exhibits); ECF 15 (MEMORANDUM OF LAW in Support); and ECF 16 (PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF).

[2]      It is not clear that a motion for a TRO and PI, as opposed to an application to seal, is the appropriate mechanism to seek an order that the complaint be filed under seal, but since Defendants have brought their request through that mechanism, I will consider it under the standards for temporary and preliminary injunctive relief. Since injunctive relief is a dispositive matter, I am issuing a report and recommendation rather than an opinion and order. See, e.g., Tangtiwatanapaibul v. Tom & Toon Inc., No. 17-CV-0816 (LGS), 2018 WL 4405606, at *1 (S.D.N.Y. Sept. 17, 2018). And because the analyses of the application to seal Defendants' motion papers and the motion for a TRO and PI are intertwined, I am addressing both requests together and make a report and recommendation as to both.

2

**Background**

The Amended Notice of Summons lists seven causes of action, including sexual assault and battery, negligent and intentional infliction of emotional distress, abuse of process, and violations of the Adult Survivors Act and Victims of Gender Motivated Violence Act. (*See* ECF 1-1.)

On August 31, 2023, Plaintiff's then-counsel, Carlos Carvajal ("Carvajal"), emailed Defendant Bursor a copy of a draft verified complaint (the "Draft"). (*See* ECF 14-1, Bursor Decl. Ex. A at 4-14.) Carvajal indicated that he intended to file it on Plaintiff's behalf unless Plaintiff and Bursor could reach a settlement. (*See id*.) The Draft states that Plaintiff and Bursor began dating in 2018 (*see id.* ¶ 7); that in September of 2020, he sexually assaulted her in their home in New York (*see id.* ¶¶ 11-13); that in 2021, he wrongfully imprisoned, physically assaulted, and attempted to rape her (*see id.* ¶¶ 16-21); and that he sexually and physically assaulted her in May of 2023. (*See id.* ¶¶ 29-32.) The parties apparently were unable to engage in meaningful settlement discussions.

Carvajal subsequently told Bursor's counsel that Plaintiff would be filing her case pro se and stated that Bursor would "have to deal with her as she has nothing to lose at this point, and maybe she will find another lawyer to help her who also has nothing to lose." (ECF 13-5, Burstein Decl. Ex. 5.) Defendants interpret this comment to mean that Plaintiff, who no longer has a lawyer to advise her, will file a complaint containing false allegations unrelated to her claims that would cause harm to others besides Bursor. (*See* ECF 14, Bursor Decl. ¶ 7; ECF 15, Mem. at 5.) Specifically, Defendants say that Plaintiff sent Bursor messages indicating that she plans to include in the complaint false allegations, including that Defendants engaged in certain

criminal behavior and that Bursor harmed minor children, and then leverage the complaint for publicity. (*See* ECF 14-2, Bursor Decl. Ex. B at 10; ECF 14-3, Bursor Decl. Ex. C.)  Defendants argue that this threat must be taken seriously, because Plaintiff filed a lawsuit in the past that she knew contained falsehoods; she was sanctioned for that filing. *See Cecora v. de la Hoya*, 2012 N.Y. Misc. LEXIS 1582 (Sup. Ct. N.Y. Co. 2012), *aff'd*, 106 A.D.3d 565 (1st Dep't 2013). Defendants also contend that Plaintiff's recent behavior has been erratic and paranoid, suggesting that she may be suffering from mental illness, which could make it more likely that she would file a complaint containing false allegations that Defendants engaged in certain criminal behavior as well as false allegations that, if made public in their entirety, could identify and harm minor children. (*See* ECF 15, Mem. at 6-8.)

Defendants argue that their filings in connection with their motion for a TRO and PI should be kept under seal, because in making the request to require Plaintiff to file the complaint under seal, they disclose the damaging details they believe Plaintiff will include in her complaint. They assert that an order permitting their motion papers to remain sealed and requiring Plaintiff to file her complaint under seal temporarily is necessary to avoid harm to minor children as well as to prevent reputational harm to Bursor and his law firm. (*See* ECF 14, Bursor Decl. ¶ 19.)

