JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

———

STEVEN ISSER
OF COUNSEL
SISSER@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY

110 EAST 59TH STREET
22ND FLOOR
NEW YORK, NEW YORK 10022
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

January 29, 2024

**VIA ECF**
Honorable Jessica G. L. Clarke
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

      Re:    *Parker v. Bursor et al.*, Case No. 24-cv-245 (JGLC) (RFT)

Dear Judge Clarke:

      I represent the Defendants in the above-referenced action.

      Pursuant to Rules 2(a) and 2(e) of Your Honor's Individual Practices in Civil Cases, I write seeking an extension of the February 7, 2024 due date, until March 5, 2024, by which Defendants must file their Objections to Magistrate Judge Tarnofsky's January 24, 2024 Report and Recommendation (Doc. No. 25). This is the first request for such an extension. Plaintiff opposes this request.[1]

      Defendants seek this extension of time in light of Magistrate Judge Tarnofksy's Memo Endorsement today (Doc. No. 38) extending Plaintiff's time to file her Complaint until February 12, 2024. As I had informed Plaintiff and as I was in the process of writing to Magistrate Judge Tarnofsky, Defendants had no objection to an extension. However, for a number of reasons, the otherwise reasonable date chosen by Magistrate Judge Tarnofsky has precipitated our request that Your Honor also extend the due date for Defendants' Objections.

---

[1] The 14-day deadline provided for by Fed. R. Civ. P. 72(b) is not jurisdictional, *see, e.g.*, *Sportvision, Inc. v. MLB Advanced Media, L.P.*, 2023 U.S. Dist. LEXIS 55672, *9 (S.D.N.Y. 2023), and the Court has the discretion to extend it. *See Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988).

JUDD BURSTEIN, P.C.

Hon. Jessica G. L. Clarke
January 29, 2024
Page 2

      **First**, if Plaintiff does not make good on her threats about the allegations which she intends to include in her Complaint, the scope of the sealing, if any, sought by Defendants would likely be affected. However, if Defendants are not granted an extension of time to file their Objections, the Complaint will be filed after Defendants' Objections are due.

      **Second**, Magistrate Judge Tarnofsky recommended denial of Defendants' motion for interim relief in part because "[w]ithout seeing the complaint, the Court has no way to assess whether Defendants would be irreparably harmed by it being filed publicly." Doc. No. 25, at 10. That portion of Magistrate Judge Tarnofsky's Report and Recommendation will be mooted once the Complaint is filed, and Defendants should be granted time to address the impact of this new circumstance upon the rest of Magistrate Judge Tarnofsky's Report and Recommendation. Absent an extension of time, Defendants would then have to seek permission to file a supplement to their Objections after the Complaint is filed.

      **Third**, Defendants' request for an extension to March 5, 2024 is reasonable in light of the following:

      a.      If the Complaint is filed on February 12, 2024, Defendants' response to it will be due on March 4, 2024. We submit that Defendants' response to the Complaint will be relevant to the issue of sealing.

      b.      I am required to file extensive papers in one case, as well as conduct two days of depositions in a different case where discovery exceeds 50,000 pages of documents, during the period between February 12 and February 22, 2024, with a holiday weekend commencing February 16, 2024.

               Respectfully yours,

               /s/ Judd Burstein

               Judd Burstein

cc:      Angelica Parker, Plaintiff *Pro Se* (via email and USPS)