

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

April 28, 2024

**VIA ECF**

Honorable Jessica G.L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

      Re:    *Parker v. Bursor*, 24-cv-245 (JGLC)(RFT)

Dear Judge Clarke:

      This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher P.A. (collectively, "Defendants") in the above-referenced matter. This letter-motion is submitted, pursuant to Rule 5(e) of Your Honor's Individual Rule and Practices, seeking (1) to permit Defendants to file their objections to Judge Tarnofsky's January 24, 2024 Corrected Report and Recommendation and Opinion and Order (the "R&R) under seal, and (2) to require that any response by Plaintiff to the R&R also be filed under seal. The undersigned has attempted to meet and confer with Plaintiff's counsel, who oppose Defendants' request. (*See* Exhibit A.)

      The sealing currently in effect for the R&R and Complaint should require that documents discussing and citing those documents also remain sealed, for at least as long as sealing of the R&R and Complaint remain in effect. Moreover, beyond a decision on the R&R, factors here in favor of sealing far outweigh the need for public access. As discussed in the Objections, the allegations discussed in that filing do not constitute a "judicial document" requiring access. The issue of sealing discussed in the Objections is also not dispositive, and the demonstrably improper motivations of the Plaintiff require the Court to ensure that filings in this action not be used as a weapon to publicize incendiary, irrelevant, and false allegations.

**Procedural History**

      On November 22, 2023, Plaintiff initiated this matter *pro* se in state court by filing a Summons and Notice of Summons in New York Supreme Court. (*See* ECF 1-1.) Prior to Plaintiff filing a complaint, Defendants removed this case to the Southern District of New York on January 11, 2024. (*See* ECF No. 1.) On January 19, 2024, Defendants filed a motion for a temporary restraining order and preliminary injunction ("Motion"), seeking an order requiring Plaintiff to file her complaint under seal, based on Plaintiff's threats to include a number of outrageously salacious and outright false allegations for the express and improper purpose of harming the reputations of Defendants. (S*ee* ECF Nos. 11-16.)

      After hearing argument, Judge Tarnofsky issued the R&R on January 24, 2024, which was filed, and remains, under seal. (*See* ECF No. 25.) The R&R required that any complaint filed by Plaintiff be temporarily held under seal until the Court's decision addressing Defendants' motion

GIBBONS P.C.

Honorable Jessica G.L. Clarke, U.S.D.J.
April 28, 2024
Page 2

(*Id.* at 13.)  Plaintiff proceeded to file a Complaint on March 22, 2024 that includes much of the scandalous, irrelevant materials and false claims that Defendants had sought to protect from disclosure.  That Complaint remains under seal pending the Court's determination on the R&R.  The Court has directed that arguments in favor of keeping the Complaint sealed be made in objections to the R&R.  (*See* ECF No. 61.)

**<u>Briefing On the Sealed Report and Recommendation Should Remain Under Seal</u>**

As an initial matter, Defendants' Objections to the R&R, as well as any response to Defendants' Objections, should be filed under seal for, at minimum, as long as the R&R and the Complaint remain under seal.  For the current sealing of the R&R and Complaint to have any effect, logic requires that briefing discussing and citing the contents of those documents also remain under seal.  *See ABC v. XYZ Corp.*, 2019 U.S. Dist. LEXIS 47287, at *17 (S.D.N.Y. Mar. 13, 2019) (ordering that objections and responses to report and recommendation filed under seal should also be filed under seal).  Likewise, the Court should not only grant permission for the Objections to remain sealed, but should also order sealing of any response filed by Plaintiff, in order for the current sealing of the Complaint to have any practical effect—and to prevent Plaintiffs from evading the sealing currently ordered by the Court on the Complaint and R&R.

In addition, the Court should maintain sealing over the briefing on the R&R until at least considering and deciding Defendants' forthcoming Rule 12(f) and 12(b)(6) motion.  In considering whether to exercise its supervisory power to seal documents, the Court must balance the following three factors: (1) "whether the documents are judicial documents that are 'relevant to the performance of the judicial function and useful in the judicial process;'"  (2) "the weight of the common law presumption of access to the judicial documents at issue, as well as the public's First Amendment right to access the documents;" and (3) "whether there are any countervailing concerns that would weigh against full public access to the documents."  *Saadeh v. Kagan*, 2021 U.S. Dist. LEXIS 48156, at *3-4 (S.D.N.Y. Mar. 15, 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115, 119-20 (2d Cir. 2006)).

As described further in Defendants' Objections to the R&R submitted herein, Defendants will demonstrate that the Complaint is not a "judicial document," and the Objections and other briefing discussing the Complaint will therefore not involve a "judicial document."  In particular, "[c]ourts have long declined to allow public access simply to cater to a morbid craving for that which is sensational or impure" and, thus "courts have the power to insure that their records are not used to gratify private spite or promote public scandal . . ." *United States v. Amodeo*, 71 F.3d 1044, 1049-1050 (2d Cir. 1995); *see also See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (The "Supreme Court [has] observed that, without vigilance, courts' files might become a vehicle for improper purposes.").  Filings that must cite the Complaint's allegations to ensure that they are sealed or stricken likewise do not merit public access.  *See Maxwell*, 929 F.3d at 51-52 ("[U]nder Federal Rule of Civil Procedure 12(f), the district court may strike such material from the filings on the grounds that it is 'redundant, immaterial, impertinent, or scandalous.'  Because such rejected

Gibbons P.C.

Honorable Jessica G.L. Clarke, U.S.D.J.
April 28, 2024
Page 3

or stricken material is not 'relevant to the performance of the judicial function' it would not be considered a 'judicial document' and would enjoy no presumption of public access.").

Briefing on a report and recommendation on sealing is also not entitled to the same presumption of public access as submissions on dispositive matters. Defendants' Objections (and any response filed) concern sealing itself, rather than the merits of the Complaint, and should therefore remain sealed at least until Defendants' forthcoming Rule 12(b)(6) and Rule 12(f) motion is decided. Indeed, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts;" where, such as here, a document plays "only a negligible role in the performance of Article III duties, the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049-50 (2d Cir. 1995)). Here, Defendants' forthcoming Rule 12 motion will demonstrate that the Complaint does not merit access due to its unnecessarily salacious approach, the impropriety and irrelevance of many of its allegations, and the improper purpose for which it was filed.

The reasons set forth for striking or dismissing Plaintiff's Complaint provide additional "countervailing concerns" to limit access to briefing on these issues, as "[c]ourts should consider personal motives . . . at the third[] balancing step of the inquiry, in connection with any asserted privacy interests, based on an anticipated injury as a result of discovery." *Stafford v. IBM*, 78 F.4th 62, 71 (2d Cir. 2023) (quoting *Mirlis v. Greer*, 952 F.3d 51, 62 (2d Cir. 2020)). The Objections necessarily discuss the sensational allegations put forward by Plaintiff. The Court's mandate to protect its dockets from being used improperly therefore further supports sealing, absent which the irreparable harm from the publication of the salacious material cannot be undone.

Accordingly, Defendants respectfully request that Defendants' objections to the R&R, as well as any response to Defendants' objections, be filed under seal. Sealing should remain in effect until at least a decision on Defendants' forthcoming Rule 12(b)(6) and 12(f) motion, which will demonstrate that the Complaint is not a "judicial document" meriting disclosure. Alternatively, Defendants request that the Court Order that the Objections to the R&R remain sealed at least until the Court's decision on the R&R itself. Finally, if the Court shall at any time rule that briefing on the R&R or any other documents citing the Complaint be unsealed, Defendants respectfully request that the Court (1) grant permission to submit partial redactions for these documents and (2) stay any order allowing publication long enough to permit Defendants the opportunity to appeal such ruling, which would otherwise be irreversible.

We thank the Court for consideration of this request.

GIBBONS P.C.

Honorable Jessica G.L. Clarke, U.S.D.J.
April 28, 2024
Page 4

                                                                       Respectfully submitted,

                                                                       */s/ Christine A. Amalfe*

                                                                       Christine A. Amalfe

cc:     All counsel of record (via ECF)