

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

May 7, 2024

**VIA ECF VIA LETTER-MOTION**

Honorable Jessica G.L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

> Application GRANTED in part and DENIED in part. The Court grants the extension requests and request to file an appendix set forth herein. The Court grants Defendants leave to file a memorandum of law of up to **35 pages** in support of their anticipated Rule 12 motion.
>
> The Clerk of Court is directed to terminate ECF No. 65.
>
> Dated: May 8, 2024
> New York, New York
>
> SO ORDERED.
>
> *Jessica Clarke*
>
> JESSICA G. L. CLARKE
> United States District Judge

Re:   *Parker v. Bursor*, 24-cv-245 (JGLC) (RFT)

Dear Judge Clarke:

This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. At or before the deadline for responding to the Complaint, Defendants intend to file a motion to dismiss and strike the Complaint (or portions thereof) pursuant to Federal Rules of Civil Procedure 12(b), 8(a) and 12(f). In advance of making their anticipated motion, Defendants submit this letter-motion, pursuant to Rule 2.a and 2.e of Your Honor's Individual Rules and Practices in Civil Cases and Local Civil Rule 7.1(d), to request:

1) permission to file a memorandum of law of up to 45 pages in support of their anticipated Rule 12 motion;

2) permission to file an appendix to their memorandum of law, exclusive of the requested 45-page limit, containing a table that specifically identifies paragraphs in Plaintiff's Complaint that Defendants submit should be stricken, in whole or in part, pursuant to Rule 12(f), and a brief summary of the reasons therefor as to each allegation; and

3) a brief extension of the deadline for Defendants to answer, move or otherwise respond to the Complaint from **Sunday**, May 12, 2024 to **Monday**, May 13, 2024, in order to avoid the potential necessity to file Defendants' anticipated Rule 12 motion on a Sunday.

**I.   Defendants Request Leave to File a 45-Page Memorandum of Law in Support of their Rule 12 Motion**

Initially, Defendants request leave to file a 45-page memorandum of law in support of their anticipated motion to dismiss and strike the Complaint (or portions thereof) pursuant to Fed. R. Civ. P. 12(b) and 12(f).

Plaintiff filed a 72-page, 286-paragraph Complaint containing countless factual allegations. Defendants intend to make a motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b) and to dismiss or strike the Complaint or portions thereof pursuant to Rules 8(a) and 12(f).

GIBBONS P.C.

Honorable Jessica G.L. Clarke, U.S.D.J.
May 7, 2024
Page 2

Arguments under each subsection of Rule 12 (and Rule 8) require application of the law to numerous, specific factual allegations made in the Complaint. While Defendants will endeavor to submit an opening memorandum of law that is as concise as possible, given the prolixity of the Complaint and the requirement of Rule 12(g)(2) that Defendants must move pursuant to Rule 12(b) and 12(f) in a single motion, Defendants respectfully submit that the Court's 25-page limit for opening memoranda of law is insufficient to enable them to adequately present their arguments as to both subsections of Rule 12. Defendants therefore respectfully request permission to file a 45-page opening memorandum of law in support of their anticipated Rule 12 motion.

### II. Defendants Request Permission to File An Appendix to their Memorandum of Law Containing a Table Identifying Allegations That Should be Stricken Pursuant to Rule 12(f)

Separately, Defendants request leave to file an appendix to their memorandum of law in support of their anticipated Rule 12 motion, containing a table identifying specific allegations of the Complaint that Defendants submit should be stricken and a summary of the bases for striking.

Courts in this Circuit have held that in order "[t]o invoke Rule 12(f), a party must identify with specificity the portion of a pleading that it seeks to strike," and *why* that portion of the pleading should be stricken. *Nimmons v. U.S. Tennis Ass'n*, No. 18 CV 2499, 2019 WL 8197772, at *5 (E.D.N.Y. Jan. 7, 2019) (citing *e.g.*, *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 579 (2d Cir. 1969) (affirming denial of motion to strike that was "was much too general in that it did not specify which parts of the [filing] should be stricken and why" and stating that "the [movant] was required to do more than swing its bludgeon wildly")); *accord Wood v. Mike Bloomberg 2020, Inc.*, No. 1:20-CV-2489-LTS-GWG, 2023 WL 5747343, at *9 (S.D.N.Y. Sept. 6, 2023).

Defendants submit that the Complaint contains a significant number of strike-worthy allegations, so much so that specifically identifying them all, let alone explaining the bases for striking each of them, may alone exceed 45 pages. Given the legal standards recited above, a legal brief alone, even one 45 pages long, may be inadequate to properly address each of the specific allegations that Defendants contend should be stricken from the Complaint. Moreover, a table in the form that Defendants are currently contemplating, which sets forth the strike-worthy allegations alongside brief summaries of the reasons for striking, may significantly assist the Court in analyzing Defendants' motion.

Accordingly, Defendants respectfully request leave to file a table addendum to their memorandum of law in support of their anticipated Rule 12 motion setting forth specific factual allegations that they contend should be stricken and a brief summary of the bases therefor.

GIBBONS P.C.

Honorable Jessica G.L. Clarke, U.S.D.J.
May 7, 2024
Page 3

**III.     The Parties Request to Extend Their Respective Deadlines—Defendants' Deadline to Respond to the Complaint and Plaintiff's Deadline to File Her Responses to Defendants' Objections to Magistrate Judge Tarnofsky's Report and Recommendation—from Sunday, May 12, 2024 to Monday, May 13, 2024**

Separately, to avoid any uncertainty as to the applicability of Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure to a Sunday deadline where an order sets forth a specific date as a deadline, as was the case here (*see* ECF No. 55), rather than a "time period" within which an act must be completed (as expressly contemplated by Rule 6(a)), Defendants respectfully request that the Court extend Defendants' deadline to answer, move or otherwise respond to the Complaint by one day—from Sunday, May 12, 2024, to Monday, May 13 2024.  Plaintiff likewise requests an extension from May 12, 2024 to May 13, 2024, to file her responses to Defendants' Objections to Magistrate Judge Tarnofsky's Report and Recommendation [ECF No. 25].  Such a minimal extension of time will avoid unnecessary expense, including overtime for law firm support staff, as well as hardships that would otherwise be imposed on those who may participate in religious or other important life activities on Sundays (including Mother's Day on this particular Sunday).

Pursuant to Rule 2.e of Your Honor's Individual Rules and Practices in Civil Cases, Defendants further state in support of this request that: (1) as indicated above, the current deadline to respond to the Complaint is Sunday, May 12, 2024, and the new date requested is Monday, May 13, 2024; (2) this is the second request for an extension of time to respond to the Complaint; (3) the first request, made on April 12, 2024, seeking an extension of time until May 12, 2024, was granted, albeit with the caveat that "[a]bsent extraordinary circumstances, further extensions are unlikely" (ECF No. 55); (4) the reason for this requested one-day extension of time is, as indicated above, to ensure that the deadline to respond to the Complaint falls on a Monday rather than a Sunday as currently directed by the Court's April 15, 2024 endorsed memo Order (ECF No. 55); (5) counsel for Plaintiff consented to Defendants' request for extension of time via email on May 7, 2024, and counsel for Defendants consent to Plaintiff's request, in response, for the same extension of time to May 13, 2024 to file her responses to Defendants' Objections to Magistrate Judge Tarnofsky's Corrected Report and Recommendation; and (6) the parties' next appearance before the Court is a telephonic Rule 16 Initial Case Management Conference with Magistrate Judge Tarnofsky, scheduled for May 28, 2024 at 12:00 p.m. (*see* ECF No. 56).  This one-day extension of time will, therefore, have no effect on the schedule of this case.

We thank the Court for its consideration of these requests.

Respectfully submitted,

*/s/ Christine A. Amalfe*

Christine A. Amalfe

cc:     All counsel of record (via ECF)