

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

May 13, 2024

**VIA ECF**

Honorable Jessica G.L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

   Re: *Parker v. Bursor*__, 24-cv-245 (JGLC) (RFT)__

Dear Judge Clarke:

  This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. This letter-motion is submitted, pursuant to Rule 5(e) of Your Honor's Individual Rules and Practices in Civil Cases and the Court's April 22, 2024 Order (ECF No. 61), seeking an order (1) permitting Defendants to file under seal all papers they submit in support of their Motion to Dismiss and Strike the Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(2), 12(b)(6) and 12(f) (Defendants' "Motion to Dismiss and Strike" or "Motion"), except for their Notice of Motion and proposed Order, and (2) requiring that any opposition papers or other response by Plaintiff to Defendants' Motion to Dismiss and Strike the Complaint also be filed under seal. The undersigned has attempted to meet and confer with Plaintiff's counsel, who oppose Defendants' request.

  The temporary sealing Orders currently in effect require that Magistrate Judge Tarnofsky's Corrected Report and Recommendation and Opinion and Order (the "R&R") (ECF No. 25), Plaintiff's Complaint (ECF No. 53-1), Defendants' Objections to the R&R (ECF No. 63) and Plaintiff's response (*see* ECF No. 68) be filed under seal and remain sealed pending the Court's decision on the R&R and Objections thereto. (*See* ECF No. 64.) Defendants respectfully submit that, for the same reasons that led the Court to direct that Defendants' Objections and Plaintiff's response be filed under seal, the Court also should permit Defendants to file their papers in support of their Motion to Dismiss and Strike the Complaint under seal and should require Plaintiff to file any response to Defendants' Motion under seal as well—and that such papers should remain under seal at least until the Court decides Defendants' Motion and determines whether (and, if so, which) portions of the Complaint and Motion papers should be unsealed.[1]

  As discussed in Defendants' Objections to the R&R and their papers in support of their Motion to Dismiss and Strike the Complaint, the allegations discussed in Defendants' Motion

---

[1] As part of this request, and as was separately requested by letter motion sent via email to Your Honor's chambers on May 13, 2024 pursuant to Rule 5.f. of Your Honor's Individual Rules and Practices in Civil Cases, Defendants also seek permission to submit to the Court via email under seal an 11 minute and 49 second native .m4a audio file containing a recording that Plaintiff made of the events that she alleges in paragraphs 79-86 of the Complaint to have occurred on September 20, 2020 (the "Recording"), which Recording **Plaintiff sent to Defendant Scott Bursor** via text message on September 20, 2020 at 9:53 PM EDT, very shortly after the events alleged. *See* Decl. of Christine A. Amalfe in Supp. of Defs.' Mot. to Dismiss and Strike ("Amalfe Decl.") ¶¶ 3-9 and Exs. 15-16.

GIBBONS P.C.

Honorable Jessica G.L. Clarke, U.S.D.J.
May 13, 2024
Page 2

papers do not constitute a "judicial document" requiring public access, and the demonstrably improper motivations of the Plaintiff require the Court to ensure that filings in this action not be used as a weapon to publicize scandalous, incendiary, irrelevant, and false allegations. As Defendants' Motion necessarily must address the Complaint's allegations, the current sealing Orders would effectively be nullified if Defendants and Plaintiff were not directed to file their papers in support and opposition to Defendants' Motion under seal at least until the Court determines Defendants' Motion to Dismiss and Strike the Complaint and their Objections to the R&R.

In considering whether to exercise its supervisory power to seal documents, the Court must balance the following three factors: (1) "whether the documents are judicial documents that are 'relevant to the performance of the judicial function and useful in the judicial process;'" (2) "the weight of the common law presumption of access to the judicial documents at issue, as well as the public's First Amendment right to access the documents;" and (3) "whether there are any countervailing concerns that would weigh against full public access to the documents." *Saadeh v. Kagan*, 2021 U.S. Dist. LEXIS 48156, at *3-4 (S.D.N.Y. Mar. 15, 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115, 119-20 (2d Cir. 2006)).

As described in Defendants' Objections and further demonstrated in Defendants' Motion papers, so much of the Complaint contains scandalous, irrelevant and otherwise improper allegations that the Complaint as a whole must be dismissed and stricken pursuant to Rules 8(a) and 12(f) or, at a minimum, the vast majority of the Complaint's allegations must be stricken pursuant to Rule 12(f). *See, e.g., Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). As such, the Complaint (or at a minimum, all excised paragraphs of it) does not constitute a "judicial document," and does not merit public access due to its unnecessarily salacious approach, the impropriety and irrelevance of many of its allegations, and the improper purpose for which it was filed. *See Brown v. Maxwell*, 929 F.3d 41, 51-52 (2d Cir. 2019) ("[U]nder Federal Rule of Civil Procedure 12(f), the district court may strike such material from the filings on the grounds that it is 'redundant, immaterial, impertinent, or scandalous.' Because such rejected or stricken material is not 'relevant to the performance of the judicial function' it would not be considered a 'judicial document' and would enjoy no presumption of public access."). Likewise, filings that must cite the Complaint's allegations to ensure that they are stricken do not merit public access either. *See id.*; *see also United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Generally, the information [in court filings] will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance."). Defendants' papers in support of their Motion to Dismiss and Strike the Complaint necessarily discuss the scandalous allegations put forward by Plaintiff in order to demonstrate their impropriety, and, thus, Defendants' Motion papers, and Plaintiff's responses thereto, should be sealed from public access as well—at least until the Court decides Defendants' Motion to Dismiss and Strike the Complaint.

Moreover, there are additional "countervailing concerns" here which require limiting access to briefing on these issues, as "[c]ourts should consider personal motives . . . at the third[]

GIBBONS P.C.

Honorable Jessica G.L. Clarke, U.S.D.J.
May 13, 2024
Page 3

balancing step of the inquiry, in connection with any asserted privacy interests, based on an anticipated injury as a result of discovery." *Stafford v. IBM*, 78 F.4th 62, 71 (2d Cir. 2023) (quoting *Mirlis v. Greer*, 952 F.3d 51, 62 (2d Cir. 2020)). Indeed, "[c]ourts have long declined to allow public access [to court filings] simply to cater 'to a morbid craving for that which is sensational or impure'" and, thus "courts have the power to insure that their records are not 'used to gratify private spite or promote public scandal[.]'" *Amodeo*, 71 F.3d at 1049-1050 (quoting *In re Caswell*, 18 R.I. 835, 836, 29 A. 259, 259 (1893); *Nixon v. Warner Commn'cs*, 435 U.S. 589, 598 (1978)). Here, Defendants' Objections to the R&R and Motion to Dismiss and Strike the Complaint demonstrate not only that the Complaint is littered with scandalous, impertinent, false and otherwise improper allegations, but also that Plaintiff has filed her Complaint with the express and undeniable purpose "to gratify [her] private spite" against Mr. Bursor and "promote public scandal"—and to cause the Court's "files to serve as reservoirs of libelous statements for press consumption." *Nixon*, 435 U.S. at 598 (internal quotation marks and citations omitted). The Court should not allow the Complaint—or any other filings in this case—to be used for such purposes. The Court's mandate to protect its dockets from being used improperly therefore further supports sealing, absent which the irreparable harm from the publication of the salacious material cannot be undone.

Accordingly, Defendants respectfully request that they be permitted to file under seal all papers in support of their Motion to Dismiss and Strike, other than their Notice of Motion and proposed Order, and that any response by Plaintiff to Defendants' Motion be required to be filed under seal. Sealing should remain in effect at least until a decision on Defendants' Motion to Dismiss or Strike. Finally, if the Court shall at any time rule that briefing on Defendants' Motion or any other documents citing the Complaint be unsealed, Defendants respectfully request that the Court (1) grant permission to submit partial redactions for these documents and (2) stay any order allowing publication long enough to permit Defendants the opportunity to appeal such ruling, which would otherwise be irreversible.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Christine A. Amalfe*

Christine A. Amalfe

cc:   All counsel of record (via ECF)