

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10019
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

May 13, 2024

**VIA E-MAIL**

Honorable Jessica G.L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007



Re:   *Parker v. Bursor*, 24-cv-245 (JGLC)(RFT)

Dear Judge Clarke:

  This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher P.A. (collectively, "Defendants") in the above-referenced matter. In connection with Defendants' Motion to Dismiss and Strike the Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(2), 12(b)(6) and 12(f) (Defendants' "Motion to Dismiss and Strike the Complaint" or "Motion"), to be filed this date, and pursuant to Rule 5(f) of Your Honor's Individual Rules and Practices, Defendants submit this letter-motion seeking permission to file ***under seal*** via alternative means—either via email to Your Honor's chambers' email address or via the Court's secure file transfer portal (or by such other secure method as the Court directs)—an 11 minute and 49 second native .m4a audio file (approximate size 6 MB) containing a recording that Plaintiff made of the events that she alleges in paragraphs 79-86 of the Complaint to have occurred on September 20, 2020 (the "Recording"), which Recording ***Plaintiff sent to Defendant Scott Bursor*** via text message on September 20, 2020 at 9:53 PM EDT, very shortly after the events alleged. The manner in which the Recording was forensically retrieved will be set forth in Defendants' Motion papers, which will be filed on ECF under seal (pursuant to a letter-motion to seal) later today. The undersigned has attempted to meet and confer with Plaintiff's counsel regarding Defendants' request to file their submissions in support of their Motion to Dismiss and Strike the Complaint under seal. Plaintiff's counsel opposes Defendants' request.

  As set out in Defendants' Memorandum of Law in Support of their Motion to Dismiss and Strike the Complaint ("Defs.' Mem.") (which Defendants will seek permission to file under seal via a letter-motion filed on ECF later today), the Recording is properly considered on Defendants' Motion to Dismiss and Strike the Complaint because the Complaint incorporates the Recording by reference both through (a) Plaintiff's inclusion of selectively-quoted portions of the Recording covering the events alleged in paragraphs 79-86 of the Complaint and (b) her express reference to the Recording itself on multiple occasions as critical support for her allegations (*see* Compl. ¶¶ 80, 88, 94, 97, 98). *See Westwood v. Cohen*, 838 F. Supp. 126, 130 (S.D.N.Y. 1993) ("Plaintiff's complaint did not ***include*** this sentence, but it and other portions of the *Wall Street Journal* article, as well as parts of other documents introduced in the complaint, may be relied upon in considering the motion to dismiss….") (emphasis in original); *see also Int'l Cargo Loss Prevention Inc. v. Mediterranean Shipping Co. United States Inc.*, No. 23-CV-1312 (JGLC), 2024 U.S. Dist. LEXIS 3233, at *4 (S.D.N.Y. Jan. 3, 2024) ("documents incorporated by reference in the complaint" may be considered on a motion to dismiss); *Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d

GIBBONS P.C.

Honorable Jessica G.L. Clarke, U.S.D.J.
May 13, 2024
Page 2

Cir. 2000) (same). The subject audio Recording, which is incorporated by reference into the Complaint, addresses one of the core – and most scandalous and defamatory – allegations of the Complaint,[1] and, as Defendants will submit in the accompanying Memorandum of Law in support of their Motion, not only contradicts that core allegation and demonstrates its implausibility, but establishes its ***sheer impossibility*** and ***outright falsity***.

"Courts in this district have … recognized a district court's authority to strike allegations as false … 'when it appears beyond peradventure that [the complaint's] … allegations are devoid of factual basis.'" *Rampersad v. Deutsche Bank Secs., Inc.*, 2004 WL 616132, at *3 (S.D.N.Y. Mar. 30, 2004) (internal citations omitted). "Because such rejected or stricken material is not 'relevant to the performance of the judicial function' it would not be considered a 'judicial document' and would enjoy no presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 51-52 (2d Cir. 2019).

As set forth in greater detail in Defendants' letter motion requesting permission to file Defendants' Motion papers under seal (which letter motion will be filed publicly on ECF later today), Defendants respectfully submit that, for the same reasons that led the Court to direct that Defendants' Objections to Magistrate Judge Tarnofsky's Corrected Report and Recommendation and Opinion and Order (the "R&R") (ECF No. 25), and Plaintiff's response, be filed under seal temporarily pending the Court's decision on Defendants' Objections to the R&R (*see* ECF No. 64), the Court also should permit Defendants to file their submissions in support of their Motion to Dismiss and Strike the Complaint under seal, including, in particular, the referenced audio Recording, which concerns one of the most scandalous (and false) allegations in the Complaint.

In considering whether to exercise its supervisory power to seal documents, the Court must balance the following three factors: (1) "whether the documents are judicial documents that are 'relevant to the performance of the judicial function and useful in the judicial process;'" (2) "the weight of the common law presumption of access to the judicial documents at issue, as well as the public's First Amendment right to access the documents;" and (3) "whether there are any countervailing concerns that would weigh against full public access to the documents." *Saadeh v. Kagan*, 2021 U.S. Dist. LEXIS 48156, at *3-4 (S.D.N.Y. Mar. 15, 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115, 119-20 (2d Cir. 2006)).

As demonstrated in Defendants' Motion papers, the core allegation set forth in paragraphs 79-86 is unequivocally proven false by Plaintiff's Recording of that event. Because that allegation is false, the allegation itself, and the Recording that demonstrates its falsity, are not "judicial documents" entitled to a presumption of public access. *See Maxwell*, 929 F.3d at 51-52; *see also United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Generally, the information [in court filings] will fall somewhere on a continuum from matters that directly affect an adjudication to matter that come within a court's purview solely to insure their irrelevance."). Moreover, if the

---

[1] The core allegation, together with surrounding alleged details leading up to and immediately subsequent to the alleged occurrence, are set forth in paragraphs 65-93 of the Complaint.

GIBBONS P.C.

Honorable Jessica G.L. Clarke, U.S.D.J.
May 13, 2024
Page 3

Court were to require this material to be publicly filed prior to deciding whether it should be stricken from the Complaint and sealed or redacted from any public filing, Defendants would suffer irreparable harm that could not be undone—as Plaintiff has made clear her intentions to publicize her scandalous allegations. *See Stafford v. IBM*, 78 F.4th 62, 71 (2d Cir. 2023) ("[c]ourts should consider personal motives . . . at the third[] balancing step of the inquiry [in determining whether a judicial document should be made publicly accessible], in connection with any asserted privacy interests, based on an anticipated injury as a result of discovery.") (quoting *Mirlis v. Greer*, 952 F.3d 51, 62 (2d Cir. 2020)).

Accordingly, Defendants respectfully request that they be permitted to file under seal, via alternative means, *i.e.*, via email to Your Honor's chambers or via the Court's secure file transfer portal or such other secure method directed by the Court, the 11 minute and 49 second native .m4a audio file (approximate size 6 MB) containing the Recording that Plaintiff made of the events that she alleges in paragraphs 79-86 of the Complaint to have occurred on September 20, 2020.

Pursuant to Rule 5.f. of the Court's Individual Rules and Practices in Civil Cases, given the general terms used in this letter-motion to describe the allegations in paragraphs 79-86 of the Complaint and the Recording, Defendants are not requesting that this letter-motion be sealed. However, if, in responding to this letter-motion or otherwise, Plaintiff seeks to reference any of the allegations in any more specific terms than Defendants have done herein, Defendants respectfully request that Plaintiff be required to file such response or other submission under seal.

We thank the Court for its consideration of this request.

Respectfully submitted,

*Christine A. Amalfe*

Christine A. Amalfe

cc:   All counsel of record (via e-mail)

Plaintiff shall file any response to the endorsed letter no later than **May 16, 2024**. Plaintiff shall file any response by letter on ECF. To the extent Plaintiff's forthcoming letter references the contents of the instant recording, or details of the Complaint (ECF No. 53-1) which remain temporarily under seal pending the Court's review of the R&R, then Plaintiff must redact such references or file its letter under seal on ECF pursuant to the Court's Individual Rules.

Dated: May 14, 2024
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge