

**Michael J. Willemin**
mwillemin@wigdorlaw.com

May 16, 2024

**VIA ECF**

The Honorable Jessica G. L. Clarke
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: Parker v. Bursor et al., Civil Case No.: 1:24-cv-00245-JGLC-RFT

Dear Judge Clarke,

We represent Plaintiff and write in response to Defendants' May 13, 2024 request to file evidence, that it has voluntarily decided to annex to its motion to dismiss, under seal. Defendants' request should be denied for the following reasons.

First, the fact that any aspect of this matter remains under seal is an affront to the bedrock principle of legal proceedings in this country; namely, that they are entitled to a presumption of public access. As explained in Plaintiff's opposition to Defendants' objection to Magistrate Judge Robyn F. Tarnofsky's Report and Recommendation, there is zero basis for any aspect of this proceeding to remain under seal. See Dkt. No. 68, generally.

Second, under normal circumstances, the Complaint in this action would have been filed publicly in the first place, like every other complaint that is filed in this district. The only reason that the Complaint in this action was filed under seal is because Defendants took improper advantage of the unique procedural posture of this case; namely, that it was commenced in state court *via* the filing of a summons with notice, rather than a complaint. The Summons with Notice, which is basically the only meaningful document that is not under seal, asserted claims for, *inter alia*, assault, battery, sexual assault, sexual battery, violations of the gender motivated violence act and the "emotional, physical and sexual abuse [Plaintiff] suffered at the hands of [Mr. Bursor]." See Dkt. No. 1-1 at p. 4.[1] After serving a request for the complaint, Mr. Bursor removed this action and filed a meritless motion for a preliminary injunction and restraining order "seeking an order requiring Plaintiff to file her complaint under seal for an amount of time sufficient to allow Defendants to move to strike portions of the complaint." See Text at Dkt. No. 18. The only reason that this motion was made – a reason that is legally baseless – is because Mr. Bursor does

---

[1] To be clear, these claims are not taken from the Complaint, but from the Summons with Notice that was filed *by Defendants* on this Court's public docket, and which remains on the public docket.



not want the public to access the details underlying the claims alleged in the Summons with Notice. Judge Tarnofsky saw through that and rejected the sealing request.

Third, it is particularly absurd for Defendants to seek to file under seal a recording that *they* are asking the Court to review in connection with the performance of its judicial duties. On the one hand, Defendants are claiming that the Court should make decisions based on the recording, but on the other, they are asking that it remain under seal. This request completely contradicts black letter law because by asking the Court to review the recording, Defendants are conceding that it is a judicial document entitled to the presumption of public access. Indeed, a "judicial document" or "judicial record" is a filed item that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Such documents are presumptively public so that the federal courts "have a measure of accountability" and so that the public may "have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*").

Fourth, Defendants' request is filled with completely unnecessary arguments about the content of the recording – which, for the record, only constitutes a third of the full recording of the events of September 20, 2020. Defendants claim – frivolously – that the recording establishes the "sheer impossibility and outright falsity" of Plaintiff allegations. That claim is now on the public docket. It would be entirely prejudicial to permit Defendants to publicly make that claim, but deny the public access to the recording that purportedly supports that claim. Defendants cannot have it both ways and use this Court as both a sword and a shield.

In short, what Defendants have managed to do in this case thus far is unprecedented. There was no basis to seek sealing in the first place, nor is there any merit whatsoever to Defendants' objection to the R&R or its recent motion to dismiss. Yet, the Complaint, which was filed on March 25, 2024, remains under seal in contravention of the most basic principles of jurisprudence. It is simply not proper for a court to do a defendant's bidding by concealing from the public the allegations in a lawsuit concerning "emotional, physical and sexual abuse" for no reason other than that the defendant does not want the public to have access to the allegations.

We thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Michael J. Willemin

Cc: All counsel of record *via* ECF