UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

ANGELICA PARKER,

                Plaintiff(s),

-against-

SCOTT BURSOR and
BURSOR & FISHER, P.A.,

                Defendant(s).

------------------------------------------------

24 Civ. 245 (JGLC) (RFT)

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) CONFERENCE**

## Court Expectations

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

**Status Update Letters.** After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled/is complete.

Counsel represent by their signature below that they have read and will comply with the above.

## Proposed Discovery Plan

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on May 20, 2024** and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

   Plaintiff:

   Plaintiff brings claims for physical and sexual assault and battery, as well as related tort and statutory claims. Specifically, Plaintiff asserts causes of action pursuant to the New York City Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin. Code § 10-1102, *et seq.*, as well as for civil battery and intentional infliction of emotional distress. Plaintiff will vigorously oppose Defendants' motion to dismiss. Plaintiff also will continue to oppose Defendants' motion to strike, and request to stay discovery.

   Defendant:

   On May 13, 2024, Defendants filed a motion to dismiss and strike all claims in the Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(2), 12(b)(6) and 12(f). The details of those arguments, which include details on Defendants' defenses and relevant issues, are currently under seal. That motion sets forth Defendants' legal arguments for dismissal in detail.

2. **Basis of Subject Matter Jurisdiction**

The parties agree that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states. Plaintiff Angelica Parker is a citizen of the State of New York, Defendant Scott Bursor is a citizen of the State of Florida, and Defendant Bursor & Fisher, P.A., is a Florida professional corporation with its principal place of business in Florida.

3. **Subjects on Which Discovery May Be Needed**

The discovery to be sought in this case and identified below is non-exhaustive and all parties reserve their rights to seek additional discovery. The Parties drafted this Case Management Order consistent with Judge Clarke's prior directive ("To the extent Plaintiff's forthcoming letter references the contents of the instant recording, or details of the Complaint (ECF No. 53-1) which remain temporarily under seal pending the Court's review of the R&R, then Plaintiff must redact such references or file its letter under seal on ECF pursuant to the Court's Individual Rules").

Plaintiff(s):

Plaintiff will seek discovery concerning Mr. Bursor's relationship with Ms. Parker and the allegations in the Complaint. Plaintiff also intends to take discovery from third party witnesses and may engage experts concerning, *inter alia*, the issue of damages and data/document preservation in this matter.

Defendant(s):

Defendants will seek discovery concerning Plaintiff's relationship with Mr. Bursor and the allegations in the Complaint. Defendants also intend to take discovery from third party witnesses and may engage experts concerning, *inter alia*, the issue of damages and data/document preservation in this matter.

4. **Informal Disclosures**

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be ***disclosed by Plaintiff*** on June 3, 2024. In addition, on June 12, 2024, Plaintiff will produce an initial set of relevant documents identified in its Initial Disclosures, including text messages, video & audio recordings and images all in native format, and will continue to supplement its production.

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be ***disclosed by Defendant(s)*** on June 3, 2024. In addition, on June 12, 2024, Defendants will produce an initial set of relevant documents identified in its Initial Disclosures, including text messages, video & audio recordings and images all in native format, and will continue to supplement its production.

5. **Formal Discovery**

   Plaintiff seeks to complete discovery within 6 months of the date of this Order, on or before November 29, 2024. Plaintiff opposes Defendants' request to stay discovery, as set forth in Plaintiff's section of the joint letter to the Court.

   As set out in Defendants' portion of the accompanying joint letter to the Court, Defendants request that all discovery, with the exception of Rule 26(a)(1) Initial Disclosures, be stayed pending a decision on the pending Motion filed by Defendants pursuant to Rules 8(a),

12(b)(2), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure (*see* ECF Nos. 70-74) ("Motion to Dismiss and Strike the Complaint"). Defendants agree to complete discovery within 6 months following the entry of an Order on the pending Motion before Judge Clarke.

The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by **[See above]**.

If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

   a. Depositions: Plaintiff's position is that depositions shall be completed by October 29, 2024. It is Defendants' position that depositions shall be completed within 5 months of the date that the stay of discovery is lifted. The parties agree at this juncture, there shall be 10 depositions per party. Plaintiff takes the position that, absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions. Defendants take the position that non-party depositions should be permitted to be taken before party depositions.

   b. Interrogatories: Plaintiff's position is that initial interrogatories shall be served by June 28, 2024. Defendants' position is that initial interrogatories shall be served on or before 30 days after the stay of discovery is lifted. The parties agree that all subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

   c. Requests for Admission: Plaintiff's position is that Requests for admission shall be served by October 29, 2024. Defendants' position is that Requests for admission must be served within 5 months of the date that the stay of discovery is lifted.

   d. Requests for Production: Plaintiff's position is that Requests for Production shall be served by June 28, 2024. Defendants' position is that Requests for production will be exchanged within 30 days of the date that the stay of discovery is lifted. The parties agree that responses shall be due within 45 days of service. The parties agree that all subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

   e. Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Please see letter submitted to the court regarding Defendants' request to stay, and Plaintiff's opposition to the request to stay discovery.

7. **The parties shall file an update on the status of discovery on [the following dates]:**

The parties shall confer and provide a joint update to the Court within fourteen (14) days of Judge Clarke's decision on Defendants' pending Motion to Dismiss and Strike the Complaint.

Such update shall include:

It is Plaintiff's position that discovery shall be ongoing and thus the parties can update the Court on the status of ongoing discovery.

It is Defendants' position that the update shall include the outcome of Judge Clarke's decision on Defendants' Motion and, in the event the action is not dismissed with prejudice, the parties' respective proposals (or joint proposal if agreement can be reached) for next steps with respect to discovery.

8. **Amendments to Pleadings**

    a.  Are there any amendments to pleadings anticipated? Plaintiff will advise the court by May 24, 2024 if Plaintiff intends to amend the complaint.

    b.  Last date to amend the Complaint: June 17, 2024

9. **Joinder of Parties**

    a.  Are there other necessary parties that need to be joined? Y/**N**

    b.  Is joinder of other parties anticipated? Depending on the outcome of Defendants' Motion to Dismiss and Strike the Complaint, Defendants may assert counterclaims and third party claims.

c. Last date to join other parties: Deadline to be determined after Judge Clarke decides Defendants' Motion to Dismiss and Strike the Complaint.

10. **Expert Witness Disclosures**

At this time, the parties **do** anticipate utilizing experts. Expert discovery shall be completed by 90 days after the completion of fact discovery.

11. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? Yes.

    b. Is there an electronic discovery protocol in place? If not, when do the parties expect to have one in place? If a stay is not granted, the parties expect to submit an electronic discovery protocol by June 20, 2024. If a stay is granted, the parties will submit an electronic discovery protocol within 30 days of Judge Clarke's order, assuming the case proceeds.

    c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

    Counsel have represented to each other that Ms. Parker's and Mr. Bursor's respective cell phones have been forensically imaged as part of their electronic discovery preservation activities.

    d. The parties anticipate agreement to a confidentiality order based on Judge Tarnofsky's model order, which shall include provisions on the inadvertent production of documents, consistent with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502(d).

    e. e. The Parties consent to entry of a Confidentiality Stipulation And Proposed Protective Order in the form available on the Court's webpage.

12. **Anticipated Motions**

If Defendants' Motion to Dismiss and Strike the Complaint with prejudice is not granted in full, Defendants anticipate filing a motion for summary judgment.

13. **Certification of Completion of Discovery One week before the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.**

14. **Early Settlement or Resolution**

    The parties **have**/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than October 15, 2024.

    The following information is needed before settlement can be discussed: N/A.

15. **Trial**

    a.  The parties anticipate that this case will be ready for trial by the later of (a) 90 days after the close of all discovery (including expert discovery) or (b) 90 days after the Court's decision on any motion for summary judgment.

    b.  The parties anticipate that the trial of this case will require **10** trial days.

    c.  The parties request a **jury** trial.

    d.  The parties consent/**do not** consent to Magistrate Judge jurisdiction at this time.

16. **Other Matters. The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.**

_____

_____

_____

_____

_____

Respectfully submitted this 21st day of ___May_____, 2024___


*/s/ Michael J. Willemin*              */s/ Christine A. Amalfe*
Counsel for Plaintiff(s)                Counsel for Defendant(s)