

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

May 21, 2024

**VIA ECF**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

      Re:    *Parker v. Bursor*, 24-cv-245 (JGLC) (RFT)
             <u>Joint Letter Regarding Rule 26(f) Conference</u>

Dear Magistrate Judge Tarnofsky:

      This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. Counsel for the parties to this action held a Rule 26(f) conference on May 20, 2024. While they agreed on certain items in Your Honor's Discussion Topics for Rule 26(f) Conference, they disagreed on Topic for Discussion 1(b)—the "[p]ossibility of a stay or limitation of discovery pending a dispositive motion." Accordingly, in accordance with the Court's April 18, 2024 Order (ECF Doc. No. 56), the parties submit this joint letter setting forth their respective positions on whether discovery should be stayed pending Judge Clarke's decision on Defendants' Motion to Dismiss and Strike the Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(2), 12(b)(6) and 12(f) (Defendants' "Motion") (ECF Nos. 70-73-1 (filed under seal)).

**<u>Defendants' Request to Stay Discovery</u>**

      Defendants submit that discovery should be stayed pending Judge Clarke's decision on Defendants' Motion to Dismiss and Strike the Complaint.[1] Defendants have moved to dismiss and strike the Complaint or, at a minimum, to strike significant portions of it, on the grounds that several of the Complaint's core allegations are fully contradicted by evidence incorporated into the Complaint by reference, the Complaint contains a significant number of wholly irrelevant allegations that should not be the subject of discovery, the Complaint fails to state proper claims for relief, certain claims are barred by the applicable statute of limitations, and the Court lacks jurisdiction over Defendants for several of the acts that allegedly give rise to a cause of action. While Defendants believe that Rule 26 disclosures should be made at this time, compelling the parties – as Plaintiff proposes – to proceed with full discovery on the 286-paragraph Complaint and Defendants' defenses before it is determined which, if any, of Plaintiffs' claims will survive, and whether any surviving claims will be modified, in a case involving extensive amounts of electronic data on both sides, is a potential waste of the parties' resources.

---

[1] If the Court so directs, Defendants will submit a formal motion or letter-motion in support of their request for a stay of discovery.

A court may grant a motion to stay discovery pending a motion to dismiss "[u]pon a showing of 'good cause[.]'" *Pappas v. City of New York*, 2024 U.S. Dist. LEXIS 14171, at *2 (S.D.N.Y. Jan. 26, 2024) (citing Fed. R. Civ. P. 16(b)(4)). In determining whether good cause exists, "[c]ourts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Id.* (quoting *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). Each of these factors points in favor of a stay pending Judge Clarke's decision on Defendants' Motion.

First, the breadth of discovery that the parties will seek to exchange under Plaintiff's current 72-page Complaint would be, without question, voluminous and burdensome, given the Complaint's allegations and Defendants' defenses. It is estimated, for example, that there have been more than 100,000 text messages exchanged between the parties during the period encompassed by the Complaint, and clearly many more in the years pre-dating the allegations that are potentially relevant to this matter. The sheer breadth of anticipated discovery for both sides militates in favor of a stay. *See Del Mar TIC I LLC v. Bancorp Bank*, 2024 U.S. Dist. LEXIS 61548, at *3 (S.D.N.Y. Mar. 29, 2024) (granting a stay of discovery where "discovery would be voluminous and burdensome"); *Press v. Primavera*, 2022 U.S. Dist. LEXIS 226954, at *5 (S.D.N.Y. Dec. 16, 2022) (finding a stay of discovery pending the court's decision on motion to dismiss warranted where the "[d]efendant ha[d] indicated" that there would be "broad discovery"); *O'Sullivan v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 70418, at *4 (S.D.N.Y. Apr. 26, 2018) (stay granted where discovery spanned "many years"); *Boelter v. Hearst Communs., Inc.*, 2016 U.S. Dist. LEXIS 12322, at *4 (S.D.N.Y. Jan. 28, 2016) (stay granted as to broad request over a variety of time periods); *Integrated Sys. & Power, Inc. v. Honeywell Int'l Inc.*, 2009 U.S. Dist. LEXIS 78476, at *1 (S.D.N.Y. Sept. 1, 2009).

Second, proceeding with discovery would prejudice Defendants by potentially requiring them to expend unnecessary time and resources, including what will surely be a very significant financial outlay, defending against claims and allegations which may ultimately be dismissed or greatly limited, whereas a stay of discovery, in contrast, would not prejudice Plaintiff. *See Gross v. Madison Square Garden Ent. Corp.*, 2023 U.S. Dist. LEXIS 185775, at *6 (S.D.N.Y. Oct. 17, 2023) (granting the defendant's motion to stay discovery, noting that although "a stay of discovery will delay this lawsuit in certain respects[,]" the "case is not even a year old, and '[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue'") (citation omitted); *Spinelli v. Nat'l Football League*, 2015 U.S. Dist. LEXIS 155816, at *2 (S.D.N.Y. Nov. 17, 2017).

Finally, Defendants have strong and well-founded grounds for their motion to dismiss and strike the Complaint. *See* Defs.' Motion filed under seal. *See also Gross*, 2023 U.S. Dist. LEXIS 185775, at *4-5; *Boetler v. Hearst Commc'ns, Inc.*, 2016 U.S. Dist. LEXIS 12322, at *5 (S.D.N.Y. Jan. 28, 2016); *Hong Leong Fin. Ltd. Sing v. Pinnacle Performance Ltd.*, 297 F.R.D. 68, 75 (S.D.N.Y. 2013).

In sum, good cause exists for this Court to stay discovery, with the exception of initial disclosures, pending a decision on Defendants' Motion to Dismiss and Strike the Complaint.

**Plaintiff's Position Regarding Defendants' Request to Stay Discovery**

The exceptional relief of a stay of discovery is not warranted. Defendants lack meritorious grounds upon which to request a stay, much less be granted exceptional relief. Under Fed R. Civ. P. 26 (c) ("Rule 26"), a party may seek a protective order that a court can grant only "for good cause" to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Absolutely no reasonable basis exists for a stay of discovery. The fact that a motion to dismiss and to strike has been filed is not "good cause" and if it were the rule and not the exception, then defendants uniformly would resort to filing frivolous motions purely to delay the inevitable process of producing all relevant information to any party's claim or defense. Further, a request to stay also cannot be used as a vehicle to influence a first-filed motion to dismiss, as in this action. See *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20 Civ. 11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. 2021) ("motion for a stay is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending.")

Defendants bear "the burden of showing good cause." *Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, 19 Civ. 6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. 2020). In determining whether a stay is appropriate because good cause exists, courts consider (1) the breadth of discovery sought and the burden of responding to it; (2) the prejudice to the party opposing the stay; and (3) the strength of the underlying motion to dismiss. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Defendants cannot meet their burden of showing that these three factors weigh in favor of a stay.

As for the latter element, Defendants must present "substantial arguments for dismissal." *Cambridge Cap. LLC*, 2021 WL 2413320, at *1 (courts in this District examine "whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge."). Because of the procedural history of this action and Defendants' motion to seal, the parties already have presented to the Court extensive facts about Plaintiff's underlying claims. Specifically, the Court understands the essence of this dispute and knows the core allegations by Ms. Parker. While Plaintiff is constrained to describe the allegations in the Complaint in this letter because it is under seal, the Court can review it and easily determine that it is not "facially without merit." In fact, the allegations are of the sort that could not be subject to pre-trial dismissal, much less pre-discovery dismissal.

As such, Defendants have no rational basis under Rule 12(b)(6) to argue dismissal as a matter of law. This is a textbook action of what happened between two individuals and where, only after discovery, will finders of fact weigh the admissible evidence and make a liability determination. At this juncture, all inferences must be drawn in favor of the Complaint's pleaded

facts, and doing so creates no question that Ms. Parker is entitled to proceed to discovery. Thus, a stay cannot be granted. *See, e.g., Golightly v. Uber Techs., Inc.*, No. 21 Civ. 3005 (LJL), 2021 WL 3539146, at *5 (S.D.N.Y. 2021) (denying a discovery stay where the merits of movant's position where not "self-evidently" obvious); *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 678 (S.D.N.Y. 2018) ("[T]he Court cannot say that [certain claims] on their face are utterly devoid of merit.").

In addition, no basis exists for Defendants to show that a stay will meaningfully reduce discovery burdens. Even if some of the claims are dismissed for want of jurisdiction, which, to be clear, should not happen, the remaining claims will still require full discovery of the entirety of the allegations in the Complaint and interactions between the parties because the entirety of their relationship is relevant to determining whether any specific event alleged occurred.

Finally, a stay would prejudice Plaintiff. Ms. Parker initially commenced her action in November 2023 and Defendants have delayed the action from moving forward because of the motion to seal. Her Complaint is not on the docket despite being filed months ago. But even if Defendants successfully show no prejudice to Ms. Parker, such a basis does not warrant a stay under Rule 26(c). *See e.g., Giuffre*, 2016 WL 254932, at *2 ("Good cause not otherwise having been shown, lack of prejudice does not justify a stay."); *Bennett v. Cuomo*, 22 Civ. 7846 (VSB), 2023 WL 2021560 *6 (S.D.N.Y. 2023) ("a lack of prejudice alone, however, is not reason enough to stay discovery."). Accordingly, Plaintiff respectfully requests that the Court enter the discovery order proposed by Plaintiffs as reflected in the attached.

\* \* \*

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Christine A. Amalfe*

Christine A. Amalfe

cc: All counsel of record (via ECF)