UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELICA PARKER, <br><br>        Plaintiff, <br><br> -against- <br><br>SCOTT BURSOR, ET AL., <br><br>        Defendants. | 24-CV-00245 (JGLC)(RFT) <br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  Defendants seek a stay of discovery pending a decision on their Motion To Dismiss and Strike the Complaint. (*See* ECF 79-1, Joint Letter Regarding Rule 26(f) Conference.) A court has discretion to grant a stay of discovery on a showing of good cause, and the party seeking the stay bears the burden of demonstrating that the stay is warranted. *See Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. 2020). In evaluating an application for a stay of discovery, courts consider: (1) the breadth of discovery sought and the burden of responding to it; (2) the prejudice to the party opposing the stay; and (3) the strength of the underlying motion to dismiss. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Defendants are correct that the discovery the parties will likely seek will be voluminous, given the breadth of the claims in the complaint. Defendants argue that requiring them to proceed with that discovery now would be unduly burdensome, because the claims in the case may be dismissed or greatly limited. (*See* ECF 79-1, Joint Letter Regarding Rule 26(f) Conference at 2.) Defendants also contend that a stay would not prejudice Plaintiff, because a "stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." (*Id.* (internal quotation marks and citation omitted).) Defendants' positions on the burden to them of being required to proceed with discovery at this time and on the lack of prejudice to Plaintiff

both rely on their argument that they have "strong and well founded grounds" for their pending motions to dismiss and strike the complaint. (*Id.*) I have reviewed Defendants' motion papers, and my view is that it is unlikely that their motion will lead to the dismissal of the entirety of the complaint; some claims will likely survive the motion. As Plaintiff points out, even if some of her claims are dismissed, "the remaining claims will still require full discovery . . . ." (*Id.*) Accordingly, Defendants' application for a stay of discovery is DENIED.

The parties shall complete discovery within the deadlines set forth in the parties proposed case management plan and report of Rule 26(f) conference (ECF 79); in instances where the parties disagreed as to the appropriate deadlines, because of Defendants' application for a stay, Plaintiff's proposal is adopted. <u>The parties shall file a joint update on the status of discovery on **August 30, 2024**. All discovery is to be completed by **November 29, 2024**</u>. An initial case management conference is not necessary at this time, and so the conference scheduled for May 28, 2024 is CANCELLED. I will issue a separate order setting a settlement conference for a date in September 2024. SO ORDERED.

DATED: May 22, 2024
         New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge