UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELICA PARKER,

              Plaintiff,

    v.

SCOTT BURSOR AND BURSOR & FISHER, P.A.,

              Defendants.

Civil Action No. 1:24-cv-00245 (JGLC) (RFT)

---

**NON-PARTY MOVANT IVAN WILZIG'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER**

GREENBERG TRAURIG, LLP
Paul H. Schafhauser, Esq.
Clarissa Gomez, Esq.
One Vanderbilt Avenue
New York, New York 10017
Tel.: (212) 801-9200

*Attorneys for Non-Party Movant Ivan Wilzig*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND ......................................................................................................2

LEGAL ARGUMENT ..................................................................................................................4

I. Standard on a Motion to Quash and for a Protective Order...............................................4

    A. Mr. Wilzig Is Entitled To A Protective Order Because Defendants Can Obtain the Requested Information From Less Burdensome Means ...................................5

    B. The Subpoena Should Be Quashed Because It Is Overbroad, The Requests Are Unrelated to the Claims And Defenses At Issue In This Litigation, And It Represents an Impermissible Fishing Expedition.....................................................6

    C. The Subpoena Should Be Quashed Because It Is Unduly Burdensome and Not Proportional To The Needs Of The Case................................................................9

    D. The Court Should Award Legal Fees and Costs In Favor of Mr. Wilzig ..............10

CONCLUSION............................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                               **Page(s)**

*Bhatt v. Patel*,
    2020 U.S. Dist. LEXIS 262800 (E.D.N.Y. Oct. 19, 2020) .................................................10

*Cohen v. City of New York*,
    2010 U.S. Dist. LEXIS 44762 (S.D.N.Y. May 6, 2010) ......................................................6

*Concord Boat Corp. v. Brunswick Corp.*,
    169 F.R.D. 44 (S.D.N.Y. 1996) ..........................................................................................9

*Copantitla v. Fiskardo Estiatorio, Inc.*,
    2010 U.S. Dist. LEXIS 33430 (S.D.N.Y. Apr. 5, 2010) ......................................................9

*Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*,
    284 F.R.D. 132 (S.D.N.Y. 2012) ....................................................................................4, 5

*Kenn Zou v. Xiao Han*,
    2024 U.S. Dist. LEXIS 89497 (E.D.N.Y. May 16, 2024) ...................................................6

*Knight v. Local 25 IBEW*,
    2016 U.S. Dist. LEXIS 45920 (E.D.N.Y. March 31, 2016) ................................................4

*Lelchook v. Lebanese Canadian Bank, SAL*,
    670 F. Supp. 3d 51 (S.D.N.Y. 2023) ...............................................................................4, 8

*N'Diaye v. Metro Life Ins. Co.*,
    2018 U.S. Dist. LEXIS 78417 (S.D.N.Y. May 8, 2018) ......................................................5

*Roth v. County of Nassau*,
    2017 U.S. Dist. LEXIS 2211 (E.D.N.Y. Jan. 6, 2017) ........................................................5

*St. Jean v. Emigrant Mortg. Co.*,
    2015 U.S. Dist. LEXIS 197754 (E.D.N.Y. Oct. 7, 2015) ..................................................11

*Warnke v. CVS Corp.*,
    265 F.R.D. 64 (E.D.N.Y. 2010) .................................................................................4, 5, 6

**Rules**

Fed. R. Civ. P. 26(b) ..................................................................................................................4

Fed. R. Civ. P. 26(b)(2)(C)(i) .....................................................................................................5

Fed. R. Civ. P. 26(b)(2)(C) (ii) ...................................................................................................5

Fed. R. Civ. P. 45(d)(1) .................................................................................................................4, 10

Fed. R. Civ. P. 45(d)(3) ........................................................................................................................4

Fed. R. Civ. P. 45(d)(3)(A)(iv) ............................................................................................................4

**PRELIMINARY STATEMENT**

Non-Party Movant Ivan Wilzig ("Mr. Wilzig") respectfully submits this memorandum of law pursuant to Fed. R. Civ. P. 26 and 45 in support of the instant motion to quash the Subpoena dated June 24, 2024 (the "Subpoena") served by defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") and for entry of a Protective Order.

As set forth more fully below, the Subpoena is nothing more than a flagrant fishing expedition and seeks information that is wholly irrelevant to any of the apparent issues (albeit with the pleadings under seal) in the action between Plaintiff and Defendants. Mr. Wilzig is not a party to this action – yet Defendants have included 46 separate requests for documents and information dating as far back as May 1, 2007. The Subpoena is plainly overbroad, unduly burdensome, and issued for the purpose of harassing Mr. Wilzig.

Mr. Wilzig lacks knowledge about the allegations underlying Plaintiff's claims against Defendants or Defendants' asserted defenses to those claims – given that those pleadings have been filed under seal and are thus unavailable to Mr. Wilzig or his counsel. It would appear, however, that many if not most of the documents requested pursuant to the Subpoena could and should be obtained from Plaintiff without burdening third parties such as Mr. Wilzig with a host of requests dating back seventeen years.

For these reasons, as more fully set forth below, Mr. Wilzig respectfully submits that the Court should quash the Subpoena in its entirety and preclude Defendants from otherwise seeking such documents and information from Mr. Wilzig.

**FACTUAL BACKGROUND**

Based upon counsel's review of the docket, Plaintiff commenced this action against Defendants by filing a Summons with Notice on November 22, 2023 in the Supreme Court of New York, County of New York, alleging, among other things, assault/sexual assault, battery/sexual battery, intentional and negligent infliction of emotional distress, abuse of process, and violations of Adult Survivors Act and Victims of Gender Motivated Violence Act, based on the abuse allegedly inflicted upon Plaintiff by Defendants beginning in or about July 2020. [ECF No. 1-1]. On January 1, 2024, Defendants removed the action to federal court [ECF No. 1]. Mr. Wilzig is not mentioned anywhere in the Summons with Notice.

On March 22, 2024, Plaintiff filed the Complaint under seal [ECF No. 53]. Neither Mr. Wilzig nor his counsel has received a copy of the Complaint and cannot access same on the public docket, as it has been filed under seal with restricted access (*id.*). On May 13, 2024, Defendants filed a motion to dismiss in lieu of an answer [ECF No. 70]. As with the Complaint, Defendants' motion to dismiss has been filed under seal, and Mr. Wilzig nor his counsel has received a copy of Defendants' motion and cannot otherwise access same on the public docket.

Mr. Wilzig, however, was served with the Subpoena. The Subpoena contains requests for 46 separate categories of documents and information dating as far back as May 1, 2007 through the present (although Plaintiff's allegations appear to concern events that occurred in or around July 2020), and to be produced by July 15, 2024. *See* Declaration of Paul Schafhauser ("Schafhauser Decl."), ¶ 2 and Ex. A.

On July 12, 2024, Mr. Wilzig's counsel and Defendants' counsel conferred and agreed to adjourn the return date of the Subpoena to July 18, 2024, to allow counsel an opportunity to meet

2

and confer regarding the Subpoena. Schafhauser Decl., ¶ 3 and Ex. B. On July 15, 2024, Mr. Wilzig's counsel and Defendants' counsel conferred. *See* Schafhauser Decl., ¶ 4.

During the conference, Mr. Wilzig's counsel expressed many objections and concerns with respect to the Subpoena. For instance, Mr. Wilzig's counsel noted that the requests set forth in the Subpoena are grossly overbroad and seek materials that would appear to be irrelevant as to what would appear to be the dispute between Plaintiff and Defendants in this case. Counsel further noted that Mr. Wilzig lacks knowledge about the allegations underlying Plaintiff's claims against Defendants or Defendants' asserted defenses to those claims – given that those pleadings have been filed under seal and are thus unavailable to Mr. Wilzig or his counsel. Mr. Wilzig's counsel further noted that many if not most of the documents requested pursuant to the Subpoena could and should be obtained from Plaintiff without burdening third parties such as Mr. Wilzig with a host of requests dating back seventeen years. *See* Schafhauser Decl., ¶ 5.

In response, Defendants' counsel represented that in her initial disclosures, Plaintiff identified Mr. Wilzig as a witness with knowledge of Plaintiff's damages. Defendants' counsel further noted that Defendants would not withdraw the Subpoena and/or the requests for information contained therein. *See* Schafhauser Decl., ¶ 6.

To date, neither Mr. Wilzig nor undersigned counsel have received a copy of any of the sealed pleadings in this action, Plaintiff's initial disclosures, or any other documents that reference or mention Mr. Wilzig. *See* Schafhauser Decl., ¶ 7.

In light of the above, and while Mr. Wilzig remains in the dark about why Defendants believe he possesses relevant information that could not otherwise be obtained from parties in this action, it is abundantly clear that the Subpoena is nothing more than a fishing expedition and was issued for the purpose of harassing Mr. Wilzig. Therefore, and for the reasons further set forth

3

below, Mr. Wilzig respectfully submits that his motion to quash the Subpoena and for related relief should be granted in its entirety.

## LEGAL ARGUMENT

### I. STANDARD ON A MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Although Rule 45 permits a party to command a non-party to produce documents, the issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The court must "quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). *See also* Fed. R. Civ. P. 45(d)(1) (providing that party issuing subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and directing "[t]he court for the district where compliance is required" to "enforce this duty").

Moreover, "a subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Knight v. Local 25 IBEW*, 2016 U.S. Dist. LEXIS 45920, at *4 (E.D.N.Y. March 31, 2016).

"The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Lelchook v. Lebanese Canadian Bank, SAL*, 670 F. Supp. 3d 51, 54 (S.D.N.Y. 2023) (citing Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 45(d)(3)(A)(iv); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012)). "When evaluating undue

4

burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed." *Id.*

In light of these settled standards, and in accordance with Rule 45(d)(1) and (d)(3)(A)(iv), the Court should quash the Subpoena in its entirety and enter a Protective Order pursuant to Rule 26 prohibiting Defendants from otherwise seeking the requested documents and information from Mr. Wilzig.

### A. Mr. Wilzig Is Entitled To A Protective Order Because Defendants Can Obtain the Requested Information From Less Burdensome Means

As a preliminary matter, a review of the 46 separate requests included in the Subpoena makes clear that *the requests seek documents and information that are already in Defendants' possession, custody and control, or can otherwise be obtained from Plaintiff*. As such, there is no reason to burden Mr. Wilzig, a non-party to this action, with requests for information that is otherwise available to Defendants.

"When presented with a protective order motion, the court must also consider whether the discovery sought 'can be obtained from some other source that is more convenient, less burdensome, or less expensive,' and whether the party seeking the discovery has already 'had ample opportunity' to obtain it." *N'Diaye v. Metro Life Ins. Co.*, 2018 U.S. Dist. LEXIS 78417, at *20 (S.D.N.Y. May 8, 2018) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii)). "*These considerations are particularly salient where, as here, a party has opted to seek documents from non-parties, via subpoena, without first attempting to compel its adversary to produce the same documents*." *Id.*; (emphasis added); *see also Roth v. County of Nassau*, 2017 U.S. Dist. LEXIS 2211, at *6 (E.D.N.Y. Jan. 6, 2017) (quashing subpoena where the same information could be obtained from plaintiff himself); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 70 (E.D.N.Y. 2010) ("The relevant information sought by Defendant in the Subpoenas can be obtained from whatever records Plaintiff has in his

5

possession or control as well as through Plaintiff's deposition"); *Cohen v. City of New York*, 2010 U.S. Dist. LEXIS 44762, at *3 (S.D.N.Y. May 6, 2010) ("special weight" should be given " to the burden on non-parties of producing documents to parties involved in litigation").

These factors weigh heavily in favor of the entry of a Protective Order here. Mr. Wilzig is a non-party to this action, he does not have any interest or stake in the outcome of this action, and the information sought through the Subpoena can be obtained through less burdensome and oppressive means – including directly from Plaintiff and Defendants themselves.

For this reason alone, Mr. Wilzig's motion for a Protective Order should be granted, and the Subpoena should be quashed. In any event, even putting aside that the requested information can be obtained directly from Plaintiff or is otherwise already in Defendants' possession, custody and control, as more fully set forth below, Mr. Wilzig is entitled to a Protective Order and the Subpoena should be quashed because it is overbroad, unduly burdensome, oppressive, and seeks information that appears unrelated to any of the claims and defenses in this action.

      **B.**     **The Subpoena Should Be Quashed Because It Is Overbroad, The Requests Are Unrelated to the Claims And Defenses At Issue In This Litigation, And It Represents an Impermissible Fishing Expedition**

Although Plaintiff's allegations against Defendants appear to concern allegations of sexual assault and abuse that allegedly occurred between Plaintiff and Defendant Bursor beginning in or around July 2020, the Subpoena seeks documents and information dating back to May 2007 through the present and thus is in no way tailored to any of the claims or defenses in this action. The Subpoena should be quashed for this reason, too. *See e.g. Kenn Zou v. Xiao Han*, 2024 U.S. Dist. LEXIS 89497, at *10 (E.D.N.Y. May 16, 2024) ("[T]he documents requested are from 1996. Plaintiffs have not alleged *any* related acts that occurred between 1996 and 2006.") (Emphasis added).

6

The requests included in the Subpoena are overbroad and unduly burdensome for additional reasons. For example, Request Nos. 1 through 5, 25, 31 through 33, 42 and 43 seek, respectively, the following categories of information:

1: "Documents, including text messages and e-mails, with or concerning Plaintiff."

2: "Documents, including text messages and e-mails, with or concerning Bursor."

3: "Any audio recordings, video recordings, and photographs of or including Bursor and/or Plaintiff, including any portions or version of an original recording or image."

4: "Documents, including text messages and e-mails, concerning any audio recordings, video recordings, and/or photographs of or including Bursor and/or Plaintiff."

5: "Documents, including text messages and emails, with or concerning Bursor & Fisher."

25: "Documents, including text messages, e-mails, bank records, financial records from money-transfer sites, including Venmo, Zelle, or Cash App, or other money-transfer platforms, reflecting any payments to Plaintiff from October, 2018 through the present."

31: "Travel records, including but not limited to passports, airline tickets, train tickets, bus tickets, reservations, hotel or accommodation reports, receipts, and itineraries concerning Plaintiff."

32: "Documents including text messages and e-mails, concerning Plaintiff's arrest(s) or the circumstances relating thereto."

33: "Documents concerning Plaintiff organizing, attending, or participating in gatherings of three or more individuals for purposes of sexual activity, including any payments by You for any aspect of time."

42: "Documents, including text messages and e-mails, concerning lease or rental agreements for any property Plaintiff occupied for which You made payment, including the agreements themselves."

43: "Posts, comments, direct messages, and/or communications from all social-networking websites, services, or applications . . . that concern Plaintiff, Bursor, or Bursor & Fisher."

Each of these requests are overbroad on their face, seek documents which lack any factual relationship to the claims and defenses in this litigation, and are thus unduly burdensome.

Request Nos. 6 through 11, 15 through 23, 26, 27, 38 – which seek documents with or concerning a whole host of individuals: Marc Leder, Salvatore Strazzullo, Robert Hantman, Carlos

7

Carvajal, Robert Anthony Evans, Gerard Guez, Robert Zangrillo, Mohamed Hadid, Nicholas Loeb, Andrew Farkas, David Charvet, Robert Morris, Marc Packer, Tal Alexander, Oren Alexander, Alon Alexander, "the Unidentified Man from Coral Gables", and Aria Deshe Zelnick – are not only overbroad and unduly burdensome, but it also is unclear to Mr. Wilzig how these requests have any relevance to the claims or defenses in this action. ***None*** of these individuals appear to be parties to the instant action and it thus is unclear, at best, as to why any communications or documents concerning any of these individuals would have any bearing on the claims or defenses in this action – particularly with the pleadings in this case under seal and thus unavailable to Mr. Wilzig.

Request Nos. 12 through 16, 34 through 36, 39, and 41 seek information related to various lawsuits to which Mr. Wilzig is not even a party, allegations by Plaintiff or unlawful conduct that do not even concern Mr. Wilzig, and that do not otherwise concern Defendants.

Request Nos. 2, 5, 24, 27, 29, 30, 37, and 40 seek documents or information that are presumably in Defendants' possession, custody and control and do not otherwise even concern or relate to Mr. Wilzig; and these requests are not even narrowly tailored to seek information or documents that are relevant to the issues in this action.

At bottom, each of Defendants' 46 separate requests represent an impermissible and inappropriate fishing expedition – and taken together, the Subpoena becomes unduly broad and vexatious. The requests are so overbroad, vague, and lacking in specificity with any reasonable particularity as to the documents sought that they are improper, unduly burdensome, and would require disclosure of documents well outside the bounds of relevancy and proportionality as defined by Rule 26. *See e.g. Lelchook*, 670 F. Supp. 3d at 55 (granting motion to quash subpoena that requested "'all' documents ever acquired by Covington during its representation of Nest and Nahl . . . is presumptively overbroad and improper . . . Plaintiffs have not demonstrated that the subpoena

8

seeks only information relevant to the claims and defenses and proportional to the needs of the case" and further noting that "the subpoena is grossly overbroad and requests irrelevant information. Plaintiffs have made no effort to tailor the subpoena to the claims in this action or even the time period relevant to this action"); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (finding that the subpoenaed party "has correctly characterized the Brunswick Subpoena as 'overbroad on its face.' As this Court previously has noted, 'to the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable.' . . . By their drafting of the Brunswick Subpoena, plaintiffs' counsel have run this risk and lost. . . . this Court finds that the Brunswick Subpoena is overbroad on its face, and as such, falls within Rule 45(c)(3)(A)'s prohibition on subpoenas that subject a witness to 'undue burden.'").

Although Rule 45 empowers a district court to "modify" a subpoena, courts have declined to do so where "virtually half of the twenty-two requests for documents [] are vague, inexplicit, and overbroad", finding that "it is beyond the capabilities of this Court to divine precisely which of the voluminous documents received, created, or maintained by [the subpoenaed party] in the course of its relationship with [defendant] might assist plaintiffs' preparation of their underlying [] suit." *Concord Boat Corp.*, 169 F.R.D. at 53-54. Here, *all* 46 requests are "vague, inexplicit, and overbroad". The Subpoena therefore should be quashed in its entirety. *See Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 U.S. Dist. LEXIS 33430 (S.D.N.Y. Apr. 5, 2010) ("As they stand, the plaintiffs' requests are grossly overbroad, and I decline to rewrite them.").

### C. The Subpoena Should Be Quashed Because It Is Unduly Burdensome and Not Proportional To The Needs Of The Case

Even if Defendants could demonstrate that the 46 separate requests contained in the Subpoena seek information relevant to the issues in this action (which, as set forth above, they

9

plainly cannot and all of the requests are overbroad on their face), the Subpoena should be quashed because it is unduly burdensome and intrusive and wholly disproportionate to the needs of this action. "Courts assess whether a subpoena presents an 'undue burden' by 'weigh[ing] the burden to the subpoenaed party against the value of the information to the serving party' and by evaluating that information's 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Bhatt v. Patel*, 2020 U.S. Dist. LEXIS 262800, at *5 (E.D.N.Y. Oct. 19, 2020) (citations omitted). Each of these factors weighs in favor of quashing the Subpoena.

Compliance with the Subpoena would require Mr. Wilzig – an individual non-party who has no interest in the outcome of this case – to search for documents and information that date back to over seventeen years ago, and which are not even described with any level of particularity whatsoever. Nor can Defendants articulate any valid reason or justification as to why the information sought through the Subpoena is necessary and unavailable to them from other sources, including Plaintiff.

### D. The Court Should Award Legal Fees and Costs In Favor of Mr. Wilzig

Federal Rule of Civil Procedure 45(d)(1) states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorneys' fees – on a party or attorney who fails to comply." Here, Defendants cannot offer any legitimate justification for the issuance of the Subpoena to Mr. Wilzig, and the provisions of Rule 45(d)(1) thus should be applied in Mr. Wilzig's favor.

10

It is blatantly apparent that the Subpoena was issued as part of a fishing expedition, includes request that are unnecessarily cumulative, seeks information that is not narrowly tailored to the issues in this action, and in any event requests information that can and should have been sought through less intrusive means. Therefore, Mr. Wilzig respectfully submits that the Court should award him his attorneys' fees and costs incurred in filing the instant motion. *See St. Jean v. Emigrant Mortg. Co.*, 2015 U.S. Dist. LEXIS 197754, at *19-21 (E.D.N.Y. Oct. 7, 2015) (finding sanctions were warranted under Rule 45(d)(1), noting that subpoenaing party "did not take the 'reasonable steps' that Rule 45(d)(1) imposes on the subpoenaing party to avoid overburdening the persons subjected to the subpoena", noting that "they could have requested further testimony from the new plaintiffs, rather than using the Subpoenas to obtain a treasure trove of documents", and that "answering the broadly worded Subpoenas would have required plaintiffs' counsel to devote considerable time and divert considerable resources toward the task of determining which materials were responsive and which portions were privileged").

## **CONCLUSION**

Non-party movant Ivan Wilzig respectfully requests, pursuant to Rule 45(d)(1) and (d)(3)(A)(iv), that the Court quash the Subpoena in its entirety, enter a Protective Order and award Mr. Wilzig such other relief as the Court deems just and proper, including fees and costs pursuant to Rule 45(d)(1).

| | |
|---|---|
| Dated: New York, New York<br>July 17, 2024 | GREENBERG, TRAURIG, LLP<br><br>By: */s/ Paul H. Schafhauser*<br>　　Paul H. Schafhauser, Esq.<br>　　Clarissa Gomez, Esq.<br>　　One Vanderbilt Avenue<br>　　New York, New York 10017<br>　　Tel.: (212) 801-9200<br><br>　　*Attorneys for Non-Party Movant Ivan Wilzig* |

## CERTIFICATE OF SERVICE

I, Paul H. Schafhauser, hereby certify that on July 17, 2024, I caused the foregoing document to be electronically filed with the United States District Court for the Southern District of New York through the CM/ECF system, and that a copy is being served on all counsel of record via CM/ECF.

                                                                                                 */s/ Paul H. Schafhauser*
                                                                                                 Paul H. Schafhauser