# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELICA PARKER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT BURSOR AND BURSOR & FISHER, P.A.,<br><br>　　　　　　Defendants. | Civil Action No. 1:24-cv-00245 (JGLC) (RFT)<br><br>**DECLARATION OF<br>PAUL H. SCHAFHAUSER** |

I, Paul H. Schafhauser, declare under penalty of perjury, pursuant to 28 U.S.C. 1746:

1.　　I am a shareholder in the law firm Greenberg Traurig, LLP, counsel for non-party movant, Ivan Wilzig. I respectfully submit this declaration in support of Mr. Wilzig's motion to quash a Subpoena dated June 24, 2024 (the "Subpoena") served by defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") and for the entry of a Protective Order.

2.　　In this action, Mr. Wilzig was served with the Subpoena, which contained a request for 46 separate documents and information, dating as far back as May 1, 2007 through the present, and to be produced by July 15, 2024. A true and correct copy of the Subpoena is attached hereto as **Exhibit A**.

3.　　On July 12, 2024, Defendants' counsel and Mr. Wilzig's counsel conferred and agreed to adjourn the Subpoena return date to July 18, 2024, to allow counsel an opportunity to meet and confer regarding the Subpoena. A true and correct copy of correspondence confirming such adjournment is attached hereto as **Exhibit B**.

4. On July 15, 2024, Defendants' counsel and Mr. Wilzig's counsel (Clarissa Gomez, Esq., and I) conferred. During the conference, I expressed Mr. Wilzig's many objections and concerns with respect to the Subpoena.

5. For instance, I noted that the requests set forth in the Subpoena are grossly overbroad and seek materials that would appear to be irrelevant as to what would appear to be the dispute between Plaintiff and Defendants in this case. I further noted that Mr. Wilzig lacks knowledge about the allegations underlying Plaintiff's claims against Defendants or Defendants' asserted defenses to those claims – given that those pleadings have been filed under seal and are thus unavailable to Mr. Wilzig or his counsel. I further noted that many if not most of the documents requested pursuant to the Subpoena could and should be obtained from Plaintiff without burdening third parties such as Mr. Wilzig with a host of requests dating back seventeen years.

6. In response, Defendants' counsel represented that in her initial disclosures, Plaintiff identified Mr. Wilzig as a witness with knowledge of Plaintiff's damages. Defendants' counsel further noted that Defendants would not withdraw the Subpoena and/or the requests for information contained therein.

7. To date, neither Mr. Wilzig nor undersigned counsel have received a copy of any of the sealed pleadings in this action, Plaintiff's initial disclosures, or any other documents that reference or mention Mr. Wilzig.

8. As set forth herein, I have conferred in good faith with Defendants' counsel to resolve the discovery dispute with respect to the Subpoena. Counsel for Mr. Wilzig and Defendants have been unable to resolve this discovery dispute. Therefore, Mr. Wilzig respectfully moves to quash the Subpoena and for a Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
       July 17, 2024

*/s/ Paul Schafhauser*
PAUL H. SCHAFHAUSER