# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Angelica Parker <br> *Plaintiff* <br> v. <br> Scott Bursor and Bursor & Fisher, P.A. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:24-cv-00245 JGLC RFT |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Ivan L. Wilzig
1874 Deerfield Rd., Water Mill, NY 11976-2109

*(Name of person to whom this subpoena is directed)*

☑ **Production:** YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule "A"

| Place: Gibbons P.C. <br> One Pennsylvania Plaza, 45th Floor, Suite 4515 <br> New York, NY 10119 | Date and Time: <br> 07/15/2024 10:00 am |
|---|---|

☐ **Inspection of Premises:** YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/24/2024

_____          _____/s/_____
CLERK OF COURT                OR     Attorney's signature
Signature of Clerk or Deputy Clerk

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants Scott Bursor and Bursor & Fisher, P.A.**, who issues or requests this subpoena, are:
Charles S. Korschun, Gibbons P.C. One Gateway Center, Newark, New Jersey 07102, ckorschun@gibbonslaw.com, 973 596 4413

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Pre

Civil Action No. 1:24-cv-00245 JGLC RFT

PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R

I received this subpoena for _(name of individual and title, if any)_ _____
on _(date)_ _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____

☐ I returned the subpoena unexecuted because: _____
_____ on _(date)_ _____ ; or

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I ha
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the am
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and ti

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-00245 JGLC RFT

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## DEFINITIONS

A.  Unless otherwise stated, these requests adopt and incorporate herein the Uniform Definitions in Discovery Requests set forth in Civil Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Civil Rules").

B.  "Bursor" means Defendant Scott Bursor, individually.

C.  "Bursor & Fisher" means the law firm of Bursor & Fisher, P.A. as well as its directors, officers, attorneys, employees, and all others acting for, or on behalf of, Bursor & Fisher, P.A.

D.  "Plaintiff" or "Parker", means Plaintiff Angelica Parker, previously known as Angelica Cecora, and all others acting for, or on behalf of, Angelica Parker.

E.  "You" or "Your" means **Ivan L. Wilzig**.

F.  "Lawsuit" means the action pending in the U.S. District Court for the Southern District of New York, entitled *Angelica Parker v. Scott Bursor and Bursor & Fisher, P.A.*, No. 1:24-cv-02451 (JGLC) (RFT).

G.  The "Unidentified Man From Coral Gables" means the male person who Plaintiff recorded arguing with her, and who Plaintiff described as a resident of Coral Gables, Florida.

H.  "Representative" means any person acting or purporting to act on behalf of any other person.

I.  As used herein, the word "describe" shall require, in the case of an act, transaction, communications, relationship, thing, or occurrence;

   a. a full description of such act, transaction, relationship, thing, or occurrence by reference to underlying facts rather than to ultimate facts or conclusions of fact or law, including complete references to date(s), place(s), person(s) involved, and the manner or means employed;

   b. identification of Your source(s) of information concerning such act, transaction, relationship, thing or occurrence, including the date on which You received such information;

   c. identification of each document relating to, referring to, or evidencing such act, transaction, relationship, thing, or occurrence; and

   d. identification of each person having knowledge of such act, transaction, relationship, thing, or occurrence.

J.  As used herein, the words "identify," "identification," or "identity" when used in reference to:

   a. <u>a natural person</u>: means to state his or her full name, address, and last known address, telephone number, date of birth, and present or last known position or business affiliation and its address;

1

b. <u>a document</u>: means to state the following information with respect to each such document (in lieu of identification of each document, You may attach copies of each document to the answers to these Discovery Requests);

   i. the date appearing on such document; and if no date appears thereon, the answer shall so state and give the date or approximate date such document was prepared;

   ii. the general nature, a description, or type of document (i.e., whether it is a letter, memorandum, sound recording, drawing, etc. noting the number of pages of which it consists);

   iii. the author(s) or the name(s) of the person(s) who signed such document and, if it was not signed, the answer shall so state and give the name(s) of the person(s) who prepared it;

   iv. the name(s) of the person(s) to whom such document was addressed and the name of each person other than such addressee(s) to whom such document or copies thereof was given or sent;

   v. the general subject matter of such document; and

   vi. the name of the person having custody, possession, or control of such document and its present location.

c. <u>a company, corporation, association, partnership, or any legal or business entity other than a natural person</u>: means to state the following information:

   i. its full name;

   ii. a description of the type of organization or entity;

   iii. the address and telephone number of its principal place of business;

   iv. the jurisdiction of its incorporation or organization; and

   v. the date of its incorporation or organization.

d. <u>an oral communication</u>: means to state the following information with respect to each such oral communication:

   i. the date and place where it occurred;

   ii. the identity of each person to whom such communication was made, each person by whom such communication was made, and each person who was present when such communication was made; and

   iii. the subject matter of such communication.

e. <u>written statement</u>: means to state the names and addresses of the persons who gave statements; the exact time, date and location where statements were made; the names and addresses of the persons who obtained such statements; if recorded, the nature and present custody of said reporting; the names and addresses of any witnesses to statements; the identification of all documents which discuss, reflect or relate to statements.

f. <u>any other thing</u>: means to provide a description with sufficient particularity that

2

such thing may thereafter be specified and recognized as such.

K. As used herein, the word "including" means "including, without limitation."

L. The singular and plural; masculine, feminine and neuter; and conjunctive and disjunctive forms of words shall be deemed inclusive of each other in such a way as to call for the broadest possible response to the Discovery Request in question.

# INSTRUCTIONS

A.  Documents and things that are produced for inspection must be produced as they are kept in the usual course of business or, alternatively, must be organized and labeled to correspond to each request and any subpart(s) thereof to which the documents or things are responsive. In addition, if You elect not to produce documents or things as they are kept in the usual course of business, for each document or thing, specify in writing its source (i.e., person or entity responsible for maintaining the files, location, or from whom custody of the files were taken), and its author(s) or creator(s), recipients, and the date of preparation, if not apparent from the face of the document or thing.

B.  To the extent that a document or thing is sought herein and such document or thing was but no longer is in Your possession, or subject to Your control, or in existence, state whether it (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily to others; (iv) has been otherwise disposed of, and, in each instance, explain the circumstances surrounding and authorization for such disposition thereof; (v) the date or proximate date thereof; (vi) the contents of said document or thing; and (vii) the person who authorized the transfer, destruction or other disposition of said document or thing.

C.  To the extent that You believe any of the following requests call for any information subject to a claimed privilege, You are still required to answer so much of each response and each part thereof as does not request, in Your view, allegedly objectionable or privileged information. If, because of a claim of privilege, You do not respond to any request or subpart thereof, or You withhold any document or thing, specifically set forth the privilege claimed, the facts that You rely on to support the claim of privilege, and furnish a log identifying each document and thing for which the privilege is claimed, together with the following information:

   a. A brief description of the nature and subject matter of the document or thing, including the title and type of the document (i.e., whether it is a letter, memorandum, drawing) or thing;

   b. The document's or thing's date of creation;

   c. The name and title of the author(s) or creator(s);

   d. The name and title of the person(s) to whom the document is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or thing;

   e. The name and title of the person(s) to whom the document or thing was sent;

   f. The number of pages; and

   g. The request or subpart to which the document, withheld information, or thing is otherwise responsive.

D.  If objection is made to part of an item or category of documents or things requested, the part shall be specified and production shall be made of the remaining parts. The reasons for the objection shall be stated with specificity and particularity.

E.  Each Request that seeks information relating in any way to communications to,

from, or within a business and/or legal entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents, and/or servants of the business and/or legal entity.

F. These Requests shall be deemed continuing in nature so as to require further and supplemental production if additional documents are received, generated or discovered after the time of original production.

G. Documents or things gathered from electronically stored information should be provided in native format, and should include load files (DAT), as well as the following metadata fields: PRODBEG, PRODEND, ATTACH_RANGE, CUSTODIAN, DUPLICATE CUSTODIAN, FROM/Sender, TO, CC, BCC, SUBJECT, DATE_SENT, TIME_SENT, DATE_RECEIVED, TIME_RECEIVED, NATIVE_LINK, FILE_EXTEN/Document Type, AUTHOR, DATE_CREATED, DATE_MOD, PGCOUNT, Full Text Path, MD5/SHA1 (has code created for file in connection with deduplication) and the Relativity Attachment ID..

H. Unless otherwise stated, the applicable time period for each Request shall be **May 1, 2007, through the present.**

## DOCUMENT REQUESTS

1. Documents, including text messages and e-mails, with or concerning Plaintiff.

2. Documents, including text messages and e-mails, with or concerning Bursor.

3. Any audio recordings, video recordings, and photographs of or including Bursor and/or Plaintiff, including any portions or versions of an original recording or image.

4. Documents, including text messages and e-mails, concerning any audio recordings, video recordings, and/or photographs of or including Bursor and/or Plaintiff.

5. Documents, including text messages and e-mails, with or concerning Bursor & Fisher.

6. Documents, including text messages and e-mails, with or concerning Marc Leder ("Leder"), including, without limitation, those mentioning or discussing Plaintiff or Bursor.

7. Documents, including text messages and e-mails, with or concerning Salvatore Strazzullo ("Strazzullo"), including, without limitation, those mentioning or discussing Plaintiff or Bursor.

8. Documents, including text messages and e-mails, with or concerning Robert Hantman ("Hantman") including, without limitation, those mentioning or discussing Plaintiff or Bursor.

9. Documents, including text messages and e-mails, concerning Your statement to Plaintiff that she should "stay on top of her lawyer," *i.e.*, Hantman.

10. Documents, including text messages and e-mails, with or concerning Carlos Carvajal ("Carvajal"), including, without limitation, those mentioning or discussing Plaintiff or Bursor.

11. Documents, including text messages and e-mails, with Hantman and/or Carvajal concerning Plaintiff, Bursor, Strazzullo, Robert Anthony Evans ("Evans"), or any other person from whom Plaintiff sought payment of money.

12. Documents concerning draft pleadings or other filings to be filed by Plaintiff in connection with her legal claims against anyone, including but not limited to Oscar De La Hoya ("De La Hoya"), Evans, Strazzullo, or Bursor.

13. Documents, including text messages and e-mails, concerning Carvajal and/or Hantman not appearing publicly as counsel to Plaintiff in the case against Evans.

14. Documents, including text messages and e-mails, concerning the contents or subject matter of an October 20, 2016 email from Plaintiff to the Hon. Peter H. Moulton stating in part, "[Evans] used many stories and excuses including his family to avoid contact with me

6

through the entire course of the case and would defer [sic] me to his partner Salvatore Strazzullo."

15. Documents, including text messages and e-mails, concerning any agreements made by Plaintiff, including but not limited to agreements concerning Plaintiff's purported claims against De La Hoya, Evans, Strazzullo, or any other person from whom Plaintiff sought payment of money.

16. Documents, including text messages and e-mails, concerning a text from Plaintiff to You stating, "It's war lol! I'm not going to be the last to hop on the unethical train. W Sal. Like the #metoo movement so I'm going to get this moving privately tomorrow. I'm sending 3 things. The 1mil I'm awarded, the voice recording w Sal promising me 1m if I just settle w him and go through the legal process which I did and won with Tony[.]"

17. Documents, including text messages, bank or payment records, or other communications with Plaintiff concerning Gerard Guez ("Guez"), Robert Zangrillo ("Zangrillo"), Mohamed Hadid ("Hadid"), Nicholas Loeb ("Loeb"), Andrew Farkas ("Farkas"), David Charvet ("Charvet"), Robert Morris ("Morris"), Marc Packer ("Packer"), Tal Alexander, Oren Alexander, Alon Alexander and/or the Unidentified Man From Coral Gables (as defined in the Definitions section above) or any other person(s) from whom Plaintiff discussed seeking payment of money.

18. Documents, including text messages and e-mails, concerning Plaintiff's comments to You that Aria Deshe Zelnick ("Deshe") had befriended and seduced Guez, and that Plaintiff had met Zangrillo, Hadid, Farkas, Charvet, and Packer through Guez and Leder.

19. Documents, including text messages and e-mails, concerning Your text inquiry to Plaintiff regarding how she met Zangrillo, and the following ensuing text conversation, in sum or substance:

> **PLAINTIFF:** Gerard made it happen one of the strange nights I spent hanging at Gerard's apt in nyc. But I know bob [Robert Zangrillo] originally through Marc [Leder]. Gerard basically passed to me a lot of his friends and family. Very strange but all my types of ppl. ... Gerard's very close to bob. No one knows this stuff obviously. But yea mohamad hadid was also one of the nights at Gerard's as well as Andrew farkas and bob and David charvet. I should send Gerard a back bill now that I think of it.
> Lol
>
> **WILZIG:** Absolutely. Or he can become the next Delahoya. Check out the Bambi video on FB.
>
> **PLAINTIFF:** Gerard kind of forced it. Bob [Zangrillo] was like she dated Marc [Leder] but Gerard didn't care he wanted me to be with all his friends. Also Marc packer was another few nights.

7

20. Documents, including text messages and e-mails, concerning Your text messages to Plaintiff referencing "that boring guy scott you met," including Plaintiff's responsive texts.

21. Documents, including text messages and e-mails, with Leder concerning a claim by Plaintiff against Bursor.

22. Documents including text messages and e-mails, with Carvajal, Leder, Hantman or anyone else regarding an arrangement whereby Plaintiff would provide sexual services in exchange for legal representation by Carvajal and/or Hantman.

23. Documents including text messages and e-mails, concerning any arrangement for Plaintiff to provide sexual services to Hantman, Evans, Strazzullo, Leder, Carvajal, De La Hoya, Guez, Zangrillo, Hadid, Loeb, Farkas, Charvet, Packer, Tal Alexander, Oren Alexander, or Alon Alexander.

24. Documents, including text messages and e-mails, concerning demands of money, airfare, hotels, vehicles, gifts, jewelry, handbags, allowance, living expenses, or payments of any other kind from Bursor for the benefit of Plaintiff.

25. Documents, including text messages, e-mails, bank records, financial records from money-transfer sites, including Venmo, Zelle, or Cash App, or other money-transfer platforms, reflecting any payments to Plaintiff from October, 2018 through the present.

26. Documents concerning any audio recordings, video recordings, or photographs that Plaintiff made or took of Bursor, Hantman, Evans, Strazullo, Leder, Carvajal, De La Hoya, Guez, Zangrillo, Hadid, Loeb, Farkas, Charvet, Tal Alexander, Oren Alexander, Alon Alexander, or Packer, or of any other person from whom Plaintiff sought payment of money.

27. Documents concerning any communications between or among Plaintiff, Bursor, Hantman, Evans, Strazzullo, Leder, Carvajal, De La Hoya, Guez, Zangrillo, Hadid, Loeb, Farkas, Charvet, Tal Alexander, Oren Alexander, Alon Alexander or Packer.

28. Documents, including text messages and e-mails, concerning drugging, sedating, and/or "dosing" Bursor.

29. Documents, including text messages, concerning a 25 second video recording attached to the text Plaintiff sent to Bursor on December 27, 2022 at 1:45:27 A.M. (filename IMG_7737, with a timestamp December 4, 2022, 4:57 a.m.) depicting a zoomed in view of the unidentified man's penis in her vagina and his climax, followed immediately by Plaintiff's text to Bursor stating, "You only had little drops a real man makes a big mess and loves to clean me in my bed."

30. Documents, including text messages and e-mails, concerning that Plaintiff was asked by Bursor to leave his New York City apartment on or about September 19 and 20, 2020.

8

31. Travel records, including but not limited to passports, airline tickets, train tickets, bus tickets, reservations, hotel or accomodation reports, receipts, and itineraries concerning Plaintiff.

32. Documents including text messages and e-mails, concerning Plaintiff's arrest(s) or the circumstances relating thereto.

33. Documents concerning Plaintiff organizing, attending, or participating in gatherings of three or more individuals for purposes of sexual activity, including any payments by You for any aspect of same.

34. Documents concerning the allegations about or relating to You in the lawsuit *Mandel v. Alexander et al.*, Index No. 952356/2023, filed in the Supreme Court of the State of New York, County of New York on March 8, 2024.

35. Documents concerning the allegations about or relating to You in the lawsuit *Whiteman v. Alexander et al.*, Case No. 952316/2023, filed in the Supreme Court of the State of New York, County of New York on March 3, 2024.

36. Documents concerning the allegations about or relating to You in the lawsuit *Parker v. Alexander et al.*, Case No. 155547/2024, filed in the Supreme Court of the State of New York, County of New York on June 18, 2024.

37. Documents, including text messages and e-mails, concerning Plaintiff's requesting or demanding money or non-monetary compensation from any individual, including, but not limited to, Bursor, in exchange for her (Plaintiff's) agreement not to publicize information or file a lawsuit.

38. Audio recordings, video recordings, and/or photographs, including any portions or versions of an original recording or image, that Plaintiff made or took of anyone, including, without limitation, Strazzullo or Bursor.

39. Documents including e-mails, text messages, bank records, financial records from money-transfer sites, including Venmo, Zelle, or Cash App, or other money-transfer platforms, concerning any payments received by Plaintiff as a result of her allegations of unlawful conduct against anyone.

40. Documents, including text messages and e-mails, concerning any threat by Plaintiff directed at Bursor.

41. Documents, including text messages and e-mails, concerning any legal proceeding, litigation, arbitration or other action, including the Lawsuit, in which Plaintiff was, or is currently, a party and/or a witness.

42. Documents, including text messages and e-mails, concerning lease or rental agreements for any property Plaintiff occupied for which You made payment, including the agreements themselves.

43. Posts, comments, direct messages, and/or communications from all social-networking websites, services, or applications (*e.g.*, Facebook, LinkedIn, X (Twitter), Instagram, TikTok, Snapchat, Telegram, WhatsApp) that concern Plaintiff, Bursor, or Bursor & Fisher.

44. Documents, including text messages and e-mails, concerning physical, psychological or economic injuries or other damages that Plaintiff purportedly suffered as a result of actions by Bursor and/or Bursor & Fisher.

45. Documents, including text messages and e-mails, concerning any affidavits, declarations, or statements, whether signed or not, prepared by or on behalf of any potential witness, including You, in connection with any allegations made by Plaintiff against Bursor, including the affidavits, declarations, and statements themselves.

46. Documents, including text messages and e-mails, with or concerning Your agreement to serve as a witness in any legal proceeding against Bursor.