

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

July 18, 2024

**VIA ECF**

The Honorable Robyn F. Tarnofsky
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:     Parker v. Bursor et al., Civil Case No.: 1:24-cv-00245-JGLC-RFT

Dear Judge Tarnofsky,

We represent Plaintiff Angelica Parker in the above-referenced matter. We write in connection with the motion filed by non-party Ivan Wilzig ("I. W.") pursuant to Fed. R. Civ. P. 26 and 45 to quash the Subpoena dated June 24, 2024 (the "Subpoena") served on him by Defendants Scott Bursor ("Bursor") and Bursor & Fisher, P.A. (collectively, "Defendants"). ECF 96. The Subpoena is a blatant attempt by Defendants to harass and badger people close to Plaintiff. Bursor intends for the harassment of I.W. to in turn, harm Plaintiff. The Subpoena includes 46 requests relating to information that dates back to 2007. The frivolous nature of the requests is also obvious where Defendants seek all communications between I.W. and certain individuals not relevant to this action, including all emails or texts that do not even mention or discuss Plaintiff or Bursor. *See* ECF 97, Ex., A, nos. 6-8, 10. In addition, the Subpoena seeks emails and text messages between Plaintiff and I.W. that Defendants can seek through discovery demands to Plaintiff. Id., nos. 15-20 (No. 20, "Documents, including text messages and e-mails concerning Your text messages to Plaintiff…"). Already Defendants have succeeded in causing a nonparty to incur unnecessary costs and resources. Simply no basis exists for Defendants to harass I.W. in this manner and the motion to quash should be granted in its entirety.

The Subpoena was issued in bad faith to a nonparty to cause it harm, and further, for the purpose of intimidating and harming Plaintiff. This fact is evident by certain allegations in the sealed Complaint that discuss Bursor's repeated threats to Plaintiff about her close friends. Because the Complaint is under seal such allegations cannot be set forth herein, and therefore, Plaintiff respectfully asks the Court to review the Complaint's allegations at ¶¶ 16, 30, 168, 197, 201, 205, 222, and 241, in connection with I.W.'s motion to quash.

Notably, the Subpoena undercuts Defendants' position to the Court that a sealed record is necessary in this action. On one hand Defendants argue that public access to this Court proceeding must be prohibited pursuant to Rule 12(f), yet the Subpoena requests endeavor to cast Plaintiff in



Hon. Robyn F. Tarnofsky
July 18, 2024
Page 2

a negative light by referring to alleged scandalous and sexual conduct about Plaintiff, such as the request for information about an arrest (No. 32), threesomes (No. 33), and demands for money in connection with threatened litigation (No. 37).  Allegations of such a nature are used by Defendants to argue for a sealed record.  *See* ECF 63 at 16-19.

We thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Jeanne M. Christensen

Cc:    All Counsel of Record (*via* ECF)