

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

July 19, 2024

**FILED ON ECF VIA LETTER-MOTION**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

      Re:    *Parker v. Bursor*, 24-cv-245 (JGLC) (RFT)
              **Letter-Motion for Conference or Other Appropriate Relief Regarding Non-
              Party Ivan Wilzig's Motion to Quash Subpoena and for a Protective Order**

Dear Magistrate Judge Tarnofsky:

        This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. We submit this letter-motion pursuant to Paragraph I(D) of Your Honor's Individual Practices in Civil Cases ("Individual Practices") to request a discovery conference or other appropriate relief with respect to Non-Party Ivan Wilzig's Motion to Quash Subpoena and for a Protective Order ("Motion to Quash"), which was filed on July 17, 2024 in contravention of Local Civil Rule 37.2 and Your Honor's Individual Practices.[1]

        Local Civil Rule 37.2 provides that "[u]nless the individual practices of the judge presiding over discovery require a different procedure, no motion under Fed. R. Civ. P. 26 through 37 inclusive and Fed. R. Civ. P. 45 will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a pre-motion discovery conference and that request has either been denied or the discovery dispute has not been resolved as a consequence of the conference." Similarly, pursuant to Paragraph III(B) of Your Honor's Individual Practices, any party **or non-party** seeking to raise a discovery dispute, including a discovery dispute over a subpoena served pursuant to Rule 45 of the Federal Rules of Civil Procedure, must first confer in good faith with the opposing party in an effort to resolve the dispute and, if this meet-and-confer process does not resolve the dispute, the party must submit an ECF letter-motion to the Court explaining the nature of the dispute and requesting a conference. Such

---

[1] Last evening, counsel for Defendants notified Mr. Wilzig's counsel of the impropriety of his Motion to Quash, and corrected certain misrepresentations regarding the meet and confer process as detailed later in this letter. In his response this morning, Mr. Wilzig proposed that he will withdraw his Motion to Quash without prejudice and continue discussions on the subpoena in exchange for certain concessions from Defendants. While we certainly agree that the improper Motion to Quash should be withdrawn for all the reasons stated herein, it is unclear at this point if this matter can be resolved. Further discussion is required. Accordingly, Defendants submit this letter in the interests of providing this Court with Defendants' position on both the Motion to Quash and Plaintiff's improper letter (ECF No. 98).

GIBBONS P.C.

Honorable Robyn F. Tarnofsky, U.S.M.J.
July 19, 2024
Page 2

letter-motion must include a representation that the meet-and-confer process occurred and state when it occurred.

Mr. Wilzig's Motion to Quash violates Local Civil Rule 37.2 and Paragraph III(B) of this Court's Individual Practices in multiple respects. First, Mr. Wilzig filed the Motion to Quash before filing a letter motion explaining the nature of the dispute and requesting a conference. For that reason alone, Mr. Wilzig's Motion to Quash is improper and should be denied or stricken as premature.

Second, Mr. Wilzig's counsel did not meet and confer in good faith with Defendants' counsel to attempt to resolve or narrow their disputes prior to making the Motion to Quash. As shown in Exhibit B (ECF No. 97-3) to the Declaration of Mr. Wilzig's counsel, Paul H. Schafhauser (ECF No. 97-1), Defendants' counsel agreed to extend Mr. Wilzig's deadline to respond to the subpoena that Defendants served on him (the Wilzig "Subpoena") to July 18, 2024 in order to allow time for Mr. Wilzig's counsel to discuss the contents of the Subpoena with Defendants' counsel. (*See* ECF No. 97-3.) That email also states that Defendants "can potentially agree to extend further [the time to respond to the Subpoena] after we've heard your thoughts regarding your response and spoken to your client." (*Id.*) Defendants' counsel had a brief telephone conversation with Mr. Wilzig's counsel on July 15, 2024. It was apparent during that conversation that Mr. Wilzig's counsel had not yet spoken with Mr. Wilzig about the individual requests in the Subpoena and, as a consequence, counsel did not discuss specific objections that Mr. Wilzig may have to nearly any of them. Mr. Wilzig's counsel represented to Defendants' counsel that he would speak with Mr. Wilzig about the Subpoena requests and then would discuss the requests further with Defendants' counsel. Defendants' counsel represented to Mr. Wilzig's counsel that Defendants would be willing to discuss each request and consider Mr. Wilzig's position on each of them after his counsel had an opportunity to discuss the individual requests. Accordingly, Defendants' counsel followed up by email on July 16 to inquire as to whether further discussion had taken place between Mr. Wilzig and his counsel to facilitate an additional meet and confer. Instead, despite having engaged in only the prior superficial conversation and agreement to continue discussing, Mr. Wilzig, through his counsel, declared an impasse and then abruptly filed a Motion to Quash shortly thereafter on July 17, even before the July 18 extended deadline that Defendants' counsel had consented to and without any further conference. (*See* **Exhibit A**.) Thus, Mr. Wilzig's premature filing of a Motion to Quash not only violates the Local Rules' and this Court's requirement that he first file a letter-motion requesting a discovery conference, but also violates the threshold requirement that he confer in good faith with Defendants before requesting any court intervention.

Relatedly, Plaintiff's letter piggy-backing on Mr. Wilzig's Motion to Quash (ECF No. 98) likewise violates this Court's Local Civil Rules and Your Honor's Individual Practices. Plaintiff's letter does not state whether it is requesting a Court conference or any other relief for that matter, nor does it even purport to formally join Mr. Wilzig's Motion to Quash. Rather, it simply launches unfounded attacks, without any citation to law or facts about Mr. Wilzig's involvement, on the propriety and motives of the Subpoena. While Defendants will respond substantively to the

G<small>IBBONS</small> P.C.

Honorable Robyn F. Tarnofsky, U.S.M.J.
July 19, 2024
Page 3

impropriety of Plaintiff's letter as appropriate, including the untimeliness of Plaintiff's objections and Plaintiff's lack of standing to take any position on the third party Subpoena,[2] it should be noted that *Plaintiff herself listed Mr. Wilzig in her Second Amended Initial Disclosures as a witness* who Plaintiff believes "may have knowledge concerning, *inter alia*, the allegations set forth in the Complaint filed in this action and the damages Plaintiff has suffered as a result of Defendants' [alleged] unlawful conduct."  This fact seems to be missing from Plaintiff's counsel's letter to the Court.  Given this simple fact, it is not credible for Plaintiff to now contend that Mr. Wilzig does not have relevant information and is not a proper recipient of a subpoena in this action.  Indeed, Mr. Wilzig was a longtime confidante of Plaintiff and Plaintiff co-habitated with him for extended periods of time, and spoke to him extensively regarding Mr. Bursor.  There is no question that he has knowledge and information relevant to Plaintiff's claims and Defendants' defenses in this action.

The procedures mandated by the Court's Local Civil Rules and Your Honor's Individual Practices are designed to aid parties and non-parties in resolving discovery disputes and avoiding unnecessary motion practice and burden on the Court.  Given Mr. Wilzig's and Plaintiff's violations of this Court's Local Rules and Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference to discuss this discovery dispute and/or an order directing Mr. Wilzig (through counsel) to meet-and-confer with Defendants' counsel in good faith concerning the Subpoena requests and to otherwise abide by the Local Rules and the Court's Individual Practices with respect to any dispute that may remain over the content or scope of the Subpoena, including filing a pre-motion letter requesting a discovery conference prior to filing any formal motion.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Chrsistine A. Amalfe*

Christine A. Amalfe

cc:    All counsel of record (via ECF)

---

[2] *See*, *e.g.*, *United States ex rel. Ortiz v. Mount Sinai Hospital*, 169 F.Supp.3d 538 (S.D.N.Y. 2016)