

**Paul H. Schafhauser**
Tel 973.443.3233
Fax 973.301.8410
paul.schafhauser@gtlaw.com

July 24, 2024

**VIA ECF**

Honorable Robyn F. Tarnofsky, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

      Re:    <u>Angelica Parker v. Scott Bursor et al., Docket No. 1:24-cv-245</u>

Dear Magistrate Judge Tarnofsky:

      This firm represents non-party movant Ivan Wilzig in connection with the subpoena served upon Mr. Wilzig (the "Wilzig Subpoena") by defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. We respectfully submit this letter to address misstatements contained in the letter filed by Defendants on July 19, 2024. [ECF No. 100].

      The Wilzig Subpoena served by Defendants contains 46 separate categories of documents and information dating as far back as May 1, 2007 through the present – although Plaintiff's allegations in this case appear to concern events that occurred in or around July 2020. Defendants demanded that the requested documents be produced by July 15, 2024. Defendants' counsel agreed to adjourn the return date of the Wilzig Subpoena only to July 18, 2024, to allow counsel an opportunity to meet and confer in the meantime.

      Contrary to Defendants' assertions, Mr. Wilzig's counsel did meet and confer in a good faith attempt to resolve the issues before filing the pending motion to quash. On July 15, 2024, Mr. Wilzig's counsel and Defendants' counsel conferred by telephone for more than forty-five minutes. During this telephonic conference, Defendants' counsel noted that Defendants would not withdraw the Wilzig Subpoena, and Defendants' counsel further noted that Defendants would not agree to first seek any allegedly relevant information from Plaintiff. Following the discussion with Defendants' counsel on July 15, 2024, it was clear to Mr. Wilzig's counsel – based on Defendants' counsel's express statements during the meet and confer – that Defendants were not amenable to withdrawing the Wilzig Subpoena and/or holding their requests in abeyance.

      Contrary to Defendants' counsel's representations, we, as Mr. Wilzig's counsel, did not represent during the July 15 meet and confer that we would "speak with Mr. Wilzig about the Subpoena requests and then would discuss the requests further with Defendants' counsel." Instead, we advised that we would get back to Defendants' counsel about the requests in light of Defendants' unwillingness to withdraw the requests and/or narrow down either the time period or

**Greenberg Traurig, LLP | Attorneys at Law**
500 Campus Drive | Suite 400 | Florham Park, New Jersey 07932 | T +1 973.360.7900 | F +1 973.301.8410

www.gtlaw.com

Honorable Robyn F. Tarnofsky, U.S.M.J.
July 24, 2024
Page 2

the subject matter of the requests. Prior to filing the motion to quash, and as previously promised, we did get back to Defendants' counsel to advise that the parties were at an impasse. On July 17, 2024, Mr. Wilzig filed his motion to quash the Wilzig Subpoena in advance of the July 18 return date of the Wilzig Subpoena in order to preserve his objections.

On July 19, 2024, Your Honor enter an Order setting argument on Mr. Wilzig's motion to quash for July 30, 2024 and directing Defendants to submit any opposition by July 24. [ECF No. 99]. Despite the entry of that Order, Defendants submitted a letter to the Court that same day requesting a discovery conference with respect to the motion to quash.

In their letter, Defendants represent to the Court that "Mr. Wilzig proposed that he will withdraw his Motion to Quash without prejudice and continue discussions on the subpoena in exchange for certain concessions from Defendants." In fact, by correspondence on July 19, 2024, we advised Defendants' counsel that Mr. Wilzig was prepared to withdraw the motion to quash without prejudice, and to engage in a further dialogue, if Defendants would stipulate and agree that (a) the withdrawal of the motion shall be without prejudice and (b) the return date of the subpoena will be adjourned to the later of (i) August 5, 2024; and (ii) the date set forth in any order entered by the Court following the filing of any pre-motion letter pursuant to Judge Tarnofsky's Individual Practice Rule III(B) and/or any ensuing motion. (A copy of the aforesaid correspondence is respectfully attached hereto as Exhibit A). Such requests were hardly "concessions", but instead constituted an attempt to avoid having to burden the Court with needless debate about whether the parties had, in fact, fully met and conferred.

Instead of responding to counsel's proposal, Defendants burdened the Court with the filing of an unnecessary letter. [ECF No. 100]. Nonetheless, in a further effort to obviate the need for this Court's intervention, we met and conferred further with Defendants' counsel today. We advised Defendants' counsel that Mr. Wilzig, without waiver of his rights, would be prepared to search for and produce a narrowly-tailored category of documents referring to Defendants for the allegedly relevant time period. Defendants' counsel, however, responded that this proposal was unacceptable, that Defendants were not willing to narrow down the scope or time period of the requests in the Subpoena, and that Defendants would thus be opposing Mr. Wilzig's pending motion.

Thank you.

Respectfully submitted,

*/s/ Paul H. Schafhauser*

Paul H. Schafhauser

cc:    All Counsel of Record (via ECF)