# EXHIBIT A

Case 1:24-cv-00245-JGLC-RFT    Document 107-1    Filed 07/24/24    Page 1 of 5

**From:** Schafhauser, Paul H. (Shld-NJ-LT) <Paul.Schafhauser@gtlaw.com>
**Sent:** Friday, July 19, 2024 8:33 AM
**To:** Sidoti, Mark S. <MSidoti@gibbonslaw.com>; Korschun, Charles S. <CKorschun@gibbonslaw.com>; Gomez, Clarissa A. (Assoc-NJ-LT) <gomezc@gtlaw.com>
**Cc:** Amalfe, Christine A. <CAmalfe@gibbonslaw.com>
**Subject:** RE: Parker v. Bursor, 24-cv-245 (SDNY) - Subpoena to Ivan Wilzig

Mark:

You have fundamentally misconstrued our conversation. You made it abundantly clear – and repeatedly said – that your client was adamant about pursuing discovery from Mr. Wilzig – including for periods going back up to 17 years – and that you thus could not "back off" on the requests.

You and Charlie agreed to adjourn the return date of the subpoena only to July 18, thus requiring us to take action pursuant to Rule 45 given our impasse following an extensive meet and confer with you that resulted in an impasse. Nevertheless, without waiver of or prejudice to any of our client's rights, we are prepared to withdraw the pending motion to quash without prejudice – and to engage in a further dialogue with you given your assertions regarding the "meet and confer" process and your now-professed willingness to put requests "on the shelf" (whatever that is supposed to mean) – if you will stipulate and agree that (a) the withdrawal of the motion shall be without prejudice and (b) the return date of the subpoena will be adjourned to the later of (i) August 5, 2024; and (ii) the date set forth in any order entered by the Court following the filing of any pre-motion letter pursuant to Judge Tarnofsky's Individual Practice Rule III(B) and/or any ensuing motion.

We will proceed in this manner to put to rest your specious assertion that we did not "meet and confer" – despite having had an extensive telephone conference with you on Monday – or that there was any failure to comply with a request for a pre-motion conference following such

meet and confer.

Please advise and if so, we will prepare a stipulation to that effect.

**Paul H. Schafhauser**
Shareholder

Greenberg Traurig, LLP
500 Campus Drive, Suite 400 | Florham Park, NJ 07932-0677
T +1 973.443.3233 | C 201 787 2671
Paul.Schafhauser@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

**From:** Sidoti, Mark S. <MSidoti@gibbonslaw.com>
**Sent:** Thursday, July 18, 2024 5:16 PM
**To:** Schafhauser, Paul H. (Shld-NJ-LT) <Paul.Schafhauser@gtlaw.com>; Korschun, Charles S. <CKorschun@gibbonslaw.com>; Gomez, Clarissa A. (Assoc-NJ-LT) <gomezc@gtlaw.com>
**Cc:** Amalfe, Christine A. <CAmalfe@gibbonslaw.com>
**Subject:** RE: Parker v. Bursor, 24-cv-245 (SDNY) - Subpoena to Ivan Wilzig

Paul – this email and your subsequent (improper) filing of a motion to quash are quite surprising in light of our conversation about the subpoena. First, it became clear very early in our conversation that you had not spoken with Mr. Wilzig about the specific requests in the subpoena. Nor have you (yet) seen the sealed Complaint or any Answer and Defenses asserted by our client (the latter have not yet been filed). Thus, it is implausible that you can claim that the subpoena is overbroad, seeks irrelevant information or is otherwise disproportionate to the needs of the case under Rule 26 as you argue in your motion papers.

More importantly, our single brief conversation, which concluded with your representation that you would speak with your client about the issues we discussed and the subpoena demands and get back to us, cannot constitute a complete meet and confer process or the conclusions of good faith efforts to work through any issues with the subpoena. In fact, after I explained the nature of the allegations, advised of Mr. Bursor's defense posture in this case and why that posture fairly implicates a time frame that pre-dates Plaintiff's allegations, notified you that Mr. Wilzig was identified as a damages witness by the Plaintiff in her Initial Disclosures (to which you expressed surprise) and pointed out the evidence we have seen of a close personal relationship she shared with your client throughout the relevant period in this case, you indicated you would take this information under consideration and that we would discuss further.

To be clear, what we said was that we did not presently intend to back away from any of the issues or subject matter raised in our requests, but were (and remain) willing to discuss each request and consider your client's position on each once you have had an opportunity to speak with your client. In fact, I clearly offered to put one or more of the specific requests "on the shelf" to allay some of your concerns. Further, other than questioning the applicable date range, you also did not offer any proposals to narrow the scope of the subpoena or for Mr. Wilzig to respond in a more limited way. In short, our collective efforts to resolve the subpoena were by no means concluded in that single brief call.

For all these reasons, your procedure on this has all the earmarks of a perfunctory "meet and confer" followed by a premature and reactionary motion to quash. Aside from that, the motion was filed in clear violation of Local Rule 37(2) and Judge Tarnofsky's Individual Practice Rule III(B), which require a request for a pre-motion conference prior to submitting any briefing, including with respect to non-parties responding to a subpoena. The procedures mandated by those rules are designed precisely to aid parties in resolving disputes like this, and avoiding unnecessary motion practice and burden on the

Court. We will advise Judge Tarnofsky of this rule violation.

In the meantime, please withdraw your motion to quash and advise when we can resume our discussions regarding the subpoena and your client's response to the same. Thank you.

**MARK S. SIDOTI** | Director
Business & Commercial Litigation Group
**t:** 212-613-2007 | **c:** 516-729-7182 | **f:** 212-554-9660
msidoti@gibbonslaw.com | bio | vCard | linkedin

**Gibbons P.C.** | One Pennsylvania Plaza | 45th Floor, Suite 4515 | New York, NY 10119
**m:** 212-613-2000 | **f:** 212-290-2018 | office | map

gibbonslaw.com | gibbonslawalert.com

---

**From:** Paul.Schafhauser@gtlaw.com <Paul.Schafhauser@gtlaw.com>
**Sent:** Wednesday, July 17, 2024 4:06 PM
**To:** Korschun, Charles S. <CKorschun@gibbonslaw.com>; gomezc@gtlaw.com
**Cc:** Amalfe, Christine A. <CAmalfe@gibbonslaw.com>; Sidoti, Mark S. <MSidoti@gibbonslaw.com>
**Subject:** RE: Parker v. Bursor, 24-cv-245 (SDNY) - Subpoena to Ivan Wilzig

> **External Email:** Use caution with links and attachments.

Charlie,

Thanks for reaching out. Unfortunately, however, I think we're at an impasse because you and Mark indicated – and candidly so – that you cannot back away from these requests, and we do not think that the requests are proper or warranted.

Thanks again.

Paul

**Paul H. Schafhauser**
Shareholder

Greenberg Traurig, LLP
500 Campus Drive, Suite 400 | Florham Park, NJ 07932-0677
T +1 973.443.3233 | C 201 787 2671
Paul.Schafhauser@gtlaw.com | www.gtlaw.com | View GT Biography

**GT GreenbergTraurig**

---

**From:** Korschun, Charles S. <CKorschun@gibbonslaw.com>
**Sent:** Tuesday, July 16, 2024 4:55 PM

**To:** Schafhauser, Paul H. (Shld-NJ-LT) <Paul.Schafhauser@gtlaw.com>; Gomez, Clarissa A. (Assoc-NJ-LT) <gomezc@gtlaw.com>
**Cc:** Amalfe, Christine A. <CAmalfe@gibbonslaw.com>; Sidoti, Mark S. <MSidoti@gibbonslaw.com>
**Subject:** Parker v. Bursor, 24-cv-245 (SDNY) - Subpoena to Ivan Wilzig

**\*EXTERNAL TO GT\***

Paul and Clarissa,

Checking back following our conversation yesterday to see if you have had the opportunity to speak further with Mr. Wilzig regarding his response to the subpoena and issues we discussed. Please let us know a good time we can discuss where things stand – we are generally available in the afternoon tomorrow.

Thanks,
Charlie

**CHARLES S. KORSCHUN** | Director
Business & Commercial Litigation Group
**t:** 973-596-4413 | **c:** 201-306-0334 | **f:** 973-639-6368
ckorschun@gibbonslaw.com | bio

**Gibbons P.C.** | One Gateway Center | Newark, NJ 07102-5310
**m:** 973-596-4500 | **f:** 973-596-0545 | office | map

gibbonslaw.com | gibbonslawalert.com

**Disclaimer**
The contents of this message, together with any attachments, may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, printing, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please do not read this message or any attachments and please notify me immediately by reply e-mail or call Gibbons P.C. at 973-596-4500 and delete this message, along with any attachments, from your computer.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.