UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELICA PARKER,

        Plaintiff,

   v.

SCOTT BURSOR AND BURSOR & FISHER, P.A.,

        Defendants.

Civil Action No. 1:24-cv-00245 (JGLC) (RFT)

---

### NON-PARTY MOVANT IVAN WILZIG'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

GREENBERG TRAURIG, LLP
Paul H. Schafhauser, Esq.
Clarissa Gomez, Esq.
One Vanderbilt Avenue
New York, New York 10017
Tel.: (212) 801-9200

*Attorneys for Non-Party Movant Ivan Wilzig*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL ARGUMENT .....................................................................................................................3

    I.      THE SUBPOENA SHOULD BE QUASHED .........................................................3

          A.     Defendants Can Obtain The Requested Information From Less Burdensome And Oppressive Means ............................................................3

          B.     The Subpoena Is Overbroad On Its Face And Seeks Documents That Are Not Relevant To Any Of The Issues In This Action ....................6

          C.     The Subpoena Is Unduly Burdensome and Not Proportional To The Needs Of The Case ................................................................................8

          D.     The Court Should Award Legal Fees and Costs In Favor of Mr. Wilzig ...........................................................................................................11

CONCLUSION ............................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                   **Page(s)**

*In re 650 Fifth Ave. & Related Props.*,
  No. 08 Civ. 10934, 2013 WL 12335763 (S.D.N.Y. Aug. 29, 2013) .........................................3

*Alcon Vision, LLC v. Allied Vision Grp., Inc.*,
  2019 WL 4242040 (S.D.N.Y. Sept. 6, 2019)................................................................................4

*Amphenol Corp. v. Fractus, S.A.*,
  No. 19 Misc. 160 (PAE), 2019 WL 2521300 (S.D.N.Y. June 19, 2019) ..................................5

*Athalonz, LLC v. Under Armour, Inc.*,
  2024 WL 555685 (S.D.N.Y. Apr. 10, 2024).............................................................................8, 9

*Brennan v. Mylan, Inc.*,
  2023 WL 2445344 (W.D.N.Y. March 10. 2023).................................................................5, 10

*Burns v. Bank of Am.*,
  2007 WL 1589437 (S.D.N.Y. June 4, 2007) ............................................................................4

*Concord Boat Corp. v. Brunswick Corp.*,
  169 F.R.D. 44 (S.D.N.Y. 1996) ................................................................................................10

*Cooper v. Hill*,
  2016 WL 7366976 (W.D.N.Y. Dec. 20, 2016) .........................................................................11

*Donoghue v. Nostro*,
  2022 WL 4462867 (W.D.N.Y. Sept. 26, 2022) ........................................................................10

*Est. of Tillman v. City of New York*,
  345 F.R.D. 379 (E.D.N.Y. 2024) ................................................................................................9

*Haber v. ASN 50th St., LLC*,
  272 F.R.D. 377 (S.D.N.Y. 2011) ................................................................................................4

*Henry v. Morgan's Hotel Grp., Inc.*,
  2016 WL 303114 (S.D.N.Y. Jan. 25, 2016) ..............................................................................5

*Jam Indus. USA, LLC v. Gibson Brands, Inc.*,
  2020 WL 4003280 (S.D.N.Y. July 15, 2020) ...........................................................................5

*Kenn Zou v. Xiao Han*,
  2018 WL 2258042 (E.D.N.Y. May 16, 2024) ...........................................................................6

*Kirschner v. Klemons*,
  No. 99 Civ. 4828, 2005 WL 1214330 (S.D.N.Y. May 19, 2005).............................................8

*Lemoine v. Mossberg Corp.*,
  2020 WL 3316119 (D. Conn. June 18, 2020)...........................................................................4

*N'Diaye v. Metro Life Ins. Co.*,
  2018 WL 2316335 (S.D.N.Y. May 8, 2018) ..........................................................................3

*Saint-Jean v. Emigrant Mortg. Co.*,
   2015 WL 13735434 (E.D.N.Y. Oct. 7, 2015) ......................................................................... 11

*SEC v. Archer*,
   2018 WL 3424449 (S.D.N.Y. July 2, 2018) ........................................................................... 8

*Solarex Corp. v. Arco Solar, Inc.*,
   121 F.R.D. 163 (E.D.N.Y. 1988) ............................................................................................ 8

**Other Authorities**

Fed. R. Civ. P. 26 ................................................................................................................................ 1
Fed. R. Civ. P. 45 ................................................................................................................................ 1
Fed. R. Civ. P. 45(d)(1) ........................................................................................................ 10, 11, 14
Fed. R. Civ. P. 45(d)(3)(A) ................................................................................................................ 3
Fed. R. Civ. P. 45(d)(3)(A)(iv) ........................................................................................................ 14

Non-Party Movant Ivan Wilzig ("Mr. Wilzig") respectfully submits this reply memorandum of law pursuant to Fed. R. Civ. P. 26 and 45 in further support of the instant motion to quash the Subpoena dated June 24, 2024 (the "Subpoena") served by defendants Scott Bursor ("Bursor") and Bursor & Fisher, P.A. (collectively, "Defendants") and for the entry of a Protective Order.

## PRELIMINARY STATEMENT

The Subpoena is a blatant abuse of the discovery process. The Subpoena is egregiously burdensome, cumulative, and overbroad. That, however, undoubtedly is the point: Defendants would like nothing more than to harass Mr. Wilzig, a non-party who they assert is friendly with Plaintiff, with onerous and costly discovery requests that relate to persons and periods far beyond those apparently at issue between Plaintiff and Defendants (although, as Defendants admit, the precise nature of the allegations in the Complaint remain unavailable to Mr. Wilzig).

At best, Defendants' requests are properly directed to the Plaintiff in this case – not to a non-party such as Mr. Wilzig. Unlike Mr. Wilzig, Plaintiff chose to bring this case and can review the filings that are under seal. Therefore, Plaintiff, not Mr. Wilzig, should be asked to address Defendants' incredibly burdensome discovery requests. For his part, Mr. Wilzig, a non-party, is not allowed to review the sealed pleadings in this case – yet Defendants nonetheless propose that Mr. Wilzig be burdened with even more onerous discovery requests than Plaintiff herself apparently has addressed to date. If, however, Defendants have need of documents relating to Plaintiff's communications with Mr. Wilzig, Defendants can and should get those documents from Plaintiff. Defendants either have already done so or have their remedies under the Rules if they have not obtained such documents from Plaintiff to date.

Defendants have offered no justification as to why they should be permitted to burden third parties such as Mr. Wilzig with a host of requests dating back seventeen years when, admittedly,

any relevant documents requested pursuant to the Subpoena are either already in Defendants' possession or could be obtained from Plaintiff.  Defendants have time and again – throughout two lengthy "meet and confers" regarding the Subpoena – refused to narrow the scope of their overbroad and unduly burdensome Subpoena to Mr. Wilzig, a non-party.  Defendants also rejected Mr. Wilzig's offer – made in a good faith attempt to avoid needless further motion practice – to search for and produce documents in his possession that reference Defendants for the allegedly relevant time period.  Mr. Wilzig's motion is properly before this Court because Defendants have made clear, both during the meet and confers and through the arguments contained in Defendants' opposition to the instant motion, that Defendants simply will not narrow the scope of their overbroad requests.  Defendants should not be allowed to burden Mr. Wilzig, a non-party, with discovery requests that are grossly overbroad, disproportionate, cumulative and misdirected at best.

For these reasons, as more fully set forth below, Mr. Wilzig respectfully submits that the Court should quash the Subpoena in its entirety and preclude Defendants from otherwise seeking such documents and information from Mr. Wilzig.  In all events, the Court should enter a Protective Order prohibiting Defendants from needlessly harassing Mr. Wilzig with requests for "discovery" that are grossly overbroad, disproportionate and cumulative.

## LEGAL ARGUMENT

I. **THE SUBPOENA SHOULD BE QUASHED**

A. **Defendants Can Obtain The Requested Information From Less Burdensome And Oppressive Means**

A subpoena must be quashed when it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The Subpoena here should be quashed.

As a threshold matter, while the Court has permitted Mr. Wilzig access to Defendants' filings in opposition to the instant motion to quash, including access to the Declaration of Scott Bursor ("Bursor Decl."), Mr. Wilzig *still* does not have a copy of the pleadings in this action. Therefore, Mr. Wilzig cannot possibly know the precise allegations in the Complaint or Defendants' defenses to those allegations. In any event, while Mr. Wilzig disputes the allegations contained in the Bursor Decl., those allegations make it abundantly clear that the documents and information sought in the Subpoena are either already in Defendants' possession, custody, and control, or can otherwise be obtained directly from a party-opponent, Plaintiff. Significantly, Defendants do not and cannot dispute these realities.

On a motion to quash and for a protective order, the court *must* consider whether the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, and whether the party seeking the discovery had ample opportunity to obtain it. *See N'Diaye v. Metro Life Ins. Co.*, 2018 WL 2316335 (S.D.N.Y. May 8, 2018). All of these factors weigh in favor of granting Mr. Wilzig's motion.

"[W]ithin this Circuit, courts have held nonparty status to be a significant factor in determining whether discovery is unduly burdensome." *In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934, 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013). Here, Defendants have not disputed – and cannot dispute – that Mr. Wilzig is a non-party to this action and does not have any

3

interest or stake in the outcome of this action. Moreover, Defendants *admit* that they have sought the same exact documents and information from Plaintiff. Although Defendants assert that "Plaintiff has ignored her deadlines to provide responses to written discovery served by Defendants, an immediate red flag that her document production may be incomplete or delayed", such baseless and unfounded assertions about a mere possibility is not sufficient reason to permit Defendants to unduly burden a non-party to this action. Indeed, Defendants have other recourse if Plaintiff does, in fact, default on her discovery obligations, as Defendants appear to allege.

If, as Defendants suggest, Plaintiff is in default of her discovery obligations, the proper recourse would be for Defendants to seek to compel *Plaintiff's* compliance – not to compel a third-party with no stake in the outcome of this case to produce the very same documents that Plaintiff allegedly has been asked to produce but has not yet produced. "**[*S*]*ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34*.**" *Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (emphasis added) (granting motion to quash subpoena where that subpoena sought "precisely the same documents as demanded in [the] First Request for the Production of Documents [directed to defendant]."); *see also Alcon Vision, LLC v. Allied Vision Grp., Inc.*, 2019 WL 4242040, at *2 (S.D.N.Y. Sept. 6, 2019); Haber v. ASN 50th St., LLC, 272 F.R.D. 377, 382 (S.D.N.Y. 2011).

Courts in this Circuit have "consistently granted motions to quash where the subpoenaed documents were requested from or could have been requested from the party-opponent during the normal course of discovery." *Lemoine v. Mossberg Corp.*, 2020 WL 3316119, at *1 (D. Conn. June 18, 2020). Further, even if the discovery sought was relevant, it should only be permitted if, and to the extent that, it is "proportional" in the context of the case—a limitation intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse[.]"

*Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (internal quotation omitted) (quashing subpoena for employment records that called for "[a]ll documents and communications . . . referring or related to [plaintiff]" and collecting cases that reject such requests for "any and all documents") (citations omitted).

  Defendants, however, contend that "the fact that information can be obtained from parties in the litigation is not dispositive", and rely upon unpublished cases that are readily distinguishable from the instant situation.  For example, *Brennan v. Mylan, Inc.*, 2023 WL 2445344 (W.D.N.Y. March 10. 2023) involved a deposition subpoena – not a subpoena for documents containing 46 separate requests and dating back over seventeen years.  Similarly, *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280 (S.D.N.Y. July 15, 2020) involved a subpoena for documents and testimony which contained only six topics and document requests – and, in any event, the court in *Jam Indus. USA* granted in part the movant's motion to quash upon finding that over half of the requests were not proportional or entirely relevant to the subpoenaing party's legitimate needs.

  *Amphenol Corp. v. Fractus, S.A.*, No. 19 Misc. 160 (PAE), 2019 WL 2521300 (S.D.N.Y. June 19, 2019) is also readily distinguishable.  In *Amphenol*, plaintiff Fractus, a Spanish antenna technology innovator, commenced a patent infringement action against major U.S. cellular carriers ("Carrier Defendants"). Fractus served subpoenas on petitioner Amphenol seeking documents related to certain antennas sold by Amphenol in the United States and Amphenol's agreements with the Carrier Defendants.  In denying Amphenol's motion to quash, the court noted: "Fractus represents that it has 'encountered numerous discrepancies between technical, sales and marketing documents produced by the Carrier Defendants and those produced by third-party antenna providers like Amphenol.' . . . Given Amphenol's important role in this controversy – as a result of its business dealings with the Carrier Defendants involving allegedly infringing antennas it

5

manufactured – the materials that Fractus seeks are important to efforts to prove infringement and damages." There are plainly no similar concerns in this situation. Defendants cite no "discrepancies" between documents produced by Plaintiff and others, nor did Mr. Wilzig have any business dealings with any party here of the kind at issue in *Amphenol.* At very most, Mr. Wilzig is being subpoenaed because of his friendship with the Plaintiff – but if every friend of a litigant were subjected to a subpoena seeking documents, without rhyme or reason, for the last seventeen years, the guideposts relating to legitimate discovery would be vitiated.

For these reasons, Mr. Wilzig respectfully submits that the Court should grant the instant motion and quash the Subpoena in all respects.

### B.  The Subpoena Is Overbroad On Its Face And Seeks Documents That Are Not Relevant To Any Of The Issues In This Action

Defendants do not dispute that Plaintiff's allegations against Defendants appear to concern allegations of sexual assault and abuse that allegedly occurred between Plaintiff and Defendant Bursor beginning in or around July 2020.[1] Even so, Defendants maintain their baseless position that they should be allowed to seek documents that date back to over seventeen years ago – despite the fact that Plaintiff apparently has not alleged that any related acts occurred prior to July 2020 (i.e., only four years ago). Moreover, the Subpoena seeks documents relating to a host of individuals who are not parties and have no discernible interest in the outcome of this case. The Subpoena is plainly overbroad and should be quashed for this reason, too. *See Kenn Zou v. Xiao Han*, 2018 WL 2258042 (E.D.N.Y. May 16, 2024) ("[T]he documents requested are from 1996.

---

[1] Again, Mr. Wilzig has not been provided with and cannot access the Complaint or Answer filed in this action. Therefore, Mr. Wilzig cannot know the specific details of the allegations and defenses contained therein. Nevertheless, Defendants have not disputed Mr. Wilzig's characterization of the nature of the claims against Defendants as set forth in the Complaint, characterizations which are based on the Summons with Notice [ECF No. 1-1], which is publicly available.

6

Plaintiffs have not alleged *any* related acts that occurred between 1996 and 2006.") (Emphasis added).

In opposition, Defendants repeatedly and heavily rely upon "Wilzig's inclusion in Plaintiff's Rule 26(a) Initial Disclosures" as "proof" that Mr. Wilzig has "extensive information relevant to this litigation." (Opp. Brf. at 13). Defendants further contend that "each of the topics covered by the document requests are clearly directed to seeking relevant information and documents based on Wilzig's relationship with the **parties.**" (*Id.* at 12). Contrary to these assertions and as more fully set forth in Mr. Wilzig's moving papers (*see* Moving Brf. at 8), the topics in the Subpoena cover a host of documents that relate to no less than eighteen ***non-parties*** to this action.

Defendants further rely upon text messages between **Plaintiff** and Mr. Wilzig – texts messages that Defendants apparently already have – as "evidence" that Mr. Wilzig has relevant information. But Defendants admittedly already have at least some if not all of the information they seek through the 46 separate requests contained in the Subpoena, and Defendants can otherwise obtain any remaining information from much less oppressive and burdensome means – namely, by compelling Plaintiff, not Mr. Wilzig, to comply with any allegedly outstanding document requests.

Defendants' assertion that "Wilzig's knowledge is directly relevant to a central defense in this litigation" (Opp. Brf. at 14) misses the mark for a host of reasons. First, Defendants' assertion of "relevance" is self-serving but cannot truly be tested by Mr. Wilzig since the nature of the allegations in this case are unavailable to him. Therefore, unless and until Mr. Wilzig has an opportunity to review the Complaint and Answer in this case, Defendants' assertions of relevance should not be the final word. Second, even if Mr. Wilzig had information relevant to the Defendants' defense, that does not change the fact that the Subpoena is overbroad and unduly burdensome – nor does it give Defendants carte blanche right to unduly burden a non-party to this

action with 46 separate requests of documents that, to the extent they even seek documents that are relevant to the issues in this action, can and should be obtained from Plaintiff.[2] "A subpoena that pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005).

For this reason, too, Mr. Wilzig respectfully submits that the Court should grant the instant motion and quash the Subpoena in all respects. Anything beyond that would be grossly overbroad.

### C. The Subpoena Is Unduly Burdensome and Not Proportional To The Needs Of The Case

Contrary to Defendants' arguments, Mr. Wilzig has sufficiently demonstrated that the Subpoena is unduly burdensome and not proportional to the needs of the case. As Defendants acknowledge, "determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." Opp. Brf. at 16-17 (quoting *SEC v. Archer*, 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018). ***Non-party status is "significant in determine whether compliance with a discovery demand would constitute an undue burden*****.**" *Athalonz, LLC v. Under Armour, Inc.*, 2024 WL 555685 (S.D.N.Y. Apr. 10, 2024) (emphasis added) (quoting *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (finding that the subpoenaed party's "non-party status weighs heavily in his favor" and further finding that "any testimony or documents Harper could provide would be duplicative of discovery that Athalonz may obtain from its party opponent"). Mr. Wilzig has described how each of the other factors weighs conclusively in favor

---

[2] Significantly, Mr. Wilzig expressly offered to produce communications and documents that reference the Defendants here and for the allegedly relevant time period; Defendants, however, rejected this compromise. *See* Legal Argument at Section I.D below.

of a determination that the Subpoena is unduly burdensome. *See* Moving Brf. at 7-9; Legal Argument at I.A and I.B. above.

Mr. Wilzig has not, as Defendants contend, "deploy[ed] only a handful of generalized objections." (Opp. Brf. at 17). Instead, and by way of example only, Mr. Wilzig has detailed why the vast majority of the requests are presumptively overbroad and improper because they request "documents, including text messages and e-mails" with or concerning a significant number of individuals who are not even parties to this action and are otherwise not narrowly tailored in any respect. (Moving Brf. at 7-9.) In fact, in *Est. of Tillman v. City of New York*, 345 F.R.D. 379 (E.D.N.Y. 2024), the district court recently rejected the same arguments that Defendants make here – i.e., that the subpoenas at issue sought relevant materials and that the subpoenaed party failed to articulate the undue burden that they would suffer if made to comply with the subpoena. The district court instead held that plaintiff, the subpoenaing party, failed to demonstrate why the requested documents "are relevant or, for that matter, proportionate to the needs of the case." *Id.* at 385-86. This Court should hold likewise here.

At bottom, the requests contained in the Subpoena "are ***limited neither by time nor by the claims and defenses in this action – and even if relevant, such requests are outweighed by the burden on [the subpoenaed non-party] of responding to indiscriminately broad claims***. . . . Balancing 'relevance, [the subpoenaing party's] need for the [requested] documents, whether the documents are available from other sources [], the particularity with which the documents are described, and costs [to the subpoenaed non-party]", compelling the Subpoena would be overly burdensome to Mr. Wilzig. *Athalonz, LLC*, 2024 WL 555685 (emphasis added).

Mr. Wilzig is not arguing that the Subpoena is unduly burdensome based on "mere inconvenience", as Defendants suggest. (Opp. Brf. at 17). Instead, Mr. Wilzig has made clear that

9

compliance with the Subpoena would require him – a person who has no interest in the outcome of this case – to search for documents and information that date back to over seventeen years ago, and which are not even described with any level of particularity.  It is unclear how Mr. Wilzig would even go about conducting such searches. Moreover, the sole case relied upon by Defendants for their baseless "mere inconvenience" argument was in the context of a deposition subpoena – ***not*** a subpoena, like here, which contains 46 separate document requests and seeks documents dating back seventeen years ago.  *See Brennan*, 2023 WL 2445344.

In a last-ditch attempt to prevent the overbroad and improper Subpoena from being quashed, Defendants argue that the Court should instead modify the Subpoena.  As set forth in Mr. Wilzig's moving brief, courts have declined to modify a subpoena where "virtually half of the twenty-two requests for documents [] are vague, inexplicit, and overbroad", finding that "it is beyond the capabilities of this Court to divine precisely which of the voluminous documents received, created, or maintained by [the subpoenaed party] in the course of its relationship with [defendant] might assist plaintiffs' preparation of their underlying [] suit."  *Concord Boat Corp.*, 169 F.R.D. at 53-54. Here, ***all*** 46 requests are "vague, inexplicit, and overbroad".  This Court should not be burdened with attempting to modify a Subpoena that is overbroad on its face.  It is not the Court's job to do Defendants' work for them; instead, it is Defendants' obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." (Fed. R. Civ. P. 45(d)(1)). Defendants have utterly failed to do so here.

The cases relied on by Defendants are either completely inapposite or support Mr. Wilzig's motion to quash.  In *Donoghue v. Nostro*, 2022 WL 4462867 (W.D.N.Y. Sept. 26, 2022), the subpoena at issue contained only thirteen categories of documents and requested over nine years of documents and communications; the subpoenaing party subsequently reduced the demands from

10

thirteen to ten and limited the time period from nine to three years. The Court exercised its discretion to further modify the scope of the subpoena. Here, on the other hand, Defendants have not offered to narrow down the scope of their Subpoena in *any* respect; Defendants' opposition does not specify any "modifications" that Defendants have in mind.

In *Cooper v. Hill*, 2016 WL 7366976, at *2 (W.D.N.Y. Dec. 20, 2016), the court noted that "courts will tend to grant motions to quash when subpoenas are so broad that they seek 'any and all documents relating to' the subject matter in question." That is precisely what the Subpoena at issue here seeks. The Subpoena therefore should be quashed in its entirety, and there is no need or basis for the Court to exercise its discretion to modify the Subpoena.[3]

### D.     The Court Should Award Legal Fees and Costs In Favor of Mr. Wilzig

Mr. Wilzig should be awarded his legal fees and costs pursuant to Fed. R. Civ. P. 45(d)(1). As Defendants acknowledge, when determining whether to award fees and costs, the court undertakes a two-part inquiry: "(i) whether the challenged subpoena imposed an undue burden or expense on the person(s) subject thereto; and (ii) if so, what, if any, 'reasonable steps' the subpoenaing party and its counsel took to avoid imposing such a burden." *Saint-Jean v. Emigrant Mortg. Co.*, 2015 WL 13735434, at *3 (E.D.N.Y. Oct. 7, 2015). As set forth above and in Mr. Wilzig's moving brief, the Subpoena plainly imposes an undue burden and expense upon Mr. Wilzig, a non-party. The Subpoena was issued as part of a fishing expedition, includes requests that are unnecessarily cumulative, seeks information that is not narrowly tailored to the issues in

---

[3] Alternatively, if and only if the Court were inclined to hold that Defendants are entitled to burden a non-party with requests for documents that can be obtained from Plaintiff and/or modify the Subpoena as Defendants request, the Court should modify the Subpoena to require Mr. Wilzig to search for and produce only those documents in his possession that specifically reference Defendants for the allegedly relevant time period (i.e., July 2020 to the date of the filing of the Complaint).

this action, and requests information that can and should have been sought through less intrusive means. As to the second prong, Defendants did, in fact, refuse to narrow the scope of the Subpoena. Mr. Wilzig expressly offered to search for and produce communications and documents that reference Mr. Bursor or Bursor and Fisher. Defendants, however, have repeatedly refused to withdraw or otherwise narrow the overbreadth of the 46 separate requests contained in the Subpoena. An award of fees and costs is warranted under these circumstances.

Contrary to Defendants' assertions, Mr. Wilzig's motion is not procedurally improper[4] and there is no basis for his request for fees and costs to be denied. First, Mr. Wilzig did not, as Defendants baselessly contend, "rush[] to declare an impasse". Instead, counsel participated in a good faith meet and confer with Defendants' counsel on two occasions – the first having occurred on July 15, 2024, at which time Mr. Wilzig's counsel expressed many objections and concerns regarding the Subpoena and as has been more fully detailed in his motion. In response, Defendants' counsel provided the same refrain as is seen through their opposition brief – that, in her initial disclosures, Plaintiff identified Mr. Wilzig as an individual with knowledge. Defendants' counsel further advised that they would not be withdrawing the Subpoena or limiting its scope. It was based on those representations that Mr. Wilzig, in order to preserve his objections and right to seek to quash the Subpoena, filed his motion to quash on the eve of the Subpoena's return date. By Order dated July 19 [ECF No. 99], this Court graciously accepted Mr. Wilzig's motion to quash, noting that the motion is within the Magistrate Judge's scope of reference, and set oral argument on the motion for July 30, 2024, with Defendants' opposition due by July 24, 2024. Despite that July 19 order, on the same date, Defendants nevertheless proceeded to file a "letter motion" which

---

[4] Mr. Wilzig does not take any position regarding Defendants' argument that Plaintiff's letter is untimely and should be stricken.

contained various misstatements, as well as many of the same arguments set forth in their opposition to Mr. Wilzig's motion to quash [ECF No. 100]. Notably, while Defendants take issue with the timing of Mr. Wilzig's motion, Defendants themselves conceded that it was unclear if the issues between the parties can be resolved. *Id.* Defendants left Mr. Wilzig no choice but to submit a letter addressing the misstatements contained in Defendants' July 19 letter [ECF No. 107].

As noted in Mr. Wilzig's July 24 response letter, in a further effort to obviate the need for this Court's intervention, counsel again met and conferred on July 24. During that meet and confer, Mr. Wilzig advised Defendants that he would be prepared to search for and produce a narrowly-tailored category of documents referring to Defendants for the allegedly relevant time period. Defendants, however, rejected this proposal. Instead, Defendants maintained their position that they would not withdraw or otherwise narrow down the scope or time period of the requests in the Subpoena. Thus, since Defendants have refused to budge despite two meet and confers, it is abundantly clear that the parties cannot resolve the issues related to the Subpoena. Defendants' overwrought opposition only confirms that Defendants are unwilling to modify or limit the overbreadth of their requests. Mr. Wilzig's motion to quash is properly before this Court, and the Court should direct Defendants to reimburse Mr. Wilzig for his legal fees and costs incurred in connection with the Subpoena.

## **CONCLUSION**

For the foregoing reasons and for the reasons set forth in his moving papers, non-party movant Ivan Wilzig respectfully requests, pursuant to Rule 45(d)(1) and (d)(3)(A)(iv), that the Court quash the Subpoena in its entirety, enter a Protective Order and award Mr. Wilzig such other relief as the Court deems just and proper, including fees and costs pursuant to Rule 45(d)(1).

Dated: New York, New York
July 31, 2024

GREENBERG, TRAURIG, LLP

By: */s/ Paul H. Schafhauser*
Paul H. Schafhauser, Esq.
Clarissa Gomez, Esq.
One Vanderbilt Avenue
New York, New York 10017
Tel.: (212) 801-9200

*Attorneys for Non-Party Movant Ivan Wilzig*

## **CERTIFICATE OF SERVICE**

I, Paul H. Schafhauser, hereby certify that on July 31, 2024, I caused the foregoing document to be electronically filed with the United States District Court for the Southern District of New York through the CM/ECF system, and that a copy is being served on all counsel of record via CM/ECF.

*/s/ Paul H. Schafhauser*
Paul H. Schafhauser

ACTIVE 700561509v3