

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

September 6, 2024

**FILED ON ECF VIA LETTER-MOTION**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

      Re:    *Parker v. Bursor*, 24-cv-245 (JGLC) (RFT)
              Response to Plaintiff's Letter on Communications with Witnesses

Dear Magistrate Judge Tarnofsky:

      This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. We write in response to Plaintiff's letter filed September 2, 2024 (ECF 143), which was submitted in connection with the Court's Order on August 15, 2024 (ECF 134) (the "August 15 Order").

      The August 15 Order was entered to address threatening and intimidating communications made by Plaintiff to witnesses to the action that seek to improperly influence witness testimony. In addition to ordering that Plaintiff immediately cease all such communications, the August 15 Order directed Plaintiff to indicate "the volume of communications during the relevant period between Plaintiff and the individuals listed on the parties' initial disclosures." The relevant period discussed at the hearing is roughly from the beginning of 2024 to date. Plaintiff has identified forty-four (44) witnesses in her most recent Fourth Amended Initial Disclosures submitted August 22, 2024, and additional witnesses have been identified in Defendants' disclosures.

      Plaintiff's September 2 letter reported that the volume of such messages is "in excess of 83,000 messages." In the letter, Plaintiff represented that "virtually all of the 83,000+ messages are between her and her friends" and argued that Plaintiff's friendship with the recipients should be interpreted to mean that "the volume of messages is not indicative that Ms. Parker engaged in any inappropriate or threatening communications with witnesses." Plaintiff did not, however, provide the number of communications identified between Plaintiff and each individual witness. Plaintiff reported that they expect to complete review and production of all such documents by September 17, 2024.

      On September 4, 2024, Defendants wrote to Plaintiff to request that Plaintiff provide the number of communications for each individual witness rather than an approximate total number of communications across all witnesses. Defendants proposed that identifying the volume for individual witnesses would better enable the parties and the Court to identify the extent to which the messages were predominantly among Plaintiff's friends (as represented by Plaintiff) and could

assist with prioritizing review of the messages given the high volume. It would also help to identify those witnesses with whom Plaintiff may have had little or no communication, which we presume to be the case for a number of the witnesses. Since Plaintiff clearly searched the data by witness name, Defendants are aware of no burden to Plaintiff required to report these numbers. Nevertheless, Plaintiff has refused to provide this information, notwithstanding the Court's Order to identify the volume of communications with "individuals." No justification has been provided for the refusal, nor does it even appear to be in Plaintiff's interest to withhold such information inasmuch as it would presumably establish limited or no communication with some witnesses.

Defendants interpret the Court's Order to already require Plaintiff to provide the requested individual hit counts, based on its direction that Plaintiff provide the number of communications for "individuals." Regardless of whether this was intended by the Order, however, Plaintiff should now provide the number of individual hit counts for these messages. Plaintiff has made representations to the Court based on their assessment of the distribution among witnesses who are Plaintiff's "friends," as compared to others, and should be required to provide evidence of these assertions. Moreover, to the extent Plaintiff does not complete production of all of the documents by September 17, Defendants and the Court will at least be aware of the volume of communications that have occurred between Plaintiff and each witnesses so that further review can be as focused and efficient as possible.

Finally, and importantly, there is no legitimate reason for Plaintiff to hide this information, particularly since there is little to no burden for providing it. Instead, the refusal to identify the count for each listed witness, as opposed to the aggregate count over more than forty witnesses, appears to be evasive of the intent to shed light on the volume and extent of communications that could involve witness tampering. Given the seriousness of the tampering issue that the production is required to address, full transparency is necessary. Defendants therefore respectfully request that the Court order Plaintiff to immediately provide the separate hit counts of all communications identified between Plaintiff and each individual witness during the relevant period.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Christine A. Amalfe*

Christine A. Amalfe

cc: All counsel of record (via ECF)