

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

September 23, 2024

**FILED ON ECF VIA LETTER-MOTION**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

   Re: *Parker v. Bursor*, 24-cv-245 (JGLC) (RFT)
      **Letter-Motion for Pre-Motion Conference Regarding**
      **Non-Party Robert Hantman's Failure to Respond to a Subpoena**

Dear Magistrate Judge Tarnofsky:

  This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. We submit this letter-motion pursuant to Local Civil Rule 37.2 and Paragraphs I(D) and III(B) of Your Honor's Individual Practices in Civil Cases ("Individual Practices") to request a pre-motion conference regarding non-party Robert J. Hantman's ("Hantman") failure to respond to a subpoena and Defendants' request to move to hold him in contempt, or in the alternative, to order compliance.

  **I.**  **Background**

  On August 27, 2024, Defendants submitted for service an Information Subpoena directing Hantman to produce certain documents and information, pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Subpoena"). Ex. A. The Subpoena was successfully served via process server on August 27, 2024. Ex. B. The Return Date set forth in the Subpoena – September 16, 2024 – has now passed and Hantman has failed to comply with, object to, or otherwise respond to the Subpoena.[1] *See* FRCP 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). Hantman has not contacted counsel for, or provided any response to, the Subpoena. Hantman is therefore out of time to oppose the Subpoena and may be held in civil contempt or otherwise compelled to respond pursuant to FRCP 45.

  **II.**  **Legal Standard**

  A motion to compel compliance with a subpoena must be made "in the court for the district where compliance is required." FRCP 45(d)(2)(B)(i). Any objection to a subpoena must be served

---

[1] The time for Plaintiff to file a motion to quash or for a protective order regarding the Subpoena has also passed. FRCP 45(d)(2)(B); *see also SEC v. Markman Biologics Corp.*, No. 23-MC-432 (VEC), 2023 U.S. Dist. LEXIS 226968, at *7 (S.D.N.Y. Dec. 15, 2023). Any opposition to this request by Plaintiff, if submitted, would therefore be untimely.

GIBBONS P.C.

Honorable Robyn F. Tarnofsky, U.S.M.J.
September 23, 2024
Page 2

within 14 days of service, or before the time specified for compliance, whichever is earlier. FRCP 45(d)(2)(B); *see also SEC v. Markman Biologics Corp.*, No. 23-MC-432 (VEC), 2023 U.S. Dist. LEXIS 226968, at *7 (S.D.N.Y. Dec. 15, 2023).

The Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." FRCP 45(g). "Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Beare v. Millington*, No. 07-CV-3391 (ERK)(MDG), 2010 U.S. LEXIS 2501, at *7 (E.D.N.Y. Jan. 13, 2010) (citing *Board of Governors of Federal Reserve System v. Pharaon*, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991)).

"Civil contempt is warranted if: '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and unambiguous, (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Ammex Corp. v. Ny Healthlife, LLC*, 24 Misc. 84 (KMK)(JCM), 2024 U.S. Dist. LEXIS 89584, at *8-9 (S.D.N.Y. May 16, 2024). The Court "has the power under [Rule 45(g)] to impose contempt simply on the basis of failure to comply with a subpoena." *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002). "Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena." *Beare*, 2010 U.S. LEXIS 2501, at *7.

### III. Hantman Is In Civil Contempt

First, the Subpoena was properly served in accordance with Rule 45. To prove sufficient service, a party must file "with the issuing court a statement showing the date and manner of service and the names of the persons served" and such statement "must be certified by the server." FRCP 45(b)(4). "Rule 45 does not explicitly demand personal service and Courts in this Circuit have permitted alternative means of service after the subpoenaing party has made diligent attempts to effectuate personal service." *6340 NB LLC v. Capital One, N.A.*, 20-CV-02500 (JMA)(JMW), 2022 U.S. Dist. LEXIS 171751, at *3-4 (E.D.N.Y. Sep. 22, 2022); *In re Bayerische Motoren Werke AG*, No. 22 MC 115 (VB), 2022 U.S. Dist. LEXIS 127995 (S.D.N.Y. July 19, 2022).

Hantman lives in an apartment building staffed by a doorman. When attempting to serve Hantman, the process server noted that "doorman called recipient, refused to come down & refused to allow access." Ex. B. The process server ultimately left the Subpoena with the doorman and followed-up by mailing the Subpoena to Hantman. *Id.* This method of service is proper. *6340 NB LLC*, 2022 U.S. Dist. LEXIS 171751, at *6-7 (finding that leaving a subpoena with a doorman and following up with a mailing constituted a sufficient alternative means of service in light of the fact that service of a summons and complaint has been held proper when served on a building doorman when one cannot gain access beyond the doorman to reach the occupant's door, and that service upon a doorman constitutes sufficient service under New York law). Therefore, the Subpoena was properly served.

Second, the Subpoena was clear and unambiguous. The Subpoena detailed the date, time, and place to send documents and contained the relevant language from Rules 45(c), (d), (e), and (g), which explain how Hantman could properly object to the Subpoena. Ex. A; *see also Ammex*,

GIBBONS P.C.

Honorable Robyn F. Tarnofsky, U.S.M.J.
September 23, 2024
Page 3

2024 U.S. Dist. LEXIS 89584, at *10 (finding a subpoena clear and unambiguous based on these factors); *Valencia v. 3108 N. Blvd. LLC*, 20 Civ. 5293 (OEM) (VMS), 2024 U.S. Dist. LEXIS 19801, at *2 (E.D.N.Y. Feb. 5, 2024) (recommending contempt where "the subpoenas identified the date, time, and location at which [the contemnors] were required to appear and produce the requested documents and information"). Further, the Subpoena was addressed to Hantman and clearly identified the information sought in Schedule A. Ex. A; *see also Ammex*, 2024 U.S. Dist. LEXIS 89584, at *10 (finding a subpoena clear and unambiguous based upon the clarity of the information sought).

Proof of noncompliance with the Subpoena is likewise clear and unambiguous. Hantman has not attempted to comply with the Subpoena, such as by contacting Defendants to discuss it, serving written objections, requesting an adjournment, moving to quash, or making any submission to the Court. *See Valencia*, 2024 U.S. Dist. LEXIS 19801, at *7. The complete absence of any response is clearly a failure to diligently attempt to comply with the Subpoena. Significantly, Hantman is an attorney admitted to practice in the State of New York since 1982. His presumed familiarity as an attorney with rules requiring responses to subpoenas makes his noncompliance inexcusable. Hantman clearly and unambiguously failed to comply with the Subpoena, the proof of his noncompliance is clear and unambiguous, and he has not diligently attempted to comply in a reasonable manner. *Ammex*, 2024 U.S. Dist. LEXIS 89584, at *8-9. Therefore, this Court must find him in contempt pursuant to FRCP 45(g).

### IV. Conclusion

Hantman, who is a licensed attorney with presumed knowledge of Rule 45's requirements, is in contempt of the Subpoena. He was properly served and failed to respond, object, or otherwise attempt to confer with Defendants' counsel regarding the Subpoena. By refusing to respond, Hantman is depriving Defendants of information that may be necessary to their defense. Accordingly, this Court should hold Hantman in contempt and order immediate compliance with the Subpoena.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Christine A. Amalfe*

Christine A. Amalfe

cc:   All counsel of record (via ECF)
      Robert Hantman, Esq. (via email at rhantman@hantmanla.w