# EXHIBIT B

Attorney:
CHRISTINE A. AMALFE
GIBBONS P.C.
ONE GATEWAY CENTER
NEWARK NJ 07102


730161

UNITED STATES DISTRICT COURT-SOUTHERN DISTRICT OF NEW YORK

Index / case #: 1:24-CV-00245

**AFFIDAVIT OF SERVICE**

ANGELICA PARKER
    Plaintiff

SCOTT BURSOR, ET AL
    Defendant

Kings County, State of: New York    Muataz Ahmad    being sworn, says: Deponent is not a party herein, is over the age of 18 years and resides in the State of: New York.

On 8/27/24 at 2:06 am/**pm** at: 150 WEST 56TH STREET APT. 3612 NEW YORK NY 10019

Deponent served the within: NOTICE OF SUBPOENA; SUBPOENA TO PRODUCE DOCUMENTS; SCHEDULE A

On which were set forth the Index No., herein, and date of filing

On: ROBERT J. HANTMAN
(herein after called the recipient) therein named.

☐ **Individual**   By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein

☑ **Suitable Age person**   By delivering thereat a true copy of each to: David Doe (last name refused) - Concierge, a person of suitable age and discretion. Said premises is recipients [✓] Actual Place of Residence   [ ] Actual Place of Business within the State.

☐ **Affixing to Door**   By affixing a true copy of each to the door of said premises which is recipients [ ] Actual Place of Residence   [ ] Actual Place of Business, within the State
Deponent was unable with due diligence to find recipient or person of suitable age and discretion thereat having called there _____

☐ **Corporation or Partnership**   By delivering thereat a true copy of each to: _____ personally. Deponent knew said corporation / partnership so served to be the corporation / partnership described in said aforementioned document as said recipient and knew said individual to be _____ thereof.

☑ **Mailing**   Within 20 days of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipients last known [✓] Actual Place of Residence [ ] Actual Place of Business at 150 West 56th Street, Apt 3612 New York, NY 10019 and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicateon the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☑ **Description**
[✓] Male   [✓] White skin   [ ] Black hair   [ ] 14-20 Yrs   [ ] Under 5'   [ ] Under 100 Lbs
[ ] Female   [ ] Black skin   [ ] Brown hair   [ ] 21-35 Yrs   [ ] 5'0"-5'3"   [ ] 100-130 Lbs
           [ ] Yellow skin   [✓] Gray hair   [✓] 36-50 Yrs   [ ] 5'4"-5'8"   [ ] 131-160 Lbs
           [ ] Brown skin   [ ] Blonde hair   [ ] 51-65 Yrs   [✓] 5'9"-6'0"   [ ] 161-200 Lbs
           [ ] Red skin   [ ] Red hair   [ ] Over 65 Yrs   [ ] Over 6'   [✓] Over 200 Lbs

Other Identifying Features _____

☑ **Military Service**   I asked the person spoken to whether recipient was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ Subpoena Fee Tendered in the amount of _____

☑ Doorman Called Recipient, refused to come down & Refused to allow access

Sworn to before me on 8/29/24

_____
(Print name below signature)
Muataz Ahmad 2034169-DCA

MAJD HUSSEIN
Notary Public - State of New York
No. 01HU0008019
Qualified in Kings County
My Commission Expires 05/17/2027

File No. 118185-110606      Work Order No. 730161

US POSTAGE — PITNEY BOWES

$ 000.97°
ZIP 07631
02 7H
0006143434
AUG 29 2024

FIRST-CLASS

PERSONAL AND
CONFIDENTIAL

9728 3rd Ave Suite 120
Brooklyn, NY 11209

ROBERT J. HANTMAN
150 WEST 56TH STREET, APT 3612
NEW YORK, NY 10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELICA PARKER,<br><br>                              Plaintiff,<br><br>v.<br><br>SCOTT BURSOR and<br>BURSOR & FISHER, P.A.,<br><br>                              Defendants. | Civil Action No.: 1:24-cv-0245 (JGLC) (RFT)<br><br>**NOTICE OF SUBPOENA** |

**PLEASE TAKE NOTICE** that, pursuant to and in accordance with Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, attached is a true and correct copy of the Subpoena to Produce Documents, Information, or Objects in this action that will be served on behalf of defendants Scott Bursor and Bursor & Fisher, P.A. (together, "Defendants") upon non-party Robert J. Hantman.

**PLEASE TAKE FURTHER NOTICE** that the subpoenaed party is requested to produce documents on or before September 16, 2024 at 10:00 a.m. at the offices of Gibbons P.C., One Pennsylvania Plaza, 45th Floor, Suite 4515 New York, New York 10119.

Dated: August 26, 2024

By: s/ Christine A. Amalfe
Christine A. Amalfe, Esq.
Mark S. Sidoti, Esq.
Charles S. Korschun, Esq.
**GIBBONS P.C.**
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY  10119
Tel:  (212) 613-2000
Fax:  (212) 290-2018
camalfe@gibbonslaw.com
msidoti@gibbonslaw.com
ckorschun@gibbonslaw.com

*Attorneys for Defendants*
*Scott Bursor and Bursor & Fisher, P.A.*

TO:    Michael John Willemin, Esq.
         Jeanne-Marie Bates Christensen, Esq.
         Wigdor LLP
         85 Fifth Avenue, 5th Floor
         New York, NY 10003
         *Attorneys for Plaintiff*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Angelica Parker | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:24-cv-00245 JGLC RFT |
| Scott Bursor and Bursor & Fisher, P.A. | ) | |
| | ) | |
| _Defendant_ | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Robert J. Hantman
150 W 56th St., Apt.3612, New York, NY 10019-3836

_(Name of person to whom this subpoena is directed)_

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule "A"

| Place: Gibbons P.C.<br>One Pennsylvania Plaza, 45th Floor, Suite 4515<br>New York, NY 10119 | Date and Time:<br>09/16/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/26/2024

_CLERK OF COURT_

OR

_____     s/ Christine A. Amalfe Esq.
_Signature of Clerk or Deputy Clerk_     _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Defendants Scott Bursor and Bursor & Fisher, P.A. , who issues or requests this subpoena, are:
Christine A. Amalfe, Esq., Gibbons P.C. One Gateway Center, Newark, New Jersey 07102, camalfe@gibbonslaw.com, 973 596 4829

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).