# VOZZOLO LLC
### COUNSELLORS AT LAW
———

499 ROUTE 304
NEW CITY, NEW YORK 10956
PHONE: 201-630-8820
FACSIMILE: 201-604-8400

*Writers' Email:*
*avozzolo@vozzolo.com*

**LETTER MOTION** *(VIA ECF)*

September 25, 2024

The Honorable Jessica G.L. Clarke
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

**RE:**   *Parker v. Bursor et al.*, No. 24-cv-0245 (JGLC) (RFT)

Dear Judge Clarke:

Non-party Lara Goldfeder, M.D. ("Dr. Goldfeder"), through her undersigned attorney, submits this letter-motion, pursuant to Federal Rule of Civil Procedure 5.2 and Rule 5 of Your Honor's Individual Rules and Practices in Civil Cases, to request permission to file under seal her Motion to Intervene (the "Motion" or "Motion to Intervene") and accompanying Declaration regarding Defendants' pending motion to seal in this action, and to request that any responsive and reply papers filed in connection with Dr. Goldfeder's Motion likewise be ordered to be filed under seal.

The Court evaluates three factors when exercising its discretion to grant a motion to seal. *First*, the Court assesses whether the item filed is a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (second quoting *United States v. Amodeo*, 44 F.3d 144, 145 (2d Cir. 1995)). *Second*, the Court determines the weight of the "common law presumption of access" to the judicial document. *Id.* *Finally*, the Court then "balance[s] competing considerations" against the presumption, including factors such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

As detailed in Dr. Goldfeder's Motion to Intervene, her Motion and accompanying Declaration raise the precise countervailing considerations that warrant sealing. Specifically, Dr. Goldfeder's Motion and supporting papers raise issues that implicate her children's privacy interests, including the contents of the subpoena that Plaintiff issued to her and the subject matter

Honorable Jessica G.L. Clarke
September 25, 2024
Page 2

of the claims in this case, as described in the publicly-filed Amended Summons with Notice. Dr. Goldfeder respectfully submits that the privacy interests of her three daughters outweigh any minimal interest the public may have in these proceedings, including in her Motion to Intervene. *See, e.g.*, *Lockwood v. Dunkirk City Sch. Dist.*, Civ. No. 21-941, 2024 WL 1832488, at *2 (W.D.N.Y. Apr. 26, 2024) (granting motion to seal because the privacy interests of children are "particularly compelling" and "savvy reader[s]" could deduce the children's identity through "merely redacting names" (citations omitted)); *Hilbert S. v. County of Tioga*, Civ. No. 03-193, 2005 WL 1460316, at *15 (N.D.N.Y. June 21, 2005). Indeed, the parties have little legitimate interest in exposing the contents of her subpoena or her Motion to Intervene to the public, particularly given that the Complaint and many substantive pleadings in this case remain under seal.

In the interests of her children, Dr. Goldfeder respectfully requests that she be permitted to file her Motion to Intervene and her accompanying Declaration under seal. She further requests that the Court order that any documents filed in response or in reply to her Motion to Intervene be filed under seal. To the extent the Court declines this request, Dr. Goldfeder respectfully requests that she be granted permission to file her Motion and accompanying Declaration under partial seal with redactions.

I thank the Court for its attention to this matter.

Respectfully,

By: */s/ Antonio Vozzolo*
Antonio Vozzolo, Esq.

cc:   All counsel of record (via ECF)