

**Paul H. Schafhauser**
Tel 973.443.3233
Fax 973.301.8410
paul.schafhauser@gtlaw.com

September 30, 2024

**VIA ECF**

Honorable Robyn F. Tarnofsky, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

      Re:    Angelica Parker v. Scott Bursor et al., Docket No. 1:24-cv-245

Dear Magistrate Judge Tarnofsky:

      This firm represents non-party Ivan Wilzig in connection with the Subpoena served upon Mr. Wilzig (the "Subpoena") by defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. We respectfully submit this letter in response to Defendants' September 24, 2024 letter motion [ECF Doc. 161] and in advance of the October 1, 2024 telephonic status conference.

      As a threshold matter, Mr. Wilzig and this firm are unable to access the sealed filings on the docket and thus have not been able to review the opposition submitted by plaintiff Angelica Parker ("Plaintiff") in response to Defendants' September 24, 2024 letter [ECF Doc. No. 175]. As the Court will recall, however, on Mr. Wilzig's motion to quash the Subpoena, the Court held that Mr. Wilzig was not obliged to produce documents that are in Plaintiff's possession, custody or control pending Plaintiff's own production of such documents to Defendants, and that Mr. Wilzig and Defendants should meet and confer regarding those portions of the Subpoena that did not relate to communications in Plaintiff's possession. [ECF Doc. No. 122].

      Therefore, insofar as Defendants are now protesting that Plaintiff has delayed in producing documents relating to Mr. Wilzig, any such alleged delay does not impute to Mr. Wilzig and he should not be burdened by the ongoing dispute regarding such documents between Plaintiff and Defendants. *See Athalonz, LLC v. Under Armour, Inc.*, 2024 WL 555685 (S.D.N.Y. Apr. 10, 2024) (emphasis added) ("Non-party status is "significant in determining whether compliance with a discovery demand would constitute an undue burden.") (quoting *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (finding that the subpoenaed party's "non-party status weighs heavily in his favor" and further finding that "any testimony or documents Harper could provide would be duplicative of discovery that Athalonz may obtain from its party opponent").

      Consistent with the Court's directive, we met and conferred with Defendants' counsel – as Defendants' own submission underscores. [ECF Doc. 161 at 2] ("Defendants and Wilzig continued

**Greenberg Traurig, LLP | Attorneys at Law**
500 Campus Drive | Suite 400 | Florham Park, New Jersey 07932 | T +1 973.360.7900 | F +1 973.301.8410

www.gtlaw.com

Honorable Robyn F. Tarnofsky, U.S.M.J.
September 30, 2024
Page 2

to meet and confer . . .") Mr. Wilzig's phone has been imaged and his text messages and other materials on his phone have been reviewed for responsiveness.

During our meet and confer with Defendants' counsel, we agreed (albeit without waiver of Mr. Wilzig's objections to Defendants' overbroad and expansive requests contained in the Subpoena) to search Mr. Wilzig's phone by utilizing Defendants' proposed search terms and utilizing nine (9) custodians identified by Defendants. As of the filing of this letter, we have produced the responsive materials from Mr. Wilzig's phone to Defendants' counsel.

Regarding emails not obtainable from imaging Mr. Wilzig's phone, we have obtained access to Mr. Wilzig's account and our e-discovery vendor is currently working diligently to download all emails and promote the emails to the database for our review and production. We will review them for production as quickly as possible.

That said, we are compelled to object to Defendants' ongoing effort to harass Mr. Wilzig and their demand that he produce documents that could – and should – be obtained from Plaintiff and others. Defendants argue that "Plaintiff cannot be trusted to produce all responsive documents, and it is necessary to confirm the accuracy of her production by receiving these communications from Wilzig." [ECF Doc. 161 at 3]. Defendants' alleged lack of "trust" of Plaintiff, without more, is no excuse to impose unwarranted burdens on a third-party such as Mr. Wilzig.

"[W]ithin this Circuit, courts have held nonparty status to be a significant factor in determining whether discovery is unduly burdensome." *In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934, 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013). Mr. Wilzig is a non-party to this action and does not have any interest or stake in its outcome. Defendants' baseless and unfounded assertions about their lack of "trust" of Plaintiff concerning her document production is not sufficient reason to permit Defendants to unduly burden a non-party to this action. Indeed, Defendants have other recourse if Plaintiff does, in fact, breach her discovery obligations.

Defendants' demands of Mr. Wilzig are not proportional to the needs of this case in any event. Instead, Defendants are demanding that Mr. Wilzig search for and produce all documents relating to a host of individuals who are not parties and have no discernible interest in the outcome of this case – and spanning many years. *See Kenn Zou v. Xiao Han*, 2018 WL 2258042 (E.D.N.Y. May 16, 2024) ("[T]he documents requested are from 1996. Plaintiffs have not alleged any related acts that occurred between 1996 and 2006."). It is settled, however, that discovery should only be permitted if, and to the extent that, it is "proportional" in the context of the case—a limitation intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse[.]" *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (internal quotation omitted) (citations omitted). Defendants' requests upon Mr. Wilzig are neither proportional, nor reasonable under the circumstances.

In short, Mr. Wilzig will comply with this Court's order to meet and confer with Defendants regarding the Subpoena – and he already has done so. Toward that end, Mr. Wilzig has produced the responsive materials from his phone to Defendants, and we are also in the process of searching for responsive emails. In the face of these good faith efforts by a third party, there is

Honorable Robyn F. Tarnofsky, U.S.M.J.
September 30, 2024
Page 3

no need or basis, for Defendants to demand that an order be entered against Mr. Wilzig – nor is there any basis to impose additional obligations upon Mr. Wilzig simply because Defendants claim not to "trust" Plaintiff regarding her own discovery compliance.

    Thank you.

                                     Respectfully submitted,

                                     */s/ Paul H. Schafhauser*

                                     Paul H. Schafhauser

cc:    All Counsel of Record (via ECF)