

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

January 2, 2025

> Application granted.
>
> Date: 1/3/2025
> New York, NY
>
> SO ORDERED
>
> /s/ Robyn F. Tarnofsky
>
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

**FILED ON ECF VIA LETTER-MOTION**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

    Re:   *Parker v. Bursor*, 24-cv-245 (JGLC) (RFT)
           **Letter-Motion for Page Limit Extension of Defendants' Forthcoming
           Motion for Sanctions Arising Out of Spoliation and Witness Tampering**

Dear Magistrate Judge Tarnofsky:

      This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. We submit this letter pursuant to Rule I.D of Your Honor's Individual Practices in Civil Cases to request permission to file a memorandum of law of up to 90 pages in support of Defendants' forthcoming motion for sanctions arising out of spoliation of evidence, witness tampering and other litigation misconduct. ("Sanctions Motion"). While we understand this request is unusual, and we will continue to streamline our arguments, the circumstances here are quite extraordinary. The misconduct that underlies this motion falls into many different categories. We suggest a comprehensive brief setting out the relevant law as to each type of misconduct and evidence supporting each separate and distinct violation of the Rules will be most helpful to the Court and will help frame the issues presented at the February 19, 2025 hearing.

      As Your Honor will recall, on November 22, 2024, the Court issued an order granting Defendants leave to file a motion for sanctions arising out of alleged spoliation and witness tampering by January 6, 2025. *See* ECF 224. Since that time, Defendants have been engaged in preparing a thorough motion and brief that captures the broad spectrum of Plaintiff's discovery violations, spoliation and witness tampering, and the various legal and factual grounds for sanctions. Defendants' brief, in its current form, recounts a multitude of different types of impermissible conduct engaged in by Plaintiff, with specific examples and citations, and identifies the numerous legal bases on which Defendants ground their request for sanctions. Merely by way of example, Defendants anticipate that their memorandum of law will seek sanctions under Federal Rule of Civil Procedure 37(e), 37(b), 26(e) and 26(g), as well as the Court's inherent authority. Each of these rules are implicated by different acts of misconduct and each require separate legal analysis.

GIBBONS P.C.

Honorable Robyn F. Tarnofsky, U.S.M.J.
January 2, 2025
Page 2

  At the time that the Court granted Defendants leave to file their Sanctions Motion, and until the date of this letter (January 2, 2025), there was no rule setting a specific page or word limitation for Defendants' forthcoming Sanctions Motion, including in Your Honor's Individual Practices in Civil Cases. Effective today (January 2, 2025), however, we have come to learn that Rule 7.1 of the Local Rules for the Southern and Eastern Districts of New York was amended to set a default word limit of 8,750 words for all memoranda of law. As Defendants and their counsel have been fully engaged for weeks and through the holidays with the time-consuming effort of synthesizing the countless pieces of evidence and instances of improper conduct and presenting it to the Court in an organized and digestible format, we were unfocused until today on the very recent change to the Local Rule that just took effect. We apologize therefore for any delay in this request.

  Defendants submit that a comprehensive and detailed memorandum of law is required to capture the scope and magnitude of the misconduct engaged in by Plaintiff in this case, and set forth the numerous applicable legal arguments and authority. Defendants would be severely prejudiced if they were hampered by the word limit that took effect today, only days before their Sanctions Motion is due to be filed on January 6, 2025.

  Accordingly, Defendants respectfully request that they be permitted to submit a memorandum of law of up to 90 pages in support of their forthcoming Sanctions Motion, so that they may make a thorough presentation of the misconduct they previewed at the conference on November 21, 2024, as they had been preparing to do since that date.

  We thank the Court for its consideration of this request.

                Respectfully submitted,

                */s/ Christine A. Amalfe*

                Christine A. Amalfe

cc:  All counsel of record (via ECF)