

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

January 3, 2025

**LETTER-MOTION (FILED ON ECF)**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

> Re:   *Parker v. Bursor*, 24-cv-245 (JGLC) (RFT)
> Letter-Motion Regarding Access to Defendants' Sealed Letter Motion for a
> Pre-Motion Conference to Compel Production of Documents Related to
> Carlos Carvajal and Robert Hantman

Dear Magistrate Judge Tarnofsky:

This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. We submit this letter-motion pursuant to paragraph III(E) of Your Honor's Individual Practices in Civil Cases regarding access to Defendants' sealed letter motion for a pre-motion conference to compel production of documents related to Carlos Carvajal ("Carvajal") and Robert Hantman ("Hantman") and its supporting declarations and exhibits (Dkt. 235, the "Letter Motion").[1] Carvajal and Hantman are the subjects of the Letter Motion, which seeks a conference and eventual order overruling certain assertions of attorney-client privilege involving Carvajal and Hantman and to compel their production of documents in response to subpoenas, but they are currently third parties not otherwise able to access sealed documents.

The Letter Motion has been filed under seal pursuant to a series of orders instructing that filings referencing details of the Complaint shall be kept under seal pending Judge Clarke's decision on Defendants' pending renewed motion to seal, dismiss and strike the Complaint (and their Objections to the Report & Recommendation). *See* ECF Nos. 64, 74, 77; *see also* ECF No. 95. The Letter Motion also references and attaches exhibits that have been produced as "Confidential" pursuant to the June 13, 2024 Confidentiality Stipulation and Protective Order the "Protective Order"), which would require the parties to confer and submit additional applications regarding the sealing of Confidential documents pursuant to Local Rules should docket entries sealed pursuant to the above-referenced orders become unsealed.

---

[1] Defendants recognize that the Court previously indicated that it is not clear whether the Court's authorization is needed to share sealed filings with a non-party that is the subject of a discovery motion (*see* ECF 114), but given the uncertainty, Defendants make this request to avoid the possibility of improper disclosure of sealed or confidential material.

GIBBONS P.C.

Honorable Robyn F. Tarnofsky, U.S.M.J.
January 3, 2025
Page 2


In order for Carvajal and Hantman to be able to respond to the Letter Motion, Defendants request that they be granted access to the Letter Motion (Dkt. 235) and any responses to the Letter Motion <u>only</u>. Defendants further request leave to send the Letter Motion and supporting documents to Carvajal and Hantman through email and secure file transfer. In connection with granting such access, Defendants request that the Court order Carvajal and Hantman to comply with all sealing orders entered in this action, as well as to abide by the terms of the Protective Order.

We thank the Court for its consideration of this request.


Respectfully submitted,

*/s/ Christine A. Amalfe*

Christine A. Amalfe

cc:     All counsel of record (via ECF)