# HANTMAN & ASSOCIATES

ATTORNEYS AT LAW
1120 Avenue of the Americas
4th Floor
New York, New York 10036
(P) 212-684-3933
(F) 212-465-2192
www.Hantmanlaw.com

**ROBERT J. HANTMAN**
rhantman@hantmanlaw.com
New York, New Jersey, & Florida Bars

## CONTACT YOUR INSURANCE CARRIER OF A POTENTIAL CLAIM AS THIS LETTER IS AN EFFORT TO AVOID NEEDLESS LITIGATION [1]

**VIA EMAIL**                                                                                         December 28, 2024

**ATTN:**    Christine A. Amalfe, Esq.
             camalfe@gibbonslaw.com
             Charles S. Korschun, Esq.
             ckorschun@gibbonslaw.com
             Gibbons P.C

**Re:**      *Parker v. Bursor et al*, **24-cv-00245-JGLC-RFT**

Ms. Amalfe:

      This letter is in response to your December 9, 2024, Pre-Filing Notice of RICO Counterclaim as a purported settlement communication, which is simply an extortion and "money-grabbing" scheme.

      The purpose of this letter is to put you, your law firm, and your client on notice that pursuing such claims will subject all of you to a motion for violation of Rule 11(b), in view of frivolous claims that are baseless and highly stigmatizing, which you know to be without merit. It is clear that your unfounded attacks against me, and others, are for the sole purpose of exerting pressure on the plaintiff to withdraw or settle her case, satisfy your client's intention to harm all persons having any connection to the plaintiff, and to obtain money for your firm and defendant.

      In my case, it is undisputed that I was chosen to act as a mediator to resolve the issues between the parties at the suggestion of your client as he believed me to be impartial and I knew both the plaintiff and defendant. In fact, I provided you with all of my text messages kept during my efforts to mediate this issue.

      I even offered to be deposed during my conversation with you after explaining the fact that I never entered an appearance in any court case involving the plaintiff and suggested that

---

[1] This letter will be marked as an Exhibit in the event that any future filing is required.

FLORIDA
HANTMAN & ASSOCIATES
650 WEST AVENUE
SUITE 2408
MIAMI BEACH, FL 33139

NEW JERSEY
JOSEPH J. FERRARA
OF COUNSEL
111 PATERSON AVENUE
HOBOKEN, NJ 07030

FLORIDA
ENTIN & DELLA FERA, P.A.
OF COUNSEL
110 SE 6TH ST., SUITE 1970
FORT LAUDERDALE, FL 33301

PLEASE SEND ALL CORRESPONDENCE TO THE NEW YORK, NY ADDRESS LISTED ABOVE.

you retain a third party to search my computer and phone to gather whatever information you hoped to obtain, as I have no reason to be anything but truthful and transparent.

Notwithstanding the foregoing, and without any proof whatsoever or even a proffer of proof, you now seek to publicly embarrass me, our firm, and my family—including my teenage son—by threatening to do your client's bidding in a scorched-earth policy unconcerned about who you hurt, simply to satisfy your client and make money for yourselves.

Should this charade continue, there will not only be a motion for sanctions but also an eventual lawsuit against you, your law firm, and your client for abuse of process, negligence, prima facie tort, intentional infliction of emotional distress, and defamation. As you are undoubtedly aware, the qualified privilege for lawyers does not extend to patently false allegations as part of an extortionate scheme. I suggest you alert your insurance carrier immediately.

Also, this letter is a prelude to what will later be converted into a safe harbor notice contemplated under Rule 11(c) and endorsed by the Second Circuit. See *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170 (2d Cir. 2012); see also *Charles Equip. Energy Sys., LLC v. INNIO Waukesha Gas Engines, Inc.*, 2023 WL 2346337, at *4 (S.D.N.Y. Mar. 3, 2023) ("In the Second Circuit, a party can 'attach to its safe harbor letter a copy of its notice of motion for sanctions,' and that form of delivery satisfies Rule 11." (cleaned up, citation omitted)).

## Defendants' Threatened Counterclaim[2]

### A. Sanctionable Conduct

"The standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Star Mark Mgmt.*, 682 F.3d at 178 (citations omitted). In this respect, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'" *Id.* (citation omitted). Attorneys are also responsible for ensuring that "the factual contentions" in their filings "have evidentiary support or ... will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

Further, as you and your client are aware, "[o]ne purpose of Rule 11 of the Federal Rules of Civil Procedure is to prevent an attorney from having a party into federal court without having performed, at the very least, a reasonable inquiry into the underpinning of the lawsuit." *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 389 (2d Cir. 1989); accord *Mar. Inspection Servs., Inc. v. Thermo-Vales Corp.*, 1993 WL 43421, at *1 (S.D.N.Y. Feb. 18, 1993).

---

[2] In the interest of time and given the emergency nature, some of the citations have been left unchecked but will be verified later.

At a minimum, Counsel "must have a basis for a good faith belief that the papers [he files] on their face appear to be warranted by the facts." *Weintraub v. Empress Travel Trevose Two-L's Ltd.*, 2018 WL 4278336, at *13 (S.D.N.Y. Mar. 6, 2018) (cleaned up, citation omitted). Necessarily subsumed in this duty is an ongoing obligation to refrain from asserting claims based on facts that Defendants' Counsel knows to be untrue. See *Catcove Corp. v. Heaney,* 685 F. Supp. 2d 328, 335 (E.D.N.Y. 2010) ("[A]ttorneys 'have a continuing obligation to monitor the strength of their clients' claims and discontinue representing clients who pursue claims that—although not obviously frivolous at the outset—are entirely unsupported or refuted by the evidence.'").

"Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim 'upon an express request by his or her adversary after learning that the claim was groundless.'" *Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 220 (E.D.N.Y. 2011) (cleaned up). Counsel's duty was to withdraw the Complaint, and not to continue pursuing theories he knew were lacking in support. See *Gambello v. Time Warner Commc'ns, Inc.*, 186 F. Supp. 2d 209, 230 (E.D.N.Y. 2002) ("[I]t is clear that sanctions are appropriately awarded only against counsel because it was incumbent upon counsel to conduct a reasonable inquiry before filing the amended complaint and also to withdraw any claims that became unsupportable later.").

While you threaten to file a frivolous counterclaim in the hope of a payout by pursuing baseless theories "[A]n attorney may not simply take their client's word on faith where that word would be easily proved (or disproved) through a reasonable investigation or where red flags should have (and would have) alerted counsel to problems." *AJ Energy LLC v. Woori Bank*, 2019 WL 4688629, at *11 (S.D.N.Y. Sept. 26, 2019), aff'd, 829 F. App'x 533 (2d Cir. 2020).

### B. Sanctionable Conduct
1. <u>Even Though Bad Faith Is Not Required, it is Clear That the Defendants and Defendants' Counsel Are Acting in Bad Faith.</u>

"Unlike sanctions under Section 1927 and the Court's inherent power, sanctions under Rule 11 do not require a finding of bad faith." *Offor v. Ctr.*, 2016 WL 3566217, at *2 (E.D.N.Y. June 25, 2016), aff'd sub nom. *Offor v. Mercy Med. Ctr.*, 698 F. App'x 11 (2d Cir. 2017), and aff'd in part, appeal dismissed in part, *Offor v. Mercy Med. Ctr.*, 2023 WL 2579040 (2d Cir. Mar. 21, 2023). "Thus, an attorney files a pleading or motion in violation of Rule 11 if it is 'frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith.'" *Sacerdote v. Cammack Larhette Advisors, LLC*, 2022 WL 2078012, at *5 (S.D.N.Y. June 8, 2022). However, in this case, there is no question of bad faith.

Resorting to inflammatory, unfounded personal attacks in place of any meritorious allegations only further proves that Defendants are litigating in bad faith. See *Hoatson v. New York Archdiocese*, 2007 WL 431098, at *15 (S.D.N.Y. Feb. 8, 2007), aff'd, 280 F. App'x 88 (2d Cir. 2008) ("This intent to humiliate and embarrass is further manifested in the amended

3

complaint which is littered with wholly irrelevant, inflammatory, and embarrassing facts concerning defendants and non-defendants alike that have no bearing on the actions brought, such as 'it was widely known that ... one of the defendants was an alcoholic.' Accordingly, the Court finds that sanctions are necessary in this case." (cleaned up)). "Insinuations that improperly cast a derogatory light on a party have no place in proper pleadings" and are a "form of harassment prohibited by Rule 11." *Gould v. Fla. Atl. Univ. Bd. of Trustees,* 2011 WL 13227873, at *4 (S.D. Fla. Nov. 15, 2011); *see also Urb. v. Hurley*, 261 B.R. 587, 594 (S.D.N.Y. 2001) (party ordered to "desist" in its use of "epithets" against defendants "and warned that such conduct may be sanctioned under Rule 11").

    2.   <u>Defendants' Threat to File a RICO Claim Alone Would Be Frivolous.</u>

"The consequences to anyone of being accused of racketeering are dire." *Carousel Foods of Am., Inc. v. Abrams & Co.*, 423 F. Supp. 2d 119, 123 (S.D.N.Y. 2006). "As numerous courts in this Circuit have recognized, Rule 11 is particularly significant in the civil RICO context 'because commencement of a civil RICO action has an almost inevitable stigmatizing effect on those named as defendants.'" *LCS Grp., LLC v. Shire LLC*, 2019 WL 1234848, at *15 (S.D.N.Y. Mar. 8, 2019), judgment aff'd, appeal dismissed in part sub-nom. *LCS Grp., LLC v. Shire Dev. LLC,* 2022 WL 1217961 (2d Cir. Apr. 26, 2022). "[C]ivil RICO is an unusually potent weapon—the litigation equivalent of a thermonuclear device." *Turner v. New York Rosbruch/Harnik, Inc.*, 84 F. Supp. 3d 161, 167 (E.D.N.Y. 2015). "Courts have not hesitated to impose sanctions under Rule 11 when RICO claims have been found to have been frivolous." *LCS Grp.,* 2019 WL 1234848, at *15 (citation and brackets omitted).

To stem the rising tide of RICO suits commenced without thoughtful attention to fundamental principles attendant upon that cause of action, the imposition of Rule 11 sanctions may serve the salutary purpose of discouraging such thoughtless litigation and of compensating defendants for the expense incurred in responding to it. See *Asbeka Indus. v. Travelers Indem. Co.*, 831 F. Supp. 74, 90-91 (E.D.N.Y. 1993). Defendants' threatened RICO counterclaim is on all fours with those that have earned Rule 11 sanctions in the past and should be treated accordingly.

This is not and is not intended to be an exhaustive narrative and I reserve all rights to amend and supplement as may be necessary and reserve all my rights and remedies under the law. At the same time, I am considering contacting the court and requesting a conference and even request a plenary hearing to question you and your client and have you state under oath what facts you have to support your allegations.

                                                               Respectfully,

                                                               <u>/s/ Robert J. Hantman, Esq.</u>

**CC: ALL PERSONS AND COUNSEL NAMED IN THE LETTER**

Michel J. Willemin, Esq.
Jeanne M. Christensen, Esq.
Wigdor LLP
85 Fifth Avenue
New York, New York 10003
mwillemin@wigdorlaw.com
jchristensen@wigdorlaw.com
*Counsel for Angelica Parker*

Paul H. Schafhauser, Esq.
Greenberg Traurig
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
paul.schafhauser@gtlaw.com
*Counsel for Ivan Wilzig*

Louis T. Brindisi, Esq.
Brindisi, Murad & Brindisi Pearlman, LLP
2713 Genesee Street
Utica, New York 13501
lbrindisi@bmbplawyers.com
louisb2638@aol.com
*Counsel for Robert Morris*

Carlos M. Carvajal, Esq.
4 Penn Plaza, Suite 2020
New York, New York 10022-1588
carlos@cmcesq.com

Peter Plaut:
100 Winston Drive
Cliffside Park, New Jersey 07010
Peter.g.plaut@gmail.com