UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELICA PARKER,<br><br>　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>SCOTT BURSOR, et. al.,<br><br>　　　　　　　　　Defendants. | 24-CV-00245 (JGLC) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

　　　On January 3, 2025, Defendants filed a letter motion for a discovery conference to discuss documents being withheld as privileged by Plaintiff and non-parties Carvajal and Hantman. (ECF 237.) In support, Defendants filed a declaration of counsel (ECF 238) and of Defendant Bursor (ECF 240), both of which had extensive attachments. Defendants argue that: 1) Plaintiff did not have a legitimate attorney-client relationship with Carvajal or Hantman; 2) Plaintiff shared her communications with Carvajal and Hantman with third parties; and 3) the communications should be produced under the crime-fraud exception; 4) Plaintiff effected a subject matter waiver by extensively producing documents on the same subject matter as the communications in question. Defendants also point to deficiencies in the productions by Carvajal and Hantman. On January 13, 2025, Plaintiff filed an opposition to Defendants' letter motion (ECF 254), arguing that Plaintiff had produced several of the previously withheld documents and was continuing to withhold only 19 documents; Plaintiff asked to submit those documents to me for in camera review. On January 15, 2025, Defendants filed a reply in further support of their letter motion (ECF 256), contending that Plaintiff had failed to contest and therefore had conceded that she never had an attorney-client relationship with Carvajal and Hantman, that she had waived any privilege she may have had, and that the documents should be produced pursuant to the crime-fraud exception. On January 16, 2025, Hantman submitted a letter stating that he had permission

from Plaintiff and her counsel to turn over all his communications with Plaintiff (ECF 258). I reviewed the withheld documents in camera and held a conference on January 17, 2025. In addition to the parties, Hantman and Carvajal were present. At the conference, Hantman and Carvajal confirmed that each had Plaintiff's permission to turn over all his communications with Plaintiff. I issued an order setting deadlines for those productions. (ECF 261.)

With respect to Defendants' application, assuming for the sake of argument that Plaintiff had an attorney-client relationship with Hantman and Carvajal, in light of her instruction to Hantman and Carvajal that they may produce all of their communications with her, I find that she has waived the attorney-client privilege and must produce all of the withheld documents. *See Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 563 (S.D.N.Y. 2008) ("The attorney-client privilege is waived if the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the communication to a third party or stranger to the attorney-client relationship.").

DATED: January 23, 2025
New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge