

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

February 20, 2025

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 9B
New York, NY 10007

      Re:  Parker v. Bursor, et al., Civil Case No. 24 Civ. 245 (JGLC)(RFT)

Dear Judge Tarnofsky:

We represent Plaintiff Angelica Parker ("Plaintiff") in the above captioned matter.   We write in connection with the joint proposed order to be filed by February 21, 2025.  ECF 289.  This morning, Defendants' counsel propounded a 28-page exhibit list identifying **685 proposed exhibits.** (*see* Ex. A).  This morning Plaintiff sent Defendants her proposed exhibit list containing 21 proposed exhibits. (*see* Ex. B).

On its face, 685 exhibits for a one-day hearing about Ms. Parker's alleged spoliation is senseless. Our paralegals spent hours today locating the almost 700 specific Bates-numbered documents which are so voluminous they are stored on a third-party provider's database and then saving and organizing them on our own system  -- just to be reviewed.  They are not yet done, and it is after 5:00 pm.   As Exhibit A shows, many of the proposed 685 exhibits on Defendants' list aggregate dozens if not hundreds of text messages into a single exhibit.  For example, Defendants' Exhibit No. ("DX.") 229 encompasses 384 text messages between Ms. Parker and her friend Peter Plaut into a single exhibit.  As another example, Defendants include the entirety of certain Requests for Admission ("RTA") issued to Ms. Parker and her responses, and after review it is clear that at most, just 4 out of 38 requests relate to potential spoliation. (DX. 4).  In addition to the voluminous content in the almost 700 exhibits, it is clear from the limited exhibits reviewed thus far that many of these text message threads do not concern Ms. Parker's alleged spoliation and discovery violations, but rather  pertain to her relationship with her former lawyer or relate to her alleged extortion of other men, and have nothing to do with spoliation or alleged discovery misconduct. A number of the proposed exhibits have no relation to the February 26 hearing, such as exhibits regarding Ms. Parker's medical records and photos of her injuries, but as part of this process we still must go through and confirm the accuracy of the proposed exhibit, the corresponding Bates numbers, review, and then state our objection.    Already we have dedicated substantial time today to reviewing proposed exhibits but at this hour, the undersigned has only read and reviewed 55 out of the 685 proposed exhibits.



Hon. Robyn F. Tarnofsky
February 20, 2025
Page 2

The Court has scheduled a hearing for February 26 – one day.  It is unreasonable for Defendants to believe that they will question witnesses and introduce almost 700 exhibits during a one-day hearing.   We respectfully request that Defendants are ordered to revise their proposed exhibit list to include only those exhibits that they will introduce through witness testimony.   Plaintiff will object to blanket admissions of hundreds of exhibits that not a single witness will testify about or authenticate, and then after forcing us to engage in hours of this review process, the Court will have to review our objections to almost 700 proposed exhibits.  Limiting proposed exhibits to the subject matter of witness testimony is appropriate, especially in a hearing where Plaintiff will be asked about conduct regarding specific emails, text messages or attachments to same.   In the event the Court allows Defendants to attempt to introduce the 685 proposed exhibits, some with hundreds of text messages, at the hearing Plaintiff respectfully requests until the morning of Monday, February 24, 2025 to provide her objections to opposing counsel, and thereafter the parties will send the joint proposed list to the Court by the end of the day on Monday.

Tomorrow's deadline is not realistic for the undersigned to be able to get through almost 700 exhibits when I have an in-person court conference in the Eastern District tomorrow at 12:00 pm, as well as another time sensitive deadline tomorrow.

We thank the court for its time and attention to this matter.

Respectfully Submitted,

Jeanne M. Christensen

Application GRANTED in part. The joint exhibit list due today shall include only those exhibits the parties expect to introduce in connection with live testimony at the hearing on Wednesday, February 26, 2025.

To the extent that the parties intend to introduce exhibits in connection with direct testimony presented by declaration or by deposition designations, those exhibits shall be included in a supplemental list filed on the docket by 9:00 am on Monday, February 24, 2025.

The parties shall include not more than a reasonable number of exhibits on the initial exhibit list due today, with the reasonableness assessed in light of the time allotted for the hearing (not more than seven hours), the directive to include only exhibits to be introduced in connection with live testimony, and the scope of the issues under consideration (alleged spoliation, witness tampering, and violation of the sealing orders and certain discovery orders by Plaintiff). If the initial exhibit list contains an unreasonable number of exhibits, I will review all the listed exhibits in advance of the hearing with the expectation of striking any exhibits that fall outside the scope of the hearing or that are cumulative of previously listed exhibits.

The Clerk of Court is respectfully requested to terminate ECF 296.

Dated: February 21, 2025
        New York, New York

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE