# HANTMAN & ASSOCIATES

ATTORNEYS AT LAW
1120 Avenue of the Americas
4th Floor
New York, New York 10036
(P) 212-684-3933
(F) 212-465-2192
www.Hantmanlaw.com

**ROBERT J. HANTMAN**
rhantman@hantmanlaw.com
New York, New Jersey, & Florida Bars

February 21, 2025

**Via E-Filing:**
The Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

**RE: Parker v. Bursor, 24-cv-245 (JGLC) (RFT), Subpoena and Hearing Scheduled for February 26, 2025**

Dear Judge Tarnofsky:

      The purpose of this letter is to request a conference - in person or Zoom- relating to a Subpoena issued via e-mail - upon me which required my attendance at a hearing on a Motion for Sanctions against the plaintiff currently scheduled for February 26. I do not have a copy of the Motion and have nothing to do with it.

      This alone appears to be a basis to quash the Subpoena as unnecessary and improper as it places an unreasonable burden on me.[1] Even more troubling is that I have already responded in detail to a Discovery Subpoena and provided defendants counsel with a letter they already had which reflected the only reason I got involved in the dispute between the parties was at the request of the defendant. In addition, while I had agreed to be deposed- rather than appear at a public hearing and be "sand bagged," defendants counsel decided not to schedule it opting for me to make an appearance in court at a hearing having nothing to do with me.

---

[1] Issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); See also Fed. R. Civ. P. 45(d)(1); and see Lelchook v. Lebanese Canadian Bank, SAL, 670 F. Supp. 3d 51, 54 (S.D.N.Y. 2023) ("The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome.")

1

FLORIDA
HANTMAN & ASSOCIATES
650 WEST AVENUE
SUITE 2408
MIAMI BEACH, FL 33139

NEW JERSEY
JOSEPH J. FERRARA
OF COUNSEL
111 PATERSON AVENUE
HOBOKEN, NJ 07030

FLORIDA
ENTIN & DELLA FERA, P.A.
OF COUNSEL
110 SE 6TH ST., SUITE 1970
FORT LAUDERDALE, FL 33301

PLEASE SEND ALL CORRESPONDENCE TO THE NEW YORK, NY ADDRESS LISTED ABOVE.

      Even more troubling is that defendants have threatened me and others that if we do not agree to a Mediation they intend to file a bogus RICO claim against me and others which is no more than an extortion plan as part of "gamesmanship" to pressure plaintiff to drop her case.

      In any event, even if your Honor were to require my attendance I have a conflict on February 26, 2025, which defendants counsel is already aware of. Rather than move by an Order to Show Cause or motion I respectfully request consideration of this Motion to Quash as soon as possible.

      Respectfully Submitted,

**Robert J. Hantman**

FLORIDA
HANTMAN & ASSOCIATES
650 WEST AVENUE
SUITE 2408
MIAMI BEACH, FL 33139

NEW JERSEY
JOSEPH J. FERRARA
OF COUNSEL
111 PATERSON AVENUE
HOBOKEN, NJ 07030

FLORIDA
ENTIN & DELLA FERA, P.A.
OF COUNSEL
110 SE 6TH ST., SUITE 1970
FORT LAUDERDALE, FL 33301

PLEASE SEND ALL CORRESPONDENCE TO THE NEW YORK, NY ADDRESS LISTED ABOVE.