UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELICA PARKER,<br><br>                    Plaintiff,<br><br>     -against-<br><br>SCOTT BURSOR., et al.,<br><br>                  Defendants. | 24-CV-245 (JGLC)(RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Defendants' letter motion to compel non-party Peter Plaut to provide remote video testimony at the hearing scheduled for February 26, 2025 (ECF 301). For the reasons set forth below, Defendants' motion to require Mr. Plaut to provide remote video testimony at the scheduled hearing is DENIED.

## Factual Background

On February 20, 2025, my Chambers received an undocketed email from Mr. Plaut, who does not have a lawyer. I filed the email on the docket (ECF 295). The email states that Mr. Plaut had accepted a subpoena by email "to stop [Defendants'] harassment"; that he cannot comply with Defendants' subpoena for text messages with Plaintiff because those messages are on autodelete; and that he does not live or work within 100 miles of New York City and that unless ordered to appear at the February 26, 2025 hearing, he does not wish to participate. (*Id.*)

In the order filing the email on the docket, I directed Defendants to explain the Court's authority to compel Mr. Plaut's remote attendance at a hearing more than 100 miles from where he lives, works, or regularly conducts business in person. (*See id.*) On February 21, 2025, Defendants filed the instant motion to compel Mr. Plaut's attendance (ECF 301). Defendants argue that at the time of service on November 26, 2024, Mr. Plaut lived in New Jersey, and that

Mr. Plaut's unsworn statement in his February 20, 2025 email to my Chambers is contradicted by the evidence, including evidence that Plaintiff stated that her dog is not allowed in Mr. Plaut's apartment building in New Jersey, that Mr. Plaut was looking for a synagogue in New Jersey, and that Mr. Plaut had proposed moving back to London with Plaintiff. (*See id.*) Defendants also contend that Mr. Plaut works in New York City, pointing to his statement to Plaintiff that he and a colleague were starting a multi-family office in New York City and had negotiated for space in Manhattan. (*See id.*) And Defendants argued that the 100-mile restriction is not implicated when the witness' testimony is provided remotely. (*See id.*)

On February 23, 2025, Mr. Plaut sent my Chambers a second undocketed email. I issued an order filing that email on the docket as well (ECF 310). In that email, Mr. Plaut stated that he has "lived in the UK since 2016 with my wife and 3 daughters" and has "been fully employed during this time with London based firms." (*Id.*) He also stated that "[s]ince the summer of 2021," he has frequently and regularly visited his elderly parents, who have health problems, at their home in New Jersey. (*Id.*) My Chambers sent Mr. Plaut an email, which I also filed on the docket, directing him not to send emails to Chambers and explaining how he could file materials on the docket (ECF 311).

## Discussion

Rule 45 of the Federal Rules of Civil Procedure empowers a district court before which an action is pending to issue a subpoena compelling attendance at a hearing, and such a subpoena may be served "at any place within the United States." Fed. R. Civ. P. 45. Subsection (c)(1) limits the place where a person may be required to attend a hearing to within 100 miles of "where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P.

45(c)(1). Defendants argue that this geographic limitation is not implicated, because they seek Mr. Plait's remote testimony. (*See* ECF 302). In support, they rely on out-of-District cases, which cases I do not find persuasive. As Judge Philip M. Halpern explained in *Rochester Drug Cooperative, Inc.* v. *Vijay Soni* ("*Soni*"), cited by *Rochester Drug Cooperative v. Campanelli*, No.23 MC 89 (KPF), 2023 WL 2945879, at *2 (Apr. 14, 2023), a subpoena such as the one at issue here "is unenforceable under Rule 45(c) because it would require respondent to 'attend' a hearing beyond the 100-mile geographic limitation of the rule." *Id.* To avoid the geographic limitations of Rule 45(c), "the Court would have to conclude that testimony via teleconference somehow 'moves a trial to the physical location of the testifying person.'" *Id.* (quoting *Broumand, M.D. v. Joseph*, 522 F. Supp. 3d 8, 23 (S.D.N.Y. 2021). "Rule 45(c) speaks not of how far a person would have to travel, but simply the location of the proceeding at which a person would be required to attend." *Soni,* 2023 WL 2945879, at *2 (quoting *Broumand,* 533 F. Supp. 3d at 23); *see also Ping-Kuo Lin v. Horan Capital Management, LLC,*" 14-CV-5202 (LLS), 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (explaining that Rule 43(a), which permits a court to allow testimony to be offered remotely, "concerns the reception of evidence in a trial court, and does not operate to extend the range or requirements of a subpoena"). Accordingly, the subpoena seeking remote testimony by Mr. Plaut is valid only if he lives, works, or regularly attends to business in person within 100 miles of this Court.

Mr. Plaut represents that he has "lived in the UK since 2016" and has "been fully employed during this time with London based firms"; he explains that "[s]ince the summer of 2021," he has frequently and regularly visited his elderly parents, who have health problems, at their home in New Jersey. (ECF 310.) While Defendants accurately point out that Mr. Plaut has

not made these statements under oath, Mr. Plaut is not a lawyer and does not have a lawyer representing him in connection with this matter; while his unsworn email does not have the same evidentiary value as a statement made under penalty of perjury, I believe that his sending the email to the Chambers of a federal judge provides some indication of truthfulness. Mr. Plaut also states that he provided documentation relating to his residence and place of business to Plaintiff's counsel, and Defendants may request that information from Plaintiff's counsel.

As to the evidence submitted by Defendants to support their contention that Mr. Plaut lives and works within 100 miles of the Court, I believe the evidence is equally consistent with a conclusion that Mr. Plaut lives and works in London but spends significant time in New York and New Jersey visiting his elderly and ill parents.

### Conclusion

For the reasons set forth above, Defendants' letter motion to compel Mr. Plaut to provide remote video testimony at the February 26, 2025 hearing (ECF 301) is DENIED and the subpoena requiring Mr. Plaut's virtual testimony at the hearing is QUASHED. The Clerk of Court is respectfully requested to terminate ECF 301.


DATED:  February 24, 2025
        New York, NY


SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge