

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

April 4, 2025

**FILED ON ECF VIA LETTER-MOTION**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

  **Re:** *Parker v. Bursor*, **24-cv-245 (JGLC) (RFT)**
    **Letter-Motion To File Under Seal Defendants' Letter Motion for Pre-Motion Conference Regarding Request for Leave To Use Confidential Information in Other Litigation**

Dear Magistrate Judge Tarnofsky:

  This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. This letter-motion is submitted pursuant to Rule III(E) of Your Honor's Individual Practices in Civil Cases, seeking an order permitting Defendants to file under seal their Letter Motion for Pre-Motion Conference Regarding Request for Leave to Use Confidential Information in Other Litigation (the "Letter Motion").

  The Letter Motion asks the Court to modify the protective order in this matter to allow one of the Defendants to use certain discovery materials designated by Plaintiff as "Confidential" in a separate action to be filed by the Defendant. The Letter Motion, therefore, discusses and attaches materials that have been designated Confidential by the parties. And, as described in more detail in the Letter Motion, those confidential discovery materials contain highly personal and sensitive content about the litigants. Moreover, again as discussed in the Letter Motion, Defendant is requesting relief from the protective order so that the Defendant can prosecute the contemplated separate action anonymously, as is the Defendant's right under the federal statute discussed in the Letter Motion. If the Letter Motion is not filed under seal, the Defendant's statutory right to anonymity would be effectively nullified.

  In considering whether to exercise its supervisory power to seal documents, the Court must balance the following three factors: (1) "whether the documents are judicial documents that are 'relevant to the performance of the judicial function and useful in the judicial process;'" (2) "the weight of the common law presumption of access to the judicial documents at issue, as well as the public's First Amendment right to access the documents;" and (3) "whether there are any countervailing concerns that would weigh against full public access to the documents." *Saadeh v. Kagan*, 2021 U.S. Dist. LEXIS 48156, at *3-4 (S.D.N.Y. Mar. 15, 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115, 119-20 (2d Cir. 2006)).

GIBBONS P.C.

Honorable Robyn F. Tarnofsky, U.S.M.J.
April 4, 2025
Page 2

All these factors weigh in favor sealing.

*First*, the Letter Motion is not a judicial document that is relevant to *this Court's* judicial function in resolving the claims and disputes presently before the Court. Indeed, the Letter Motion seeks no *substantive* relief in this matter, but instead seeks leave to use confidential discovery materials in a separate litigation.

*Second*, the weight of the common-law and First Amendment presumptions of access are diminished. Because the Letter Motion does not seek any substantive relief from the Court, the public's interest in monitoring the performance of the Court in resolving the request made in the Letter Motion is diminished. Also, the information discussed in the Letter Motion concerns the private matters of private citizens. Thus, the interests of the press under the First Amendment are diminished.

*Third* and most importantly, substantial "countervailing concerns" weigh in favor of sealing. The Letter Motion contains extremely personal and sensitive information relating to the litigants, the disclosure of which would be humiliating and damaging to the litigants.

In short, the Letter Motion is not a judicial document for which there is a presumption of access. But, even if it were a judicial document, the harm that would befall the litigants if the Letter Motion were exposed on the public docket would vastly outweigh the interests in the public's access to the Letter Motion.

Accordingly, Defendants respectfully request that they be permitted to file the Letter Motion under seal.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Christine A. Amalfe*

Christine A. Amalfe

cc:   All counsel of record (via ECF)