

Christine A. Amalfe
Director

Gibbons P.C.
One Pennsylvania Plaza
45th Floor, Suite 4515
New York, NY 10119
Direct: 973-596-4829 Fax: +1 973-639-6230
camalfe@gibbonslaw.com

April 8, 2025

**<u>FILED ON ECF VIA LETTER-MOTION</u>**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

   **Re:**  ***Parker v. Bursor*, 24-cv-245 (JGLC) (RFT)**
      **<u>Letter-Motion To File Under Seal Defendants' Letter Motion for Pre-Motion</u>**
      **<u>Conference Regarding Request for Leave To Use Confidential Information</u>**
      **<u>in Other Litigation</u>**

Dear Magistrate Judge Tarnofsky:

   This Firm, along with Judd Burstein, P.C., represents Defendants Scott Bursor and Bursor & Fisher, P.A. (collectively, "Defendants") in the above-referenced matter. This letter-motion is submitted pursuant to Rule III(E) of Your Honor's Individual Practices in Civil Cases, seeking to modify the Court's order (ECF No. 361) permitting Defendants to file under seal their Letter Motion for Pre-Motion Conference Regarding Request for Leave to Use Confidential Information in Other Litigation (the "Letter Motion").

   On April 4, 2025, Defendants submitted a Letter Motion (ECF No. 359), asking the Court to seal a simultaneously filed Letter Motion that asked the Court to modify the protective order in this matter to allow one of the Defendants to use certain confidential discovery materials in a separate action (ECF No. 360). Defendants' request to seal the underlying Letter Motion was not based on any of the Court's extant sealing orders or other decisions. Instead, as Defendants argued in their Letter Motion to seal, the underlying Letter Motion was independently entitled to sealing under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115, 119-20 (2d Cir. 2006)). Indeed, as argued in the Letter Motion to seal, sealing the underlying Letter Motion is necessary to preserve Defendant's *statutory* right to proceed anonymously in his anticipated litigation.

   On April 7, 2025, the Court granted Defendants' "request to seal ECF 360," but, in granting Defendants' request, the Court also added that "ECF 360 is sealed *pending Defendants' appeal*," an apparent reference to Defendants' appeal of the Court's March 31, 2025 Opinion and Order. ECF No. 361 (emphasis supplied). For clarity, Defendants did not seek to seal ECF No. 360 pending appeal. Instead, because ECF No. 360 is entitled to sealing for reasons entirely independent of the Opinion and Order that is on appeal, Defendants requested that the underlying Letter Motion (ECF No. 360) be filed and kept under a permanent seal, unless and until the Court specifically orders that it be unsealed.

GIBBONS P.C.

Honorable Robyn F. Tarnofsky, U.S.M.J.
April 8, 2025
Page 2

       Based on the foregoing, Defendants respectfully request that the Court modify ECF No. 361 to reflect that ECF No. 360 is under a permanent seal, unless and until a further contrary order of the Court.

       We thank the Court for its consideration of this request.

                    Respectfully submitted,

                    */s/ Christine A. Amalfe*

                    Christine A. Amalfe

cc:     All counsel of record (via ECF)