# HANTMAN & ASSOCIATES
ATTORNEYS AT LAW
1120 Avenue of the Americas
4th Floor
New York, New York 10036
(P) 212-684-3933
(F) 212-465-2192
www.Hantmanlaw.com

**ROBERT J. HANTMAN**
rhantman@hantmanlaw.com
New York, New Jersey, & Florida Bars

June 6, 2025

**BY ECF**
The Honorable Jessica G.L. Clarke
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

>  Re: *Parker v. Bursor*, 24-cv-245 (JGLC) (RFT)
>  – Request to Maintain Sealing of Counterclaims

Dear Judge Clarke:

I am one of the individuals newly named as a counterclaim defendant in this action. On behalf of myself, as well as counterclaim defendants Carlos Carvajal and Ivan Wilzig (collectively, the "Counterclaim Defendants"), I respectfully submit this letter to convey our position that the Answer and Counterclaims (ECF No. 390) should remain under seal pending resolution of the motions that Counterclaim Defendants intend to file in response to the Counterclaims, including motions to dismiss the Counterclaims.

By Order dated May 30, 2025, the Court directed that "[b]y June 6, 2025, the parties are directed to confer and submit a joint letter on the docket indicating any ECF entries that they maintain SHOULD remain sealed in light of the order of the USCA." (ECF No. 427). As directed by Your Honor, we reached out to counsel for defendants Scott Bursor and Bursor and Fisher, P.A. (collectively, "Defendants"). We proposed to keep the Counterclaims sealed pending the resolution of our response to them and asked whether Defendants would consent. In response, however, Defendants' counsel asserted:

> "Given the law of the case as a result of Judge Clarke's ruling and the Second Circuit's recent decision, we see no basis to seal the counterclaim. We therefore do not consent."

In light of Defendants' repeated applications to this Court to seal pleadings to avert prejudice to them, it is surprising and disappointing that Defendants will not countenance even a temporary sealing of the Counterclaim that they have now seen fit to frivolously file against the Counterclaim Defendants.

FLORIDA
HANTMAN & ASSOCIATES
650 WEST AVENUE
SUITE 2408
MIAMI BEACH, FL 33139

NEW JERSEY
JOSEPH J. FERRARA
OF COUNSEL
111 PATERSON AVENUE
HOBOKEN, NJ 07030

FLORIDA
ENTIN & DELLA FERA, P.A.
OF COUNSEL
110 SE 6TH ST., SUITE 1970
FORT LAUDERDALE, FL 33301

PLEASE SEND ALL CORRESPONDENCE TO THE NEW YORK, NY ADDRESS LISTED ABOVE.
ACTIVE 711823121v1

On January 19, 2024, Defendants filed a motion for a preliminary injunction and a temporary restraining order, seeking an order requiring Plaintiff to file her complaint under seal for an amount of time sufficient to allow Defendants to move to strike portions of the complaint. (See ECF 11-16.) Defendants thereafter repeatedly represented that the filing of the public document of the claims asserted against them would cause significant harm and prejudice. On January 25, 2025, at Defendants' urging, the Court directed that "Plaintiff is hereby ORDERED to file any forthcoming complaint fully under seal." (ECF No. 34). Thereafter, at Defendants' urging, a number of submissions were filed under seal.

Now that the proverbial shoe is on the other foot, however, Defendants suddenly see no need for the protections that they repeatedly urged this Court to impose in their favor. In fact, the need for a sealing of the salacious and frivolous allegations contained in the Counterclaims – at least until this Court has had an opportunity to consider the Counterclaim Defendants' anticipated motions – is far starker than any need ever presented by Defendants with respect to the Complaint.

The allegations in the Counterclaims against the Counterclaim Defendants, consisting solely of violations of RICO statutes 18 U.S.C. §1962(c) & (d)[1], are untrue, unsubstantiated, inflammatory, and only serve Defendants' attempt to embarrass us, and damage our standing with our families and in the community, which is far beyond what is acceptable in a public court filing. The filing of these false and scandalous allegations will cause damage not only to our personal reputations and families, but also risks harming our professional standing with potential clients and fellow members of the legal community. Again, it is ironic that Defendants are refusing to consent to even a temporary sealing of the Counterclaims, given Defendants' own prior insistence that the claims asserted against *them* should remain under seal indefinitely. A temporary sealing of the Counterclaims would clearly be appropriate to allow the Court to first address the critical threshold question of whether the Counterclaims are viable in any respect.

To establish a substantive RICO violation, a [claimant] must show a "pattern of racketeering activity," 18 U.S.C. § 1962(a)-(c), and to establish a RICO conspiracy, a (claimant) must show a conspiracy to commit a substantive RICO violation § 1962(d). Thus, "[u]nder any prong of § 1962, a plaintiff in a civil RICO suit must establish a 'pattern of racketeering activity.'" *GICC Capital Corp. v. Technology Finance Group, Inc. et al.*, 67 F.3d 463 (2d Cir. 1995). To survive a motion to dismiss, this pattern must be adequately alleged in the complaint.

To establish a RICO claim, a plaintiff must show: '(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962.'" *DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001) (quoting *Pinnacle Consultants, Ltdf v. Leucadia Nat'l Corp.*, 101 F.3d 900, 904 (2d Cir.1996)).

In the Counterclaims, Defendants allege that the Counterclaim Defendants—including two attorneys with unblemished ethical records—participated in an "enterprise" against them.

---

[1] 18 U.S.C. §1962(c). The alleged association-in-fact enterprise had the common purpose of carrying out separate but related extortion schemes designed to illegally induce targets of their schemes to pay money to the Enterprise. 18 U.S.C. §1962(d) unlawful for any person to conspire to violate any of the provisions of subsection (c) of this section

2

However, under well-established RICO precedent, an "enterprise" must involve more than a loose association of individuals pursuing common goals. It must possess an ascertainable structure and continuity. *Boyle v. United States*, 556 U.S. 938, 946 (2009).

The alleged association lacks any formal structure or hierarchy. At most, Defendants describe sporadic communications over the course of several years relating to the representation of a potential client—Plaintiff Parker. This does not amount to a cohesive or continuing enterprise with a shared criminal purpose, as required under RICO.

Moreover, the Counterclaims fail to plead a "pattern" of racketeering activity. To establish a pattern, Defendants must allege at least two predicate acts that are related and pose a threat of continued criminal conduct. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). The acts attributed to us, including sharing legal documents, engaging in settlement efforts, and responding to subpoenas, do not constitute racketeering activity under 18 U.S.C. § 1961.

There is no plausible allegation that the Counterclaim Defendants engaged in fraud, extortion, or obstruction. Routine legal work—such as document review, settlement outreach, or client referral—cannot be bootstrapped into predicate acts of racketeering. Nor did Mr. Wilzig, a non-lawyer, engage in any actionable conduct. Even assuming, arguendo, that the Verified Complaint referenced in the pleadings contained inaccuracies, that alone does not establish a RICO predicate absent concrete evidence of fraudulent intent. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006).

Additionally, the Counterclaims fail to allege that any of the purported conduct was carried out *through* the alleged enterprise, as required under RICO. I am, at most, described as a third party who attempted to help resolve a dispute—not someone who directed or participated in any enterprise activity. Mr. Carvajal withdrew from representing Ms. Parker before any complaint was filed, and she is now represented by other counsel. Mr. Wilzig, a non-lawyer, did not represent Ms. Parker at all. The Counterclaims also fail to identify any proximate or concrete financial injury traceable to the Counterclaim Defendants. The allegations span multiple years and jurisdictions but lack any coherent theory of causation.

The claims are plainly retaliatory, legally baseless, and factually unsupported. As courts have long held, bald assertions and legal conclusions are insufficient to plead a RICO violation. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The pleadings must present more than speculative allegations; they must plausibly suggest a right to relief. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

I fully complied with subpoenas served on October 15, 2024, and January 31, 2025, producing all non-privileged documents in my possession and offering to appear for a deposition. Around the same time, on December 28, 2024, I sent Defendants a memorandum explaining why any claims against me—particularly under civil RICO—lacked any basis and would violate Rule 11. I reiterated those concerns in a follow-up letter to the Court on January 15, 2025, further clarifying my limited and neutral role in this matter. Defendants have never disputed the factual content of either submission.

My involvement with Defendant Bursor arose *solely at his request* around the summer of 2023, when I briefly attempted to mediate a resolution between him and the Plaintiff. I made clear from the outset that I would not represent either party in litigation, and I never entered an appearance in this case. Nevertheless, I fully complied with the subpoenas served on me in October 2024 and January 2025. Mr. Carvajal and I produced all non-privileged documents in our possession, and offered to appear for a deposition, but Defendants declined to take our deposition. Defendants chose not to call me as a witness at the evidentiary hearing held before Your Honor on February 26, 2025. At the February hearing, Mr. Carvajal also confirmed under oath that I referred Plaintiff to him, and that he withdrew before any complaint was filed by Plaintiff.

These facts do not support, in any form, the Counterclaims that Defendants now seek to assert against us. Nevertheless, the pleading attempts to recast lawful and routine conduct—such as professional communications and third-party correspondence—as elements of a civil RICO conspiracy. This effort is wholly unjustified and legally unsound.

The allegations specifically directed at the Counterclaim Defendants are not only false, but deliberately inflammatory. They include the fabricated claim that we exchanged legal advice for sexual favors (ECF No. 390 ¶¶35–36), the baseless assertion that we orchestrated a multi-year extortion scheme targeting public figures and attorneys (*id*. ¶¶39, 54–57), and the grossly distorted portrayal of a brief 2023 correspondence as criminal extortion (*id*. ¶¶214–219). Each of these claims is categorically false. These and other accusations serve no legitimate purpose and are plainly retaliatory.

Accordingly, the Counterclaims should remain under seal while we prepare and serve our Federal Rule of Civil Procedure 11 motion by the Court-ordered deadline of June 26, 2025. In addition, the Counterclaim Defendants intend to move to dismiss the Counterclaims in their entirety under Rule 12(b)(6), as they fail to state any legally cognizable claim against us.

We appreciate the Court for its time and attention to this matter.

Respectfully submitted,
/s/ Robert J. Hantman
Robert J. Hantman, Esq.