

RUGGERI
PARKS
WEINBERG LLP

James P. Ruggeri
Phone:  (202) 469-7752
jruggeri@ruggerilaw.com

June 5, 2026

**VIA PACER/ECF FILING**

The Honorable Robyn F. Tarnofsky
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:  **Letter Motion to Intervene and Unseal the Action** *Parker v. Bursor, et al.*,
> **1:24-cv-00245-JGLC-RFT (S.D.N.Y.)**

To the Honorable Judge Tarnofsky:

We write on behalf of our client, Sentinel Insurance Company, Ltd. ("Hartford") to seek the administrative unsealing of the above-captioned litigation (the "Action").  As Your Honor may recall, Hartford was the insurer who paid for the defense and settlement of Mr. Scott Bursor and his firm, Bursor & Fisher, P.A. (the "Defendants") in this Action.  Pursuant to Your Honor's individual rules, sealing issues are to be presented by letter motion.  Hartford submits this letter motion to intervene under Federal Rule of Civil Procedure 24 to seek the completion of the Court's unsealing orders.[1]

As noted in the public PACER entry, "Defendants' motion to seal the Complaint and related documents [was] DENIED."  ECF No. 345.  Plaintiff was "directed to file the Complaint unsealed, striking Paragraphs 39-41 and footnote 3 of Paragraph 14, and redacting the portions of Paragraph 14 specifying names of illnesses. . . . The unsealing of all related documents pursuant to [that] Order and all further disputes concerning sealing" were referred to Your Honor.  *Id.*

As the Court is aware, this Action settled after Judge Clarke issued the unsealing order. Defendants appealed that unsealing order; the Second Circuit Court of Appeals temporarily stayed the unsealing; and when the Second Circuit terminated its stay, the case quickly settled. *See generally* ECF Nos. 425, 442, 448.  Defendants then, after settlement, abandoned their appeal by stipulation, *see* ECF No. 442, 448, making the Court's unsealing orders final, unappealable, and presumably – as Defendants apparently argued – the law of the case.[2]

---

[1]    Notably, "[t]he Court may *sua sponte* unseal the records at issue irrespective of a motion to intervene."  *Eagle Star Ins. Co. v. Arrowood Indem. Co.*, No. 13 CV 3410 HB, 2013 WL 5322573, at *1 (S.D.N.Y. Sept. 23, 2013) (citing *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 141 (2d Cir. 2004)).  Thus, while Hartford's need for unsealing justifies the intervention to seek it, the Court ultimately does not need to rule on that issue to complete the unsealing.  *Id.*

[2]    *Orange Cnty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 49 (2d Cir. 2009) ("Under the law-of-the-case doctrine, a trial court must 'follow an appellate court's previous ruling on an issue in the same case.'") (citations omitted); *see* ECF No. 431 at 1 ("Defendants' counsel asserted: 'Given the law of the case as a result of Judge Clarke's ruling and the Second Circuit's recent decision, we see no basis to seal the counterclaim.  We therefore do not consent.'").

The Honorable Robyn F. Tarnofsky
June 5, 2026
Page 2 of 2

Hartford and the Defendants are now parties to a coverage dispute about this Action, *see Sentinel Insurance Company, Limited v. Bursor & Fisher, P.A. and Scott Bursor*, 1:25-cv-10000-AT-VF (S.D.N.Y.).  Defendants there have argued there *was* coverage based on the face of the complaint.  *E.g.*, 1:25-cv-10000-AT-VF, ECF No. 49-1 n.3 ("there was a potential for coverage, thereby requiring Hartford to 'completely and entirely defend' the underlying litigation.").  To resolve those disputes, Hartford and the court in that action necessarily need access and the ability to discuss the contents of the docket, including the complaint.  Defendants, too, state they will file a third-party complaint against other insurers who did not defend or settle this Action.  1:25-cv-10000-AT-VF, ECF No. 38 at 6.  Those parties will also need such access and ability.

The parties in this Action were ordered to present a stipulation on what documents should remain sealed.  *See*, *e.g.*, ECF No. 427; 432; 437.  But no stipulation appears, and the docket remains under an administrative seal.  Hartford initially filed its coverage action in the Northern District of California; in moving to transfer, Defendants attempted to wield the Action's technical continued sealing as a sword and shield.  *E.g.*, 1:25-cv-10000-AT-VF, ECF No. 36 at 3 ("The underlying docket *remains* under seal and inaccessible to the public, including to Sentinel.").  Defendants, notably, still make much of their argument that "the underlying docket remains under seal" and continue to maintain that "their position [is] that the underlying docket remains under seal."  1:25-cv-10000-AT-VF, ECF No. 49.  While Judge Gonzalez Rogers found Defendants' continued sealing arguments to be "meritless," 1:25-cv-10000-AT-VF, ECF No. 46 at 5, Hartford's ability to prosecute its claims is hamstrung by the continued administrative seal.

Beyond Hartford's obvious need, the strong presumption in favor of the right of public access weighs heavily here where the sealing motion not only was denied, but the appeal abandoned; this is especially true for the documents used to resolve motions, as "the presumptive right to 'public observation' is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication.'"  *E.g., Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  This appears to include most of the docket and plainly includes the complaints.

The Court has already ruled in this Action that the docket should not be sealed.  Indeed, even if the parties had any potential remaining sealing disputes, the fact that the parties chose not to file a stipulation nearly a year from when it was due supports waiver and forfeiture of all potential sealing disputes (with proper acknowledgment that the interests of certain third parties, *i.e.*, minors, are beyond those that can be waived by the parties).

Hartford respectfully requests the Court to direct the Clerk to unseal the docket.

Respectfully submitted,

James P. Ruggeri

*Attorney for Sentinel Insurance Company, Ltd.*