UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELICA PARKER,<br>*Plaintiff*,<br>-- against --<br>SCOTT BURSOR and BURSOR & FISHER, P.A.,<br>*Defendants*. | Case No. 24-cv-245 (JGLC) (RFT)<br>**DECLARATION OF CHRISTINE A. AMALFE IN OPPOSITION TO HARTFORD'S LETTER MOTION TO INTERVENE AND UNSEAL** |

I, **CHRISTINE A. AMALFE**, of full age, certify to the Court as follows:

1. I am a Partner with the law firm of FBT Gibbons LLP, counsel for Defendants Scott Bursor ("Bursor") and Bursor & Fisher, P.A. ("B&F" and, together with Bursor, "Defendants") in the above-captioned matter. I make this Declaration in opposition to the letter motion of non-party Sentinel Insurance Company ("Hartford") to intervene in this action (the "Underlying Action" or "Action") and to unseal the Court filings in the Action. I am personally familiar with the facts set forth in this Declaration.

2. At or near the commencement of the Action, Hartford agreed to participate in B&F's defense of the Action pursuant to B&F's insurance policies. Hartford therefore sought to be kept informed of material developments in the Action.

3. Throughout the litigation, my colleagues and I kept Hartford fully informed of all material developments in the Action. For instance, during the course of the Action, my colleagues and I participated in many discussions with Hartford's representatives concerning the underlying claims in the Action, Defendants' defense of the Action, proposed next steps, and settlement discussions, issues and obstacles.

4. My colleagues and I also made Hartford fully aware that most of the submissions and other court filings in the Action were filed under seal.

5. In part because of the sealing, Defendants entered into a confidentiality agreement ("Confidentiality Agreement") with Hartford that enabled Defendants to share copies of sealed filings in the Action with Hartford's representatives. In accordance with the Confidentiality Agreement, my colleagues and I provided Hartford a large number of the court filings in the Action either at the time they were filed or thereafter upon the request of Hartford.

6. Defendants, through counsel, also repeatedly advised Hartford that maintaining sealing of the court file during and after termination of the Action was of critical importance to Defendants, and that Defendants would have little desire to settle if the case file became unsealed.

7. In the Summer 2025, at the urging of Hartford, Defendants engaged in settlement discussions with Plaintiff and kept Hartford apprised of those discussions. In fact, on several occasions in the weeks preceding consummation of the settlement, I provided Hartford with drafts of a proposed settlement agreement with Plaintiff. Each of those drafts clearly and in multiple locations referenced the material issue of the docket remaining sealed and the parties' mutual obligation to oppose any attempt to unseal. Hartford expressly or tacitly approved these drafts.

8. The Action was settled on July 15, 2025, with execution of settlement agreements between Defendants and most of the various other parties.

9. On June 16, 2025, the Underlying Action was ordered closed with all pending motions rendered moot. (ECF No. 439.)

10. On July 24, 2025, an Order of Dismissal was entered by Judge Clarke. (ECF No. 447.)

11. On July 28, 2025, Plaintiff and Defendants filed a stipulation of withdrawal of Defendants' then-pending appeal with the United States Court of Appeals for the Second Circuit.

I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

*/s Christine A. Amalfe*
Christine A. Amalfe

Dated: June 24, 2026