# EXHIBIT 3

# CONFIDENTIALITY AGREEMENT

This CONFIDENTIALITY AGREEMENT ("Agreement"), effective as of the date it is fully executed by all signatories, is made between Bursor & Fisher, P.A. ("Bursor & Fisher")[1], on the one hand, and Sentinel Insurance Company, Limited ("Hartford"), on the other hand. Bursor & Fisher and Hartford are referred to collectively as the "Parties," or individually as a "Party."

**WHEREAS**, Bursor & Fisher, P.A. was issued Hartford Business Liability Policies, Policy Nos. 57 SBA BA7698 for the policy periods August 4, 2011 to August 4, 2024 (the "Policies"), under which Bursor & Fisher have provided notice of a lawsuit pending in the Southern District of New York captioned *Parker v. Bursor, et al.*, Case No. 1:24-cv-00245-JGLC-RFT (S.D.N.Y.) (the "Lawsuit");

**WHEREAS**, Hartford has agreed to defend, pursuant to a reservation of rights issued on March 5, 2024, Bursor & Fisher under policy no. 57 SBA BA7698 (08/4/23-08/4/24) (the "Participating Policy") for the Lawsuit;

**WHEREAS**, The Policies require that Bursor & Fisher provide Hartford with certain information, and Hartford may make additional requests to Bursor & Fisher in the future, relating to the Lawsuit which may call for certain Confidential Information (as defined below in Paragraph 1) including documents filed "under seal" in the Lawsuit[2];

---

[1] This Agreement also extends to any Confidential Information held and/or otherwise involving Bursor & Fisher's employees and/or members, including Scott Bursor. Hartford's acceptance of the Confidentiality Agreement does not in any way confer coverage and/or otherwise imply that coverage is available for either Bursor & Fisher or Mr. Bursor. Bursor & Fisher's execution of this Agreement does not in any way imply its acceptance of Hartford's coverage position, including whether Scott Bursor is an Insured and whether only the Participating Policy (as defined herein) applies. The execution of this Agreement by both parties will not be used as evidence of any coverage position taken by Hartford, nor as evidence of any acceptance by Bursor & Fisher of Hartford's coverage position, in connection with the Lawsuit for either party.

[2] For the purposes of this agreement, all parties reserve their respective rights with respect to any coverage disputes under the Policies. This agreement is not intended to supplement or supplant any coverage positions taken by Hartford or any obligations owed by either Hartford or Bursor & Fisher under the Policies.

**WHEREAS**, Bursor & Fisher and Hartford have a common interest in defending the Lawsuit and a mutual concern in keeping private any Confidential Information exchanged pursuant to this Agreement away from certain third parties;

**WHEREAS**, the Parties and their respective counsel wish to ensure that, by engaging in communications and information sharing respecting the Lawsuit, there is no waiver of any confidentiality, attorney-client privilege, attorney work product, joint defense or common interest privilege, and/or any other applicable privileges, immunities and/or protections afforded by law;

**NOW, THEREFORE**, in consideration of and reliance on the mutual promises and the respective agreements and conditions contained herein, and intending to be legally bound hereby, the Parties hereby agree as follows:

1. "Confidential Information" is defined to include all documents, correspondence and any other information in connection with Bursor & Fisher and concerning or relating to the Lawsuit, and any investigation, analysis, and conclusion of the Parties and/or their employees, officers, directors, affiliates, brokers, third-party forensic investigators or experts, and attorneys, as well as any agents and/or third-party administrators of the foregoing, concerning or relating to the Lawsuit. The definition of Confidential Information includes, but is not limited to, defense cost invoices, confidential and non-public documents, including documents filed "under seal" in the Lawsuit, information or analyses relating to the Lawsuit that may be protected from discovery or other disclosure by protective order(s), the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, and/or other applicable privileges and/or protections afforded by state or federal law. For the avoidance of doubt, Confidential Information also includes, but is not limited to, any information concerning or relating to the Lawsuit that is

protected from discovery or other disclosure by any protective order(s) issued in the Lawsuit governing such Underlying Action.

2. Confidential Information shall not, however, include material that: (i) was available to the public prior to disclosure by Bursor & Fisher ; or (ii) was in the possession of Hartford prior to receipt from Bursor & Fisher. Hartford agrees that it shall use commercially reasonable efforts to maintain the confidentiality of all Confidential Information, which steps shall be no less rigorous than those used to protect Hartford's own respective confidential information.

3. After this Agreement has been signed by all Parties, Bursor & Fisher may, in their sole discretion, provide Hartford with Confidential Information. Regardless of the terms of this Agreement, Bursor & Fisher and Hartford continue to be bound by the terms and conditions of the Policies.

4. Hartford expressly acknowledges and agrees that any Confidential Information provided by Bursor & Fisher pursuant to this Agreement shall only be used in a manner that is consistent with this Agreement. It is understood that Bursor & Fisher reserve and do not waive the right to take the position that the Confidential Information is not relevant to Hartford's coverage obligation in the event that Hartford bases any coverage determination on Confidential Information.

5. The Parties further agree that Bursor & Fisher's provision of any Confidential Information to Hartford shall not constitute or be used to argue that there has been any waiver of any attorney-client privilege, work-product privilege, common interest privilege, joint defense privilege, accountant-client privilege, and/or any other applicable privilege or immunity.

6. Hartford shall not, absent Bursor & Fisher's express written consent or a court order providing otherwise, provide, give, show, communicate, or otherwise disclose the Confidential

Information provided pursuant to this Agreement to any person or entity except to (i) those of Hartford's employees who need to know such Confidential Information to perform their job functions in relation to a Notice or Claim; (ii) Hartford's internal and external consultants, experts or lawyers involved in evaluating or providing coverage for the Lawsuit and Bursor & Fisher's request for coverage under the Policies; and (iii) Hartford's reinsurers or auditors. Any disclosure of Confidential Information by Hartford pursuant to this Paragraph shall be made only to those who are bound by obligations of confidentiality and non- and or any operative Action protective order(s) as the case may be.

7. If Hartford receives a subpoena or other request or demand for Confidential Information, including in connection with any judicial, administrative or arbitration proceeding, Hartford shall, as soon as practicable, notify Bursor & Fisher in writing. Hartford will object to such a request and will contend that the documents or other information are confidential and privileged because they were provided pursuant to this Agreement and contain confidential and/or privileged information that was provided to Hartford because it shares a common interest with Bursor & Fisher. Hartford shall take all necessary affirmative steps to resist disclosure and maintain the confidentiality and privileged nature of the Confidential Information. If disclosure is nonetheless required, Hartford will seek to obtain a protective order or other binding assurance that confidential treatment shall be afforded to any Confidential Information that is required to be disclosed and shall disclose only that portion of the Confidential Information for which disclosure is legally required. The foregoing is without limitation to Bursor & Fisher's ability to seek a protective order or other relief limiting such disclosure; in such a case, Hartford shall cooperate in such efforts by Bursor & Fisher and shall not oppose Bursor & Fisher's taking any lawful steps to resist, narrow or eliminate the need for the disclosure. In no event shall Hartford produce any

Confidential Information in response to such subpoena or other request or demand without providing a minimum of ten (10) days' notice of any such request or requirement prior to any required disclosure, to afford Bursor & Fisher with a reasonable opportunity to seek an appropriate protective order or other relief limiting such disclosure.

8. Within 120 days of the termination of this Agreement, Hartford, at its election, shall either (i) deliver all hardcopies of Confidential Information in its possession or in the possession of its employees, consultants, experts, lawyers, reinsurers or auditors to Bursor & Fisher , or (ii) destroy, or in the case of Confidential Information not in its possession, instruct the possessor of Confidential Information to destroy all hardcopies and/or any electronic copies of all Confidential Information to the extent possible, and confirm the destruction in writing, and/or the reasons for which destruction is not possible, to Bursor & Fisher. If, however, the Confidential Information has been included in Hartford's notes, analyses, studies or other materials, Hartford may destroy the incorporated Confidential Information and certify its destruction rather than return such Confidential Information. Notwithstanding the foregoing, Hartford may retain Confidential Information as required by auditors, reinsurers or regulators or to comply with applicable law or regulation.

9. A waiver by a Party of any term or condition of this Agreement in any instance shall not be deemed or construed to be a waiver of such term or condition for the future of any subsequent breach thereof.

10. This Agreement shall be binding upon the Parties hereto and inure to their benefit and their respective successors' benefit. The Parties shall not assign this Agreement or any rights or obligations under this Agreement without the prior written consent of Bursor & Fisher. Any attempted assignment by the Parties without prior written consent will be void.

11. The Parties agree that, by entering into this Agreement, Bursor & Fisher are not obligating themselves to disclose Confidential Information to Hartford, and that this Agreement is without prejudice with respect to any future production of documents or other information, and also without prejudice to the rights and obligations following from the Policies or at law.

12. All notices provided under this Agreement shall be made by electronic mail and shall become effective when delivered to:

| | |
|---|---|
| Bursor & Fisher: | Scott A. Bursor<br>Email: scott@bursor.com<br><br>Kenneth Frenchman<br>Jason Sumbaly<br>Cohen Ziffer Frenchman & McKenna<br>Counsel for Bursor & Fisher<br>kfrenchman@cohenziffer.com<br>jsumbaly@cohenziffer.com |
| Hartford: | Daniel Nicastro<br>The Hartford<br>Complex Claims Unit<br>Email: Daniel.Nicastro@TheHartford.com |

13. This Agreement constitutes the Parties' entire agreement with respect to the matters covered herein. This Agreement cannot be amended or modified except in a writing, signed by the Parties.

14. The provisions of this Agreement shall continue to be binding after the conclusion of the Lawsuit. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

15. The person executing this Agreement on behalf of a Party represents that he or she has carefully read this Agreement, has the full and complete authority to execute this Agreement and agrees to its terms on behalf of the Party on whose behalf he or she acts to so execute.

16. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all of which together shall be deemed one and the same instrument. Facsimiles or e-mails of this Agreement, including facsimile or e-mail signatures, shall be deemed the same as the original for all purposes.

For Bursor & Fisher:

Scott A. Bursor

Date: May 8, 2024

Name (printed): Scott Bursor

Title: President

For Hartford (as defined herein):

Date: 5/8/24

Name (printed): Daniel Nicastro

Title: Director Claims