

# RUGGERI PARKS WEINBERG LLP

James P. Ruggeri
Phone: (202) 469-7752
jruggeri@ruggerilaw.com

July 1, 2026

Application **GRANTED**. Hartford's letter motion to file redacted exhibits is granted as the redactions are narrowly tailored to protect Hartford's privacy interest in the confidential settlement offer, authority, and ultimate settlement amount. The Clerk of Court is respectfully requested to terminate ECF 459 and to keep the documents filed at ECF 460 under seal.

**VIA PACER/ECF FILING**

The Honorable Robyn F. Tarnofsky
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dated: July 2, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

Re: *Parker v. Bursor, et al.*, **1:24-cv-00245-JGLC-RFT (S.D.N.Y.)**

To the Honorable Judge Tarnofsky:

We write on behalf of our client, Sentinel Insurance Company, Ltd. ("Hartford") and, in accordance with the Court's individual rules, submit this letter motion regarding the redactions on Exhibits 2 and 3 to Hartford's concurrent motion seeking administrative unsealing, ECF No. 458; 458-2 ("Exhibit 2"), 458-3 ("Exhibit 3").

Exhibit 2, on page 1, includes a redaction of settlement authority that is currently maintained under Judge Torres's docket pursuant to a protective order. *See generally Sentinel Ins. Co. Ltd. v. Scott Bursor and Bursor & Fisher, P.A.*, No. 1:25-cv-10000 (S.D.N.Y.), Jan. 27, 2026, ECF No. 50.

The remaining redactions in Exhibit 2, found at page 2, reflect a settlement offer Plaintiff Parker made to Defendants which, while not technically covered by Judge Torres's present order, is the same type of information redacted by that protective order (*i.e.*, the demand to which Hartford was providing settlement authority) and reflects specifically to the same dollar amount redacted by Judge Torres's protective order. The sole redaction in Exhibit 3, found at page 6, is the actual amount of the settlement paid to Plaintiff.

In addition to the present protective order from Judge Torres which presently applies to Hartford's settlement authority, final settlement amounts are traditionally kept redacted. *E.g.*, *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 143 (2d Cir. 2004) ("That amount is set forth in settlement documents that were entered into on a confidential basis between the parties and are not themselves part of the court record. There is no established presumption of access of which we have been made aware with respect to the information contained in them.") (protecting confidential settlement amount revealed in transcript). Similarly, settlement authority and settlement demands are likewise traditionally information that is redacted. *E.g.*, *Martinez v. Navarro*, No. 119CV00378JLTGSAPC, 2023 WL 2818075, at *1 (E.D. Cal. Mar. 23, 2023) ("settlement documents are considered confidential between the parties and should not be filed

The Honorable Robyn F. Tarnofsky
July 1, 2026
Page 2 of 2

with the Court on the public docket.  Accordingly, the Court shall file Plaintiff's settlement offer under seal.").[1]

Hartford has, in accordance with the Court's individual rules, reviewed *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016) before filing this request.  Most pertinently, the Second Circuit in *Bernstein* cites "*c.f.*" to *United States v. Glens Falls Newspapers, Inc.,* 160 F.3d 853, 857 (2d Cir.1998) for the proposition that "settlement negotiations and draft agreements 'do not carry a presumption of public access' because '[t]he judge cannot act upon these discussions or documents until they are final, and the judge may not be privy to all of them'[.]"  *Bernstein*, 814 F.3d at 142 n.4.  Thus, Hartford submits the proposed redactions are in line with the relevant Second Circuit case law such that the referenced settlement amount, settlement authority, and settlement demands are properly redacted.

The proposed redactions are narrowly tailored, redacting solely the dollar amount of settlement offers, authority, and the ultimate settlement between Plaintiff Parker and Defendants. Subject to the Court's approval, Hartford submits that the redactions are proper given that they all solely relate to actual dollar amounts of confidential settlements, settlement authority, and settlement offers.

Hartford, therefore, respectfully requests that the Court approve the redactions to Exhibits 2 and 3 of its concurrently filed motion seeking administrative unsealing.

Respectfully submitted,

James P. Ruggeri

*Attorney for Sentinel Insurance Company, Ltd.*

---

[1]     *E.g.*, *S.E.C. v. Billion Coupons, Inc.*, No. CIV. 09-00068 JMSLEK, 2009 WL 2143532, at *3 (D. Haw. July 13, 2009) ("there is a compelling reason to file a portion of its findings and recommendation under seal because Receiver seeks specific authority with which to negotiate and reach acceptable settlements with potential defendants . . ."), *report and recommendation adopted,* No. CIV. 09-00068JMS-LEK, 2009 WL 2365689 (D. Haw. July 29, 2009); *Galluccio v. Pride Indus., Inc.*, No. 115CV03423NLHAMD, 2020 WL 3496914, at *3 n.3 (D.N.J. June 29, 2020) ("Because the exact amount of the first settlement is not necessary to the Court's analysis in this Opinion, the Court will similarly redact the references to the amount of the first settlement and any relevant calculations based on that settlement.") (citing *Horizon Pharma, Inc. v. Lupin Ltd.*, 2017 WL 5068547, at *3 (D.N.J. 2017) (citing *Morgan v. Wal-Mart Stores, Inc.*, 2015 WL 3882748, at *2 (D.N.J. June 23, 2015)) (allowing redaction where "disclosure would result in the dissemination of confidential settlement negotiations and confidential settlement amounts" and where "the public has no legitimate interest" in accessing such confidential information between private parties)).