UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANGELICA PARKER,<br><br>*Plaintiff*,<br><br>- against -<br><br>SCOTT BURSOR and<br>BURSOR & FISHER, P.A.,<br><br>*Defendants*. | Case No. 24-cv-245 (JGLC) (RFT)<br><br>**NOTICE OF JOINDER<br>OF PETER PLAUT<br>IN THE OPPOSITION OF<br>SCOTT BURSOR AND<br>BURSOR & FISHER, P.A.<br>TO MOTION TO<br>INTERVENE AND UNSEAL** |

PLEASE TAKE NOTICE that Counterclaim Defendant Peter Plaut fully joins in the opposition by Scott Bursor and Bursor & Fisher, P.A. (the "Joint Opposition") to the Motion to Intervene and Unseal the court filings in this action filed by Sentinel Insurance Company, Ltd. (the "Motion")  We adopt the Bursor positions and arguments against said motions, and file this Joinder in opposition pursuant to Local Civil Rule 6.1(a).

From within the Joint Opposition arguments we wish to highlight that: (1) the motions are untimely; (2) Sentinel has no significant protectable interests relating to the subject of the litigation that would warrant intervention especially balanced against the harm unsealing would visit upon Mr. Plaut and his family; and (3) even if Sentinel's alleged interests were cognizable, it lacks standing to vindicate those interests, thus (4) there is no cognizable basis to unseal this action.

The first issue is whether Sentinel has stated any basis to intervene at all.  Rule 24(a) requires a "timely motion" to intervene.  The movant bears the burden of demonstrating that it meets the requirements for intervention. *See*, *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).  *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 (1977) held that a timely intervention would be one filed within 30 days, i.e. the time for an appeal.  We are long

1

past that point, and Sentinel provides no excuse for the delay.  The would-be intervenor claims that they are intervening because they paid for Defendant Bursor to have counsel for the defense and then paid the settlement.  Bursor's counsel appeared in this action on April 19, 2024 at Docket Documents 57-59.  This Motion comes more than two years later.  Sentinel also says that they paid for the settlement, which resulted in a dismissal on July 24, 2025, which was almost a year ago. This means that Sentinel has known about the action for over two years and did not intervene.  Its request to intervene and move to unseal is grossly untimely.

To this, the would-be intervenor now argues that they are "undoubtably timely" because they have a motion in a different action, *Sentinel Insurance Company, Limited v. Bursor & Fisher, P.A. and Scott Bursor*, 1:25-cv-10000-AT-VF (S.D.N.Y.) (the "Coverage Action").  Oddly, however, movant does not cite any case using this alleged standard.

The second issue that movant makes no claim that the Court in the Coverage Action is unable to Order the production of any particular document from this action through discovery within that action.  Movant scoffs, at page 9 of their brief, that "parties cannot seriously be suggesting that Hartford should have first attempted to use discovery."  But yes, if documents are relevant in a litigation, discovery is exactly how they are obtained.

If discovery is not the reason for this motion, the request to unseal this action seems more a scorched earth tactic than a reasonable search for discovery available through ordinary discovery procedures in their own action, and should thus be denied.  Movant themselves call out that they want to avoid the higher bar of *Brown v. Maxwell*, 929 F.3d 41, 51–52 (2d Cir. 2019) because they seek the public exposure of "scandalous" material.

2

Sentinel's lack of a legitimate interest should also be balanced against the harm unsealing would do.  Nothing in movant's brief is weighed against Peter Plaut's declaration or interests. Plaut reasonably expects he and his family would be subjected to extreme personal and financial harm through public disclosure of documents on the sealed docket, as outlined in his declaration.

Mr. Plaut's privacy interest, and his family's interests, sufficiently justifies a continued sealing.  Therefore, Mr. Plaut respectfully requests that the Court deny the motion of  Sentinel Insurance Company, Ltd.

The Motion opposition of Scott Bursor and Bursor & Fisher, P.A. is wholly aligned, and provides further causes for denying the Motion. Thus, Mr. Plaut joins in the Joint Opposition filed by Scott Bursor and Bursor & Fisher, P.A. to the Sentinel motion and the arguments therein.


Dated: New York, New York
        July 22, 2026


                    Respectfully submitted,

                    Marion & Allen, P.C.

                    By: Roger K. Marion, Esq.
                    488 Madison Avenue, Suite 1120
                    New York, New York 10022
                    Telephone: 212-658-0350
                    Facsimile: 212-308-8582
                    E-Mail: rmarion@rogermarion.com

3