**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGELA PARKER,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT BURSOR and BURSOR & FISHER, P.A.,<br><br>Defendants. | Case No.: 1:24-cv-00245-JGLC-RFT<br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE AND TO COMPLETE ADMINISTRATIVE UNSEALING** |

## TABLES OF CONTENTS

**INTRODUCTION** .......... 1

**I. THE OPPOSITION IS LITTERED WITH MISREPRESENTATIONS** .......... 5

**II. NONE OF THE PARTIES HAVE THE RIGHT TO CHALLENGE THE COURT'S PRIOR AND UNAPPEALABLE UNSEALING ORDERS** .......... 7

**III. HARTFORD'S INTERVENTION IS MOOT AS THE COURT HAS THE INDEPENDENT OBLIGATION TO PROTECT PUBLIC ACCESS** .......... 8

**IV. THE PARTIES CANNOT SUBVERT PUBLIC ACCESS WITH THREATS TO "UNRAVEL" THEIR SETTLEMENTS** .......... 9

**V. THE COUNTERCLAIM DEFENDANTS HAVE WAIVED WHATEVER RIGHTS THEY HAD LEFT** .......... 10

**VI. THE PARTIES HAVE NOT EVEN ATTEMPTED TO MAKE THE SHOWING NECESSARY TO KEEP THE DOCKET UNDER SEAL** .......... 10

**CONCLUSION** .......... 11

**TABLE OF AUTHORITIES**


*Baron v. Vullo*,

699 F. App'x 102 (2d Cir. 2017) .......... 7

*Bernstein v. Bernstein Litowitz Berger & Grossman LLP*,

814 F.3d 132 (2d. Cir. 2016) .......... 8, 9, 10

*Binh Thanh Import Export Production & Trade Joint Co. v. Amazon.com Services. LLC*,

No. 23 CIV. 292 (LGS), 2025 WL 2302267 (S.D.N.Y. Aug. 8, 2025) .......... 11

*Continental Indemnity Co. v. Timothy Coffey Nursery/Landscape, Inc.*,

No. 221CV0853JSJMW, 2022 WL 445533 (E.D.N.Y. Feb. 14, 2022) .......... 8

*Doe v. U.S. Immigration & Customs Enforcement*,

No. 19-CV-8892 (AJN), 2021 WL 3862708 (S.D.N.Y. Aug. 30, 2021) .......... 8

*Eagle Star Insurance Co. v. Arrowood Indemnity Co.*,

No. 13 CV 3410 HB, 2013 WL 5322573 (S.D.N.Y. Sept. 23, 2013) .......... 9

*Gambale v. Deutsche Bank AG*,

377 F.3d 133 (2d Cir. 2004) .......... 3

*LaForest v. Honeywell International Inc.*,

569 F.3d 69 (2d Cir. 2009) .......... 7

*In re Leopold to Unseal Certain Electronic Surveillance Applications and Orders*,

964 F.3d 1121 (D.C. Cir. 2020) .......... 8–9

*Lively v. Wayfarer Studios LLC*,

No. 24-CV-10049 (LJL), 2026 WL 145483 (S.D.N.Y. Jan. 20, 2026) .......... 11

*Long Island Lighting Co. v. Cuomo*,

888 F.2d 230 (2d Cir. 1989) .......... 7

*Lugosch v. Pyramid Co. of Onondaga*,

435 F.3d 110 (2d Cir. 2006) ....................................................................................8

*Marcelletti v. GEICO General Insurance Co.*,

No. 6:23-CV-06211 EAW, 2025 WL 3063232 (W.D.N.Y. Nov. 3, 2025)...........................8

*Miami Products & Chemical Co. v. Olin Corp.*,

No. 1:19-CV-00385 EAW, 2025 WL 3496140 (W.D.N.Y. Dec. 5, 2025)...........................9

*Microsoft Corp. v. Bristol Technology, Inc.*,

250 F.3d 152 (2d Cir. 2001) ....................................................................................7

*New Hampshire v. Maine*,

532 U.S. 742 (2001)...............................................................................................7

*Newsday LLC v. County of Nassau*,

730 F.3d 156 (2d Cir. 2013) ....................................................................................11

*Reciprocal Merchandising Services, Inc. v. All Advertising Associates, Inc.*,

163 B.R. 689 (S.D.N.Y. 1994) .................................................................................7

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*,

513 U.S. 18 (1994)..................................................................................................8

Sentinel Insurance Company, Limited ("Hartford") files its reply in support of its Motion to Intervene and Complete Administrative Unsealing, ECF No. 458 (the "Motion").[1]

**INTRODUCTION**

Per ECF No. 345, the Court's docket is ordered unsealed. Judge Clarke modified that order, extending the unsealing deadline to April 25, 2025. ECF No. 368. The Second Circuit granted a temporary stay pending review, ECF No. 382, which stay it terminated on May 30, 2025. ECF No. 425. The Court ordered the parties to file a joint letter on any remaining sealing issues, with extensions to June 16, 2025. *See* ECF No. 437. The parties did not file such a letter. Plaintiff and Defendants then stipulated to withdraw the Second Circuit appeal. ECF No. 442. The unsealing orders were never withdrawn, altered, or vacated. Instead, those unsealing orders remain, unambiguously ordered unsealing, and Hartford moves solely to enforce them. The opposing parties pretend Hartford is seeking to unseal documents the Court has ordered sealed. In fact, Hartford is seeking to enforce the Court's *existing* unsealing orders.

The parties opposing Hartford's Motion (ECF Nos. 461 and 462) argue Hartford's Motion fails procedurally and on equitable and substantive grounds. In support of their opposition, they point to various declarations, including declarations from Defendants' defense counsel (Christine Amalfe) and insurance coverage counsel (Kenneth Frenchman), Plaintiff Angelica Parker, and counterclaim defendants Ivan Wilzig, Peter Plaut, and Robert Hantman. None of the arguments made or declarations submitted weighs in favor of denying Hartford's motion. Hartford's motion is timely, proper, and arguably was not necessary because the docket was ordered unsealed, subject to the opposing parties' obligation to stipulate what redactions, if any, should remain, which they did not. All the parties were represented by competent counsel

[1] Citations to documents on the docket herein use ECF page number, rather than the pagination at the bottom.

or were attorneys themselves; they knew the legal effect of the Court and Second Circuit's rulings, and nothing in their July 2025 settlement agreements could overrule those rulings.

In addition, portions of the docket already are public. The opposing parties try to pooh-pooh this by saying this Court's order on Defendants' motion to dismiss and seal the Complaint contained "a mere three pages of factual background summarizing the Complaint's allegations," ECF No. 463 at 21. In fact, those public pages contain a detailed recitation, including "verbal and psychological abuse," "physical and sexual abuse," "Bursor threaten[ing] to rape Parker if she did not leave the apartment[,]" "Bursor hit[ting Ms. Parker] across the face[,]" "thr[owing] her across an apartment floor while in the company of other women[,]" "Bursor attempt[ing] to sexually assault Parker's female friend[,]" "Bursor assault[ing Ms. Parker] by pinning her on a bed and covering her mouth to obstruct her from breathing[,]" "Bursor assault[ing] Parker multiple times at a hotel in New York City, and then assault[ing] her again in New York City when the two returned from a trip to Europe[,]" "Bursor forc[ing Ms. Parker] to perform oral sex, and then physically assault[ing] her when she tried to put on clothes[,]" "Bursor then dragg[ing] Parker down the hall and repeatedly hit[ting] and chok[ing] her[,]" "continuous abuse that span[s] four years[,]" "that Bursor committed battery outside New York[,]" "sexual assault and other acts of violence occurring in New York City and beyond[,]" "non-sexual acts of assault[,]" "Parker's rape allegation[,]" that "Bursor forced [Ms. Parker] to perform oral sex on him, assaulted her when she tried to put on clothes, and repeatedly hit and choked her . . . then dragged her naked body through broken glass to remove her from his home[,]" and "references to Bursor's drug use[.]" ECF No. 345 at 2–4, 12, 16, 19 – 20, 22, 26.

That order is public. In fact, it is further available on Law360's website.[2] The parties' argument that the *Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004) ruling only applies when a *party* tries to seal an already public document (ECF No. 463 at 18 n.7) is odd and wrong, as shown by the absence of any case law support. Hartford's point is a practical one: you cannot hide something that already is public, and especially not here, where the documents have *already* been ordered unsealed.

The parties opposing Hartford's motion further argue that Hartford waited too late to intervene and move to unseal. That argument is wrong, too. Hartford moved promptly after Defendants made misrepresentations to the court in Hartford's coverage action, trying to insulate those misrepresentations from scrutiny by Hartford by arguing Hartford cannot openly discuss the filings in this case. Previously, Defendants did not contest the truth that the allegations against them were solely for battery, intentional infliction of emotional distress, and crimes of violence motivated by gender. Taking advantage of the continuing administrative seal, Defendants began telling falsehoods about this Court's docket on June 16, 2026. The notion that Hartford cannot use filings *already* ordered unsealed to oppose Defendants' motion to dismiss is fundamentally wrong and unfair.

The theme running throughout the opposition is that Hartford is moving to intervene and unseal as "pressure" against Defendant in the coverage action and as "leverage" in that action. Tellingly, though, the argument goes no further than those conclusory statements because it is unfounded. Hartford does not have any outstanding settlement offers to Defendants, and even if Hartford and Defendants settled immediately, the Court, with its independent obligation, should – if not must – still unseal its docket. Hartford filed its Motion because, contrary Defendants'

---

[2] https://www.law360.com/dockets/download/67eabb35d7655287b25f184a?doc_url=https%3A%2F%2Fecf.nysd.uscourts.gov%2Fdoc1%2F127137243923&label=Case+Filing.

assertions, the docket has been ordered unsealed, and (as the parties all admit) those filings are highly relevant to Hartford's dispute. Defendants allude to the coverage action throughout their opposition, but they leave out the most important point: the claims against Defendants are uncovered because they were all for decidedly intentional if not criminal tort claims, and Hartford, as a result, is entitled to reimbursement of the defense and indemnity costs it paid, because it is against public policy to insure allegations like those found against Defendants in this action. To oppose Defendants' arguments, including their motion to dismiss, Hartford needs to be able to see, use, and discuss the filings here. Defendants want Hartford to have to fight with both arms tied behind its back, and Defendants again admit they will use this Court's ongoing administrative seal to try to force Hartford to seal its filings in the coverage litigation.

Hartford submits any concern that Defendants have is not a legitimate one; Defendants' concern is simply hiding the allegations against them. There is no legitimate reason to hide information about an accused rapist and woman batterer. Ms. Parker's concerns must be balanced against the fact that she filed her complaint in a court of law, with excerpts of audio recordings, photos, and text messages. While Hartford has no intention of using the filings outside the coverage action, Ms. Parker already made her allegations and evidence supporting same public by filing it in this public forum.

With regard to the counterclaim defendants Wilzig, Plaut, and Hantman, Hartford pointed out that a Rule 12(f)(2) motion would be timely, and that the counterclaims against them all post-date the unsealing orders. Hartford has no intention of using the allegations against the counterclaim defendants in its coverage dispute with Defendants. Hartford intends to use the allegations and evidence against Defendants to show the claims against them are not covered by insurance, and Hartford is entitled to reimbursement.

## I. THE OPPOSITION IS LITTERED WITH MISREPRESENTATIONS

The opposing parties know they cannot win on the merits against the right of public access, especially when faced with an existing court order that, by its terms, states unsealing should have already occurred. The opposition is filled with falsehoods and half-truths. Hartford does not have the space to address all the misrepresentations, half-quotes, and misleading comments, but here are some examples:

Hartford pointed out that Defendants "are making false representations about the contents of the Court's docket . . . to Judge Torres" by asserting "that 'the sole claim against B&F was for 'negligent retention and supervision' ' in this Action." ECF No. 458 at 8. Defendants respond: "Defendants have not mischaracterized the proceedings in the Coverage Action and [Hartford's] claims have no bearing on the intervention and unsealing motion before this Court." ECF No. 463 at 25. Actually, Defendants' wielding this Court's administrative seal to make false statements to Judge Torres and try to force Hartford to litigate there in secret, further offending the right of public access, bear heavily *for* this Court completing the unsealing orders.

Defendants rewrite Hartford's words in a prior proposed order (which says in full: "shall remain redacted and/or under seal, <u>subject to Sentinel Insurance Company's right to later challenge the designations or the documents becoming public</u>." (Hartford's Action, ECF No. 35-1) (emphasis added)), pretending Hartford's quote ends at the comma to continue their false narratives. *See* ECF No. 463 at 9. Defendants also make the audacious argument that it "smacks of bad faith" (ECF No. 463 at 14 n.2) for Hartford to endorse an interpretation of the Confidentiality Agreement in line with a *court order* by Judge Gonzalez Rogers.

Defendants use a strawman to explain their refusal to strike their counterclaims, saying "a Declaration of Scott Bursor filed on January 3, 2025 (ECF No. 240) . . . is just one of many documents filed in this case that, if unsealed, would reveal the details of Defendants'

Counterclaims [etc.]." ECF No. 463 at 27. Even if that were true, the Court's existing unsealing orders (the sole subject of Hartford's Motion) did *not* order that declaration unsealed. *See generally* ECF No. 345. The Court's report and recommendation, ECF No. 25, predates that document.

Defendants also state, while arguing they can just ignore Judge Gonzalez Rogers' orders as "dicta," that Judge Gonzalez Rogers had an incomplete record. ECF No. 16 at 3. This is a bizarre argument, as Defendants produced the record there. But, to the extent Defendants admit they withheld context and altered emails (including, for example, by deleting portions, as evidenced by a text artifact under the signature block in exhibits in this and Hartford's Action), that technically is true:




*See* Hartford's Action, ECF Nos. 49-9 & 18-22 at 3; ECF No. 456-9 at 3.

To be sure, Judge Gonzalez Rogers did not have the "[t]ime is of the essence" demand from Defendants that Hartford provided here. *See* ECF No. 458-2. Nevertheless, Judge Gonzalez Rogers saw Defendants' demands for settlement authority in March and September 2024, the latter to the tune of *millions* more than for what this case eventually settled, and found Defendants were presenting a false narrative. That Defendants provide emails showing Hartford became interested in settling this case much later and for a lesser amount is irrelevant.

Documenting the falsehoods, half-truths, strawmen, and every other misleading comment by Defendants would far exceed Hartford's 3500 words. Hartford instead turns to the merits.

## II. NONE OF THE PARTIES HAVE THE RIGHT TO CHALLENGE THE COURT'S PRIOR AND UNAPPEALABLE UNSEALING ORDERS

As explained in Hartford's Motion, Plaintiff Parker is judicially estopped to oppose the enforcement of the unsealing orders, and Defendants, having stipulated (with Plaintiff) to abandon their appeal, likewise cannot be heard to complain. Plaintiff Parker argues prejudice is a necessary element of judicial estoppel; in truth, it is only one consideration and is not necessary. *Reciprocal Merch. Servs., Inc. v. All Advert. Assocs., Inc.*, 163 B.R. 689, 696 n.11 (S.D.N.Y. 1994) ("a finding of judicial estoppel . . . need not show prejudice . . ."). Plaintiff Parker further argues judicial estoppel is discretionary; but "the purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001). That is what Plaintiff Parker admits she is doing; the Court's discretion is easy.

The parties, generally, have no right to complain post-settlement. The Second Circuit and Supreme Court have made clear that when a party settles a case, they lose the right to challenge any prior orders. *Baron v. Vullo*, 699 F. App'x 102, 103 (2d Cir. 2017) ("when a case is settled by an agreement on a final judgment to be entered on consent, 'the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari.'") (quoting *LaForest v. Honeywell Int'l Inc.*, 569 F.3d 69, 73 (2d Cir. 2009) (quoting *Microsoft Corp. v. Bristol Tech., Inc.*, 250 F.3d 152, 154 (2d Cir. 2001))); *Long Island Lighting Co. v. Cuomo*, 888 F.2d 230, 233 (2d Cir. 1989) ("Pursuant to the Settlement Agreement, the parties to this appeal have agreed to terminate their litigation. Such an agreement clearly renders this case moot."). Indeed, by settling, the parties lost even the ability to seek vacatur of any order, and "the case stands no

differently than it would if jurisdiction were lacking because the losing party failed to appeal at all." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994).

The Court's unsealing orders are final and unappealable. Whatever challenges the parties had to the unsealing orders obviously had to be raised timely and before settlement.

## III. HARTFORD'S INTERVENTION IS MOOT AS THE COURT HAS THE INDEPENDENT OBLIGATION TO PROTECT PUBLIC ACCESS

The opposing parties spend quite a few pages arguing propriety, timeliness,[3] or what-have-you regarding the intervention aspect of Hartford's Motion, complete with insults and mudslinging. The Court can ignore all of it.

"The Court's obligation to provide public access to judicial documents operates independently from the parties' positions on whether the matters should be sealed." *Marcelletti v. GEICO Gen. Ins. Co.*, No. 6:23-CV-06211 EAW, 2025 WL 3063232, at *2 (W.D.N.Y. Nov. 3, 2025); *Cont'l Indem. Co. v. Timothy Coffey Nursery/landscape, Inc.*, No. 221CV0853JSJMW, 2022 WL 445533, at *2 (E.D.N.Y. Feb. 14, 2022) ("Notwithstanding that the motion is uncontested, the court is obligated to consider whether public access to the court records should be denied.") (citing *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 136 (2d. Cir. 2016)); *Doe v. U.S. Immigr. & Customs Enf't*, No. 19-CV-8892 (AJN), 2021 WL 3862708, at *2 (S.D.N.Y. Aug. 30, 2021) ("Although the redactions are thus unopposed . . . the Court still must independently determine if the Plaintiffs' interests . . . overcomes the presumption in favor of public access . . .") (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)); *accord In re Leopold to Unseal Certain Elec. Surveillance*

[3] Whatever the opposing parties want to say about Hartford not bringing a motion earlier, Hartford's right to do so resolidified when Defendants began making false representations to Judge Torres. Previously, Defendants did not challenge Hartford's assertion that all the causes of action pled against them in this action were for intentional torts. Defendants' misrepresentations alone justify Hartford's Motion.

*Applications and Orders*, 964 F.3d 1121, 1134 (D.C. Cir. 2020) ("Providing public access to judicial records is the duty and responsibility of the Judicial Branch.").

As noted above and below, courts have the independent obligation to protect the right of public access, especially when litigants will not. The parties cannot subvert this by attacking Hartford. Even if Hartford cannot intervene, the Court and its orders remain. The parties' various arguments regarding Hartford's intervention are entirely moot. *E.g.*, *Eagle Star Ins. Co. v. Arrowood Indem. Co.*, No. 13 CV 3410 HB, 2013 WL 5322573, at *1, *3 (S.D.N.Y. Sept. 23, 2013) ("because Movants seek intervention only to unseal . . . I need not decide the merits . . . the motion to unseal is GRANTED. Movants' intervention motion is DENIED as moot."). The Court should enforce its prior unsealing orders.

## IV. THE PARTIES CANNOT SUBVERT PUBLIC ACCESS WITH THREATS TO "UNRAVEL" THEIR SETTLEMENTS

The opposing parties argue they have all agreed to keep the documents sealed. "The fact that parties agree to seal certain information does not obviate the need for Court review." *Miami Prods. & Chem. Co. v. Olin Corp.*, No. 1:19-CV-00385 EAW, 2025 WL 3496140, at *2 (W.D.N.Y. Dec. 5, 2025) (citing various). That the parties (allegedly) agreed to sealing is not good cause to seal. To quote Plaintiff: "The bottom line is that these proceedings are set in a United States District Court, where open and public access to judicial documents is not simply preferred, but required." ECF No. 349 at 1.

The opposing parties imply that unsealing may "unravel" their settlements. ECF No. 463 at 3. This, too, is unpersuasive. In fact, *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016) instructs here. In *Bernstein*, the Second Circuit was faced with a settlement, entered (as here) just before an unsealing order was enforced, that the parties contended "'include[d] a provision that voids the settlement if [the] action is unsealed or

otherwise becomes public.'" *Id.* at 139. "The parties apparently believed that obtaining a stipulated dismissal before the expiration of the sealing order would 'ensure that the [c]omplaint would never see the light of day.'" *Id.* The parties took the "position that the case should remain sealed so as not to risk unwinding the settlement." *Id.* The Second Circuit was unmoved, affirmed the district court's unsealing, stating "we easily determine that the weight of the presumption here is strong" and "we agree with the district court's careful opinion that the value of public disclosure is substantial and the privacy interests at stake are minimal." *Id.* at 142, 143.

*Bernstein* controls. *Bernstein* makes clear that the courts will give no shelter to those who use the impetus of unsealing as a bartering chip and that the right of public access does not disappear when a litigant flips positions post-settlement. The opposing parties have no entitlement to, and cannot claim harm from being denied, keeping this Court's docket under seal.

## V. THE COUNTERCLAIM DEFENDANTS HAVE WAIVED WHATEVER RIGHTS THEY HAD LEFT

Hartford spelled out how the counterclaim defendants could protect their alleged interests in its Motion at 21, yet no Rule 12(f)(2) motion or request for spot redactions appears. It is unclear what the counterclaim defendants seek to gain from their all-or-nothing approach in joining with Defendants, but at this point it does not matter. The counterclaim defendants had the ability to protect their interests, had a pathway spelled out by Hartford, and simply chose not to invoke it. That is waiver or forfeiture. Their opposition is moot for their failure to make *any* reasonable effort to protect their alleged interests, instead arguing for the nuclear option of a blanket, permanent seal in derogation of the right of public access.

## VI. THE PARTIES HAVE NOT EVEN ATTEMPTED TO MAKE THE SHOWING NECESSARY TO KEEP THE DOCKET UNDER SEAL

The opposing parties make no arguments about why the Court should overturn the prior unsealing orders (that is, after all, what they seek). Those parties make no attempts to

demonstrate the necessary showing for the Court to keep documents redacted or sealed. The only new argument the opposing parties make is that the circumstances have changed because Plaintiff Parker has flipped to the other side. This does not change the analysis and is unpersuasive given the Court's independent obligation to protect the right of public access. That right is separate from the litigants.

This dispute is not a close call. The opposing parties conclusively state, but never spell out, their "weighty" concerns or how they overcome public access. "This vague, unspecified and conclusory argument does not satisfy the [parties'] burden to rebut the strong presumption of public access." *Binh Thanh Imp. Exp. Prod. & Trade Joint Co. v. Amazon.com Servs. LLC*, No. 23 CIV. 292 (LGS), 2025 WL 2302267, at *3 (S.D.N.Y. Aug. 8, 2025); *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) ("the presumptive right of access prevails unless it is overcome by 'specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.' . . . Broad, general, and conclusory findings are insufficient to justify closure.") (citations omitted).

"Instead, the privacy interests at issue seem to be those in avoiding negative publicity or potential embarrassment, but courts generally reject those as bases for overcoming a strong presumption of public access." *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049 (LJL), 2026 WL 145483, at *8 (S.D.N.Y. Jan. 20, 2026). This compounds where, as here, the Court *already* ordered its docket unsealed. This is not a mere unsealing motion, but a motion to *enforce* final and unappealable orders. The opposing parties do not, and cannot, rebut that point.

## **CONCLUSION**

As Plaintiff once said: "Enough is enough." ECF No. 349 at 1. Every argument the opposing parties make is irrelevant. This Court and Judge Clarke gave the final word on unsealing over a year ago. Those orders are outstanding and should be enforced.

Hartford requests the Court to direct the Clerk to complete the Court's unsealing orders.

Dated: July 24, 2026

Respectfully submitted,

*/s/ James P. Ruggeri*

James P. Ruggeri (NY Bar No. 2389575)
RUGGERI PARKS WEINBERG LLP
1875 K Street NW, Suite 800
Washington, DC 20006
(202) 469-7752
jruggeri@ruggerilaw.com

*Attorney for Sentinel Insurance Company, Ltd.*

**CERTIFICATE OF LOCAL CIVIL RULE 7.1(c) COMPLIANCE**

The undersigned certifies that the above-filed motion consists of 3,494 words, except for the caption, tables of contents and authorities, signature block, and required certificate, as counted by Microsoft Word's Word Count.

*/s/ James P. Ruggeri*

James P. Ruggeri