# RUGGERI PARKS WEINBERG LLP

James P. Ruggeri
Phone:  (202) 469-7752
jruggeri@ruggerilaw.com

July 24, 2026

**<u>VIA PACER/ECF FILING</u>**

The Honorable Robyn F. Tarnofsky
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  **Re:**  ***Parker v. Bursor, et al.*, 1:24-cv-00245-JGLC-RFT (S.D.N.Y.)**

To the Honorable Judge Tarnofsky:

  We write on behalf of our client, Sentinel Insurance Company, Ltd. ("Hartford") in response to Defendants' letter motion of July 24, 2026.

  In support of their motion, Defendants say Hartford engaged "in self help by directly quoting the Court's sealed Decision (ECF No. 345) in [its] publicly-filed Reply brief."  Not so. In fact, the Order is publicly available at:

  https://storage.courtlistener.com/recap/gov.uscourts.nysd.613508/gov.uscourts.nysd.613508.345.0.pdf

  https://dn721604.ca.archive.org/0/items/gov.uscourts.nysd.613508/gov.uscourts.nysd.613508.345.0.pdf

  https://app.midpage.ai/document/parker-v-bursor-1000434854369

  https://www.law360.com/dockets/download/67eabb35d7655287b25f184a?doc_url=https%3A%2F%2Fecf.nysd.uscourts.gov%2Fdoc1%2F127137243923&label=Case+Filing

  As this Court has ruled, one cannot seal what is already public.  *See In re Tecnologias Relacionadas Con Energia Y Servicios Especializados, S.A. De C.V.*, No. 25-MC-0435 (JPO) (RFT), 2026 WL 1506335, at \*2 (S.D.N.Y. May 29, 2026) (citing *Ramirez v. Temin & Co., Inc.*, No. 20 CIV. 6258 (ER), 2020 WL 6781222, at \*5 (S.D.N.Y. Nov. 18, 2020) for "denying motion to seal where the information at issue was already public and did 'not involve personal contact information or private bank account information'"); *Wollner v. PearPop Inc.*, No. 26-CV-3207 (AT) (RFT), 2026 WL 1382956, at \*3 (S.D.N.Y. May 18, 2026) ("Thus, this entity and its relationship have already been made public, which makes sealing unwarranted.") (quoting *Grossberg v. Fox Corp.,* No. 23-CV-2368 (JMF), 2023 WL 2612262, at \*1 (S.D.N.Y. Mar. 23, 2023) ("[C]ourts routinely deny sealing requests where, as here, the information to be sealed is already publicly available.")).

The Honorable Robyn F. Tarnofsky
July 24, 2026
Page 2 of 2

       For these reasons, the Court should deny Defendants' letter motion and grant Hartford's motion.  Thank you for your consideration of this matter.

Respectfully submitted,

James P. Ruggeri

*Attorney for Sentinel Insurance Company, Ltd.*