## Legal Standards

### I.    Legal Standard for a TRO and PI

In the Second Circuit, the standard for issuing a TRO is the same as the standard for a PI. *See, e.g., Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). To obtain a TRO or a PI, a party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either

(a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002). TROs and PIs are "extraordinary" remedies, which require the Court to "balance the competing claims of injury" and "consider the effect on each party of the granting or withholding of the requested relief." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 466 (S.D.N.Y. 2017) (quoting *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010) (internal quotation marks omitted)). "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *J.T. v. de Blasio*, 500 F. Supp. 3d 137, 181 (S.D.N.Y. 2020), *aff'd in part and appeal dismissed in part sub nom. K.M. v. Adams*, No. 20-4128, 2022 WL 4352040 (2d Cir. Aug. 31, 2022).

## II.     Legal Standard for an Application To Seal

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The presumption of access is "based on the need for federal courts ... to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

In evaluating an application to file documents under seal, a Court must engage in a three-part analysis. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir.

2006). First, the Court must determine whether the documents at issue are "judicial documents," as to which both a common law and a constitutional presumption of public access applies. *Id.* at 119. "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995)). A document is "'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion . . . ." *In re Arida, LLC*, No. 19-MC-522 (PKC), 2020 WL 8513844, at *1 (S.D.N.Y. Dec. 23, 2020) (quoting *Brown v. Maxwell, 929 F*.3d 41, 49 (2d Cir. 2019)).

The parties' pleadings, including the complaint, are undoubtedly judicial documents. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). So too are the papers Defendants have filed in support of their request that Plaintiff be ordered to file the complaint under seal; these papers contain the arguments the Court is being asked to consider in exercising its decision-making authority, and they therefore "have a reasonable tendency to influence" a court's decision on a motion. *In re Arida, LLC*, 2020 WL 8513844, at *1 (quoting *Brown, 929 F.3d* at 49).

When the documents a party seeks to seal are "judicial documents," the Court must then determine how much weight to assign to the presumption of access. *See Lugosch,* 435 F.3d at 119. As the Second Circuit Court of Appeals has explained:

> [T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

*Id.* (quoting *Amodeo,* 71 F.3d at 1048). When a party seeks to seal a pleading, such as a complaint, which is a "core" judicial document, *Morgan Art Found. Ltd. V. McKenzie*, No. 18-CV-4438 (AT) (BCM), 2020 WL 1130699, at \*2 (S.D.N.Y. Mar. 6, 2020), the weight of the presumption is "heavy." *Under Seal*, 273 F. Supp. 3d at 470. "Documents filed in connection with . . . non-dispositive motions . . . are subject to a 'still substantial' presumption of public access." *In re Arida, LLC*, 2020 WL 8513844, at \*1 (quoting *Brown, 929 F.3d* at 49).

Finally, the Court must determine whether the parties seeking to keep the judicial document under seal have met their burden of demonstrating there are "countervailing factors," "competing considerations," or "higher values" sufficient to overcome the presumption of access. *Lugosch*, 435 F.3d at 120, 124. Neither "conclusory assertion[s]" of harm nor "[b]road and general findings by the trial court" will suffice. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Rather, a judicial document may be sealed only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d at 116).

III.    **Analysis**

    A.    Defendants' Application To Seal Their Filings
            <u>Supporting Their Motion for a TRO and PI</u>

Defendants' filings supporting their motion for a TRO and PI are undoubtedly judicial documents, and the presumption against sealing them is "substantial." *In re Arida, LLC*, 2020 WL 8513844, at \*1 (quoting *Brown, 929 F.3d* at 49). Defendants do not meet their burden of identifying "countervailing factors," "competing considerations," or "higher values" that

warrant overcoming that substantial presumption of public access to the filings supporting their motion for a TRO and PI. *Lugosch*, 435 F.3d at 120, 124.

While Bursor understandably is concerned about the reputational harm he and his law firm may incur if Plaintiff ultimately files her complaint, it is well-settled that "[g]eneralized concern[s] of adverse publicity" and reputational injury – the primary harms to Defendants articulated in their application to seal the filings supporting their motion for a TRO and PI – cannot justify an order sealing core judicial documents. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (quoting *Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007) (internal quotation marks omitted)) (denying the defendant's motion to seal confidential agreements to settle prior sexual harassment claims against him); *see also Doe v. City of New York*, No. 15-CV-0117 (AJN), 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) (denying motion by the defendant in a sexual assault case to seal summary judgment materials detailing unadjudicated allegations that he made prior sexual assaults); *Bronx Conservatory of Music, Inc. v. Kwoka*, No. 21-CV-1732 (AT) (BCM), 2021 WL 2850632, at *4 (S.D.N.Y. July 8, 2021) (declining to seal sexual harassment counterclaim). I am unaware of any exception to this principle – that concerns about adverse publicity are insufficient to justify sealing judicial documents – for a situation where, as here, a party claims that the harmful allegations in the documents they seek to seal are irrelevant to the claims in the case.

As the Court of Appeals explained in *Lugosch*, "the natural desire of parties to shield prejudicial information contained in judicial records . . . cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." 435 F.3d at 123 n.5 (quoting *Brown & Williamson Tobacco v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Thus, "the

courts generally reject negative publicity 'as a basis for overcoming the strong presumption of public access to [the allegedly prejudicial] items.'" *Julian v. Metro. Life Ins. Co.*, No. 17-CV-0957 (AJN) (BCM), 2020 WL 5913739, at *4 (S.D.N.Y. Oct. 6, 2020) (quoting *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 197, 205 (S.D.N.Y. 2007)); *see also Under Seal*, 273 F. Supp. 3d at 471 (collecting cases).

Similarly, Defendants' assertion that Plaintiff's allegations are false cannot justify an order sealing Defendants' description in their TRO and PI motion papers of allegations that they engaged in certain behavior, or that Bursor harmed minor children. Whether the allegations are true or false is the question that the parties have placed before the Court. Thus, it has long been understood that "[t]he question of public access to the contested documents is . . . completely separate from the merits of the underlying action." *Lugosch*, 435 F.3d at 119; *see also Bernstein*, 814 F.3d at 140 (2d Cir. 2016) ("[T]he fact of filing a [counterclaim], whatever its veracity, is a significant matter of record.").

This Court is, however, concerned about the description in Defendants' motion papers of allegations Defendants expect Plaintiff to make that could identify or injure minor children (*see* ECF 13 at ¶¶ 14-18; ECF 15, Mem. at 5-7). Defendants' motion papers, once unsealed, can cause the some of the very harm to minor children the complaint would cause if it includes the allegations Defendants anticipate. Accordingly, I respectfully recommend that Defendants be required to file on the public docket within seven days of an order addressing their sealing application a version of their motion papers that redacts all references to the allegations that could identify or harm minor children. Such a requirement would be appropriate pursuant to Federal Rule of Civil Procedure 5.2(e), which authorizes the Court, for "good cause," to "require

redaction of additional information," beyond a minor's name, from documents filed with the Court. *See* Fed. R. Civ. P. 5.2(e). The potential harm to minors satisfies the good cause requirement. Moreover, "[c]ourts must consider whether redactions rather than wholesale sealing" strikes an appropriate balance between the "factors that legitimately counsel against disclosure of the judicial document" and the "weight properly accorded the presumption of access." *In re New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 254 (S.D.N.Y. 2022).

      B.     Defendants' Motion for a TRO and PI
              <u>Requiring Plaintiff To File the Complaint Under Seal</u>

     It follows that since Defendants have not met their burden of showing that sealing their TRO and PI motion papers is "essential to preserve higher values," *Lugosch*, 435 F.3d at 120, they have not demonstrated that a TRO and PI requiring Plaintiff to file the entire complaint under seal is warranted. Defendants do not cite (and this Court has not found) any case from this Circuit where the Court ordered a party to file a complaint under seal based on threats allegedly made by the plaintiff about what the complaint will contain, before the Court had the opportunity to review the complaint. Without seeing the complaint, the Court has no way to assess whether Defendants would be irreparably harmed by it being filed publicly. Without seeing the complaint, the Court has no way to assess whether Defendants are likely to succeed, either on the merits of the case as a whole or, as I believe to be more relevant here, in light of the function of a TRO and PI (preserving the status quo until the Court can rule), on their intended motion to strike portions of the complaint; or whether there are sufficiently serious questions that make these issues "fair ground for litigation," *Random House*, 283 F.3d at 491.

Defendants further contend that the public has enough information about the claims against them without seeing the actual complaint, since the Amended Notice of Summons lists the causes of action (*see id.* at 5). This position misapprehends the purpose of the presumption of public access to judicial documents, which is to permit the public to monitor and evaluate the Court's exercise of its decision-making authority. *See Mirlis v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020) (explaining that public access is intended to ensure "a measure of accountability" and bolster "confidence in the administration of justice").

I understand the possibility that, in a world of instantaneous communications, the contents of Plaintiff's complaint will be disseminated before Defendants have a chance to renew their application to seal the complaint temporarily. I understand that while they are preparing their anticipated motion to strike portions of the forthcoming complaint, the complaint could be picked up by the press. But that possibility does not relieve Defendants of making the extraordinary showing required for a TRO and PI, or even the somewhat lesser showing required to seal a complaint.

I note that even though Plaintiff is pro se, she will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and all orders of this Court. Accordingly, I respectfully recommend that the Court order her not to file a complaint without first redacting any minor's identifying information and any allegations that could cause harm to minors if publicly disclosed. If Plaintiff wishes to include any such allegations in her complaint, she must follow the procedures set out in Section E of my Individual Rules.[3]

---

[3] Specifically, she must prepare two versions of the complaint – one original and one version that blacks out any minor's identifying information and any allegations that could cause harm to minors if publicly disclosed. She must: (a) publicly file the document with the proposed redactions (blacked out text), and (b) mail or hand-deliver to the Pro Se Intake Unit a

**Conclusion**

For the foregoing reasons, I respectfully recommend that Defendants' application to seal the filings in support of their motion for a TRO and PI (ECF 13, 14, 15, and 16) be GRANTED IN PART to the extent that those filings be permitted to remain sealed; and that Defendants' application to seal the filings in support of their motion for a TRO and PI be DENIED IN PART to the extent that Defendants be ordered to file on the public docket, within seven days of an order addressing their sealing application, versions of ECF Document Numbers 13, 14, 15, and 16 that redact all references to the allegations that could identify or harm minor children. I further respectfully recommend that Defendants' motion for a TRO and PI requiring Plaintiff to file the complaint under seal be GRANTED IN PART to the extent that Plaintiff be ordered not to file a complaint on the public docket without first redacting any minor's identifying information and any allegations that could cause harm to minors if publicly disclosed; and DENIED IN PART in all other regards, without prejudice to their refiling their motion once the complaint has been filed.

Dated: New York, New York
      January 24, 2024

                                        _____

                                        **ROBYN F. TANARSKY**
                                        **United States Magistrate Judge**

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

submission containing both the original version of the proposed sealed document, which shall be enclosed in a separate sealed envelope that is clearly marked "Document To Be Filed Under Seal" and a letter attaching a copy of this Report and Recommendation. If Plaintiff has any questions about this process, she should consult the Pro Se Intake Unit.

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Clarke.

THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).

*          *          *

Notwithstanding any of the foregoing, it is ORDERED that if Plaintiff files her complaint before Judge Clarke has an opportunity to review this Report and Recommendation and issue an order addressing Defendants' motion for a TRO and PI, that complaint shall be held under seal by the Clerk of Court temporarily, until such time as Judge Clarke issues such order.

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge