UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELICA PARKER,
Plaintiff,
-against-

SCOTT BURSOR, et al.,
Defendants.

24-CV-0245 (JGLC) (RFT)

**OPINION & ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is the Sentinel Insurance Company, Limited's ("Hartford") Motion To Intervene and Complete Administrative Unsealing of the docket (the "Motion"). (*See* ECF 458, Mot.) Defendants, Plaintiff, and most Counterclaim Defendants oppose Hartford's Motion. (*See* ECF 462, 463, 464.) For the reasons that follow, the Motion is GRANTED IN PART, in that Hartford may intervene; and in that Judge Clarke's March 31, 2025 order at ECF 345 is unsealed, along with certain additional documents, as specified below; and in that Defendants are ORDERED, by August 24, 2026, to file redacted versions of certain other documents on the public docket, as specified below. The Motion is DENIED IN PART to the extent that Hartford seeks the unsealing of any documents not unsealed by this order.[1]

[1] Motions to intervene pursuant to Rule 24(b) are non-dispositive, so I can address this motion with an order. *See, e.g., Grewal v. Cueno*, No. 13-CV-6836 (RA) (HBP), 2014 WL 2095166, at *1 n.1 (S.D.N.Y. May 20, 2014) ("Because it is a nondispositive motion, a Magistrate Judge can rule on a motion to intervene and is not limited to recommending a disposition."). Motions to seal are also non-dispositive.

Unless otherwise indicated, this opinion and order omits internal quotation marks, citations, footnotes, and alterations from quoted text.

## I.

## BACKGROUND

On November 22, 2023, Plaintiff, who did not have a lawyer, brought this case against Defendants Scott Bursor and his law firm, Bursor & Fisher, P.A., by filing a Summons and Notice of Summons in New York Supreme Court in the County of New York. On November 24, 2023, Plaintiff filed an Amended Summons and Notice of Summons (ECF 1-2), which she served on Defendants on December 21, 2023. Defendants filed a demand for the complaint pursuant to CPLR § 3012 on January 9, 2024. (*See* ECF 1-6.) Defendants removed the state court action to this Court on January 11, 2024. (*See* ECF 1-1.) This matter is referred to me for general pretrial supervision. (*See* ECF 67.)

On January 19, 2024, Defendants moved for a preliminary injunction and temporary restraining order requiring Plaintiff to file the forthcoming complaint under seal. (*See* ECF 11-16.) On January 24, 2024, I held a telephone conference on the motion to seal the complaint. (*See* ECF 24; ECF 49.) Following the conference, I issued a report and recommendation that Judge Jessica G.L. Clarke should (1) seal the complaint and the filings in support of Defendants' sealing application, and (2) require Defendants to file redacted versions of those documents on the public docket, blacking out all references that could identify or harm minor children; at the time, Plaintiff suggested that her complaint might include allegations involving minors. (*See* ECF 25, R&R at 12.) On January 25, 2024, Judge Clarke ordered Plaintiff to file her complaint under seal and indicated that a determination whether to unseal the complaint, in whole or in part, would be made when the Court reviewed my report and recommendation. (*See* ECF 34.) Throughout the case, Defendants made numerous motions to seal related documents, which motions were granted on a temporary basis. (*See, e.g.,* ECF 64, 77, 114, 125, 158, 192, 216.)

On March 5, 2024, after being notified by Bursor & Fisher of the commencement of the suit, Hartford agreed to participate in the defense while reserving its rights to later deny coverage. (*See* ECF 456-2, Declaration of Kenneth H. Frenchman ("Frenchman Decl.") ¶¶ 2-3; ECF 456-3, Reservation of Rights Letter at 1.)

Plaintiff secured counsel. On March 22, 2024, Plaintiff's counsel filed a letter under seal attaching Plaintiff's complaint (the "Complaint"). (*See* ECF 53-1.) On May 13, 2024, Defendants filed a motion to dismiss and strike the Complaint (ECF 70-73).

On April 28, Defendants filed their objections to my report and recommendation and filed a letter-motion to seal their objections, and any response thereto, pending Judge Clarke's review of my report and recommendation. (*See* ECF 62, 63.) On April 29, 2024, Judge Clarke granted Defendants' request for a temporary seal of the objections to the report and recommendation and informed Defendants that she would "assess whether to keep the materials at issue sealed or redacted when reviewing the [report and recommendation] and objections thereto." (ECF 64.) On May 13, 2024, Plaintiff filed her response to Defendants' objections under seal. (ECF 68.)

On March 31, 2025, Judge Clarke denied Defendants' motion to dismiss and seal the Complaint. (*See* ECF 345.) She set aside the temporary sealing of the Complaint effected by my report and recommendation, adopted my report and recommendation in all other aspects, and denied Defendants' motions to seal the filings in support of its motion for a TRO and PI (ECF 13, 14, 15, 16); and she directed Plaintiff to file the Complaint, unsealed, without paragraphs 39-41 and footnote 3 and with redactions to paragraph 14. (*See* ECF 345.) Judge Clarke directed Defendants to file redacted copies on the docket of my report and recommendation and the objections and response thereto (ECF 25, 63, 68), the parties' filings in connection with

Defendants' motion to dismiss and strike the Complaint (ECF 71, 72, 73, 84, 85, 88, 92), and Defendants' letter-motion to seal the transcript of the January 24, 2024 conference (ECF 49). (*See* ECF 345 at 11.) Judge Clarke referred to me the unsealing as appropriate of all other sealed documents and all further disputes concerning sealing. (*See id.*)

Defendants immediately indicated their intention to appeal. (*See* ECF 348.) Judge Clarke temporarily sealed the Complaint and all related documents while Defendants perfected their appeal. (*See* ECF 351.) On March 31, 2025, Defendants filed their notice of interlocutory appeal, moved for an emergency stay of the order pending appeal, and sought to file their motions to the Second Circuit under seal. (*See* ECF 352, ECF 353.) On April 23, 2025, the Second Circuit granted a temporary stay of the unsealing order while the appeal was pending. (*See* ECF 382.)

On May 6, 2025, Plaintiff filed the First Amended Complaint ("FAC") under seal. (*See* ECF 388.) Defendants filed their answer and counterclaims against Plaintiff and Counterclaim Defendants under seal on May 8, 2025. (*See* ECF 390.)

On May 29, 2025, Plaintiff filed a Second Amended Complaint ("SAC") under seal. (*See* ECF 424.) On May 30, 2025, the Second Circuit denied Defendants' motions for a stay of Judge Clarke's order pending appeal and to seal the filings in support of the emergency stay; the Second Circuit also terminated the temporary stay of the Court's unsealing order. (*See* ECF 425.) That same day, Judge Clarke ordered the parties to submit a joint letter on the docket by June 6, 2025, indicating any ECF entries that they maintained should remain sealed in light of the Second Circuit's decision. (*See* ECF 427.) At the parties' request, Judge Clarke extended that deadline until June 10, 2025. (*See* ECF 432.)

Between at least June 5, 2025 and June 16, 2025, the Plaintiff and Defendants engaged in settlement discussions, and Defendants sought settlement authority from Hartford. (*See* ECF

458-2; ECF 458-3.) Defendants and Hartford also discussed Judge Clarke's decision, the unsealing orders, the possibility of settlement before the unsealing orders went into effect, and the importance maintaining confidentiality as a settlement term. (ECF 458-2; ECF 458-3.) Following a settlement conference on June 11, 2025, I extended the deadline for the parties to file their joint letter on the sealing of docketed documents until June 16, 2025. (*See* ECF 437.)

The parties advised the Court that all claims were settled in principle, and on June 16, 2025, Judge Clarke issued an order of dismissal. (*See* ECF 439.) "Hartford consented to the settlement and paid the settlement amounts in full." (*See* ECF 456-2, Frenchman Decl. ¶ 25.) Defendants and Counterclaim Defendants had received extensions of time to respond to the SAC, and so neither Defendants nor Counterclaim Defendants responded to the SAC before the case was dismissed. (*See* ECF 426, 428, 430, 431, 433, 438.)

On June 27, 2025, the parties filed a stipulation withdrawing the Defendants' pending appeal in the Second Circuit. (*See* ECF 442.) On July 15, 2025, the parties stipulated that the action should be dismissed, and on July 24, 2025, Judge Clarke dismissed the action with prejudice. (*See* ECF 443, 444, 445, 447.) On July 30, 2025, the Second Circuit so ordered the parties' stipulation withdrawing Defendants' pending appeal. (*See* ECF 448.)

On July 29, 2025, Hartford brought suit against Bursor and Bursor & Fisher in the Northern District of California to recover the costs of defending and settling this action (the "Coverage Action"); the case was assigned to Judge Yvonne Gonzalez Rogers. (*See* ECF 456-2, Frenchman Decl. ¶ 28; ECF 458, Mot. at 4.) On November 24, 2025, the Coverage Action was transferred to this District and is currently pending before the Honorable Analisa Torres. (*See id*.

¶ 32.)[2] On March 20, 2026, Hartford filed an amended complaint in the Coverage Action, and on June 4, 2026, Bursor and Bursor & Fisher served a pre-motion letter in connection with a motion to dismiss letter, describing certain deficiencies in the Amended Complaint. (*See id.* ¶¶ 33-34.)

On June 5, 2026, Hartford filed a letter-motion to reopen this case, intervene, and complete the administrative unsealing of this action. (*See* ECF 449.) I granted Defendants, Plaintiff, and Counterclaim Defendants the opportunity to respond to Hartford's letter-motion. (*See* ECF 451.) Defendants and Counterclaim Defendants opposed and requested the opportunity to formally brief the issue. (*See* ECF 452, 454, 455, 456.) On June 25, 2026, I denied Hartford's letter-motion without prejudice to renewal by formal motion and set a briefing schedule. (*See* ECF 457.)

On July 1, 2026, Hartford filed the Motion, attaching exhibits, including (with the Court's permission) one exhibit under seal. (*See* ECF 458, 459, 460, 461.)

On July 22, 2026, Plaintiff, Defendants, and Counterclaim Defendants filed their responses, including a joint memorandum of law in opposition to Hartford's Motion, supporting exhibits, and a declaration indicating the previous filings they intended to incorporate into their response. (*See* ECF 462, 463, 464.)

On July 24, 2026, Hartford filed its reply in further support of its Motion. (*See* ECF 465.) Because Hartford's reply brief quoted material from Judge Clarke's sealed March 31, 2025 decision, Defendants requested emergency sealing of the reply. (*See* ECF 466.) Hartford

---

[2] The Coverage Action is now captioned *Sentinel Ins. Co. Ltd. v. Bursor & Fisher, P.A. and Scott Bursor,* 25-CV-10000 (AT) (VF) (S.D.N.Y.).

opposed the emergency sealing, arguing that Judge Clarke's decision was publicly available on four different websites. (*See* ECF 467.) I granted the emergency sealing pending my decision on this Motion. (*See* ECF 468.)

## II.

## DISCUSSION

### A. Hartford's Motion To Intervene

Hartford seeks to intervene for the limited purpose of enforcing Judge Clarke's unsealing order. (*See* ECF 458, Mot. at 1 ("Hartford's motion, like its Letter, seeks no relief from the court beyond completing the already-issued unsealing orders. Hartford does not seek to alter or expand these final and unappealable orders, only to see them enforced."); ECF 465, Hartford's Reply at 1.) Hartford argues that it needs access to various sealed filings because in the Coverage Action, Bursor and Bursor & Fisher have misrepresented the rulings in Judge Clarke's March 31, 2025 order; Hartford contends that the continued administrative seal has hindered Hartford's ability to prosecute its claims in the Coverage Action and that Hartford cannot obtain the necessary documents through the discovery process absent an unsealing order. (*See* ECF 458, Mot. at 3-10; ECF 465, Hartford's Reply at 3.)

1. Legal Framework

Upon "a timely motion" under Federal Rule of Civil Procedure 24(b), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As relevant here, to intervene by permission, "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Penn-Star Ins.*

*Co. v. McElhatton*, 818 F. App'x 67, 70 (2d Cir. 2020).[3] "[T]he proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016); *see also R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006) ("The court considers substantially the same factors whether the claim for intervention is of right under Fed. R. Civ. P. 24(a)(2), or permissive under Fed. R. Civ. P. 24(b)(2)."). "[F]ailure to satisfy any one of these four requirements is a sufficient ground to deny the application." *Floyd v. City of N.Y.*, 770 F. 3d 1051, 1057 (2d Cir. 2014).

Courts have "broad discretion in deciding whether to grant permissive intervention." *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011); *see also AT&T Corp. v. Sprint Corp.,* 407 F.3d 560, 561 (2d Cir. 2005) (recognizing "the broad discretion of the district court when considering permissive intervention"). "In exercising its discretion the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *Calderon v. Clearview AI, Inc.*, No. 20-CV-1296 (CM), 2020 WL 2792979, at *7 (S.D.N.Y. May 29, 2020).

Plaintiff, Defendants, and Counterclaim Defendants do not contest that Hartford has an interest in the action, that such interest may be impaired by the disposition of this action, or that Hartford's interest is not adequately represented. (*See* ECF 463.) Rather, the parties opposing the Motion argue that it is untimely, because the case has been settled for over 13 months. (*See id.*)

[3] Hartford would not be entitled to intervention as of right because it does not have "an unconditional right to intervene by federal statute." Fed. R. Civ. P. 24(a)(1).

Because "the timeliness requirement is flexible," Courts turn to the following factors when deciding whether a motion to intervene is timely:

> (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness.

*Floyd*, 770 F.3d at 1058; *see also Kamdem-Ouaffo*, 314 F.R.D. at 134 (noting that the determination of timeliness is "evaluated against the totality of the circumstances before the court").

Of these factors, "the length of time the applicant knew or should have known of [its] interest before making the motion is among the most important." *Kamdem-Ouaffo*, 314 F.R.D. at 134 (quoting *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 233 (2d Cir.1996)); *see also United States v. Int'l Bus. Machs. Corp.*, 62 F.R.D. 530, 541 (S.D.N.Y. 1974) ("[T]he mere lapse of time does not render a motion to intervene untimely," and so "a court must consider the length of time during which the proposed intervenor has known about his interest in the suit without acting."). Typically, a delay in filing a motion to intervene based on a claim or interest "that was known, but not acted upon, for a period of years would be deemed untimely." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 348, 353 (S.D.N.Y. 2009)*; see also Kamdem-Ouaffo*, 314 F.R.D. 135 (collecting cases where motions to intervene were denied after more than one year had passed between the time the proposed intervenor learned of a claim or interest and the filing a motion to intervene); *Penn-Star Ins.*, 818 F. App'x at 71 (affirming denial of a motion to intervene two years into litigation and on the eve of settlement where the movant knew or should have known about the litigation from the time it was first notified of the action and where it should have known that its interests were not represented).

In this Circuit, "post-judgment intervention is generally disfavored because it fosters delay and prejudice to existing parties." *Dorsett v. Cnty. of Nassau*, 289 F.R.D. 54, 72 (E.D.N.Y. 2012) (quoting *Farmland Dairies v. Comm'r of N.Y. Dept. of Agr.*, 847 F.2d 1038, 1044 (2d Cir. 1988). Nonetheless, settlement, discontinuance, or even "dismissal of the underlying action is not dispositive for motions to intervene for the limited purpose of challenging a protective order." *Application of Akron Beacon J.*, No. 94-CV-1402 (CSH), 1995 WL 234710, at *5 (S.D.N.Y. Apr. 20, 1995) (granting a motion to intervene for the limited purpose of modifying a protective order because "[t]he trial court continues to have the power to modify [such an] order, even after the underlying action has been dismissed.").

Where the purpose of a motion to intervene is to modify a protective order or to request that documents be unsealed, the ordinary principles do not necessarily apply, *see id.* at *6, because the public's right of access to cases and records does not disappear when a case is concluded, and such motions "do[ ] not involve relitigation of the underlying dispute." *See id.*; *see also United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990) ("Rule 24(b)'s timeliness requirement is to prevent prejudice in the adjudication of the rights of the existing parties, a concern not present when the existing parties have settled their dispute and intervention is for a collateral purpose.").

As such, Courts have permitted members of the media, government agencies, and other non-party members of the public to intervene post-judgment and post-settlement for the limited purpose of seeking to modify protective orders or unseal filings. *See, e.g., Akron Beacon J.*, 1995 WL 234710, at *5 (granting a post-judgment motion to intervene for the limited purpose of modifying the protective orders in the case brought by a daily newspaper investigating possible conflicts of interest between one of the parties and public officials);

*Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 158 (S.D.N.Y. 2003) (permitting intervention by a legal media company two years after a case closed for the limited purpose of unsealing documents); *Dorsett*, 289 F.R.D. at 72 (granting the a motion to intervene for the limited purpose of modifying confidentiality orders brought post-judgment by members of the press); *In re Pineapple Antitrust Litig.*, No. 04-MD-1628 (RMB) (MHD), 2015 WL 5439090, at *1 (S.D.N.Y. Aug. 10, 2015) (granting post-judgment intervention to an individual working on a journalistic project for the limited purpose of modifying a confidentiality order); *StoneX Grp. Inc. v. Shipman,* No. 23-CV-0613 (JGK) (VF), 2025 WL 263194, at *3 (S.D.N.Y. Jan. 22, 2025) (permitting third-party intervention for the purpose of challenging protective orders because such intervention could not unduly delay or prejudice the adjudication of the underlying suit since default judgment had already been granted); *Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, No. 05-CV-2745 (JGK) (RLE), 2010 WL 779314, at *2 (S.D.N.Y. Mar. 2, 2010) (permitting third-party intervention by a litigant in a collateral dispute for the limited purpose of challenging the protective orders where the underlying litigations had settled), *objections overruled,* 2010 WL 1459178 (S.D.N.Y. Apr. 12, 2010), *aff'd,* 415 F. App'x 286 (2d Cir. 2011); *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1049 (D.C. Cir. 1998) (reversing the district court's denial of permissive intervention where the third-party intervenor was a litigant in a collateral action seeking to challenge confidentiality orders); *In re Hornbeam Corp.,* No. 14-MC-424 (VSB), 2022 WL 60313, at *1 (S.D.N.Y. Jan. 6, 2022) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.") (quoting *Nat'l Children's Ctr.,* 146 F.3d at 1045).

2. Analysis

Hartford seeks to intervene in this matter more than two years after Hartford was notified of the initial complaint and just over a year after this case was settled. (*See* ECF 439; ECF 447.) Because Hartford's motion is for the limited purpose of enforcing the unsealing order issued by Judge Clarke on March 31, 2025 (ECF 345), which did not go into effect before the case was dismissed, the motion is akin to a motion to intervene and challenge sealing orders or protective orders. As such, Hartford's motion to intervene is timely. *See Int'l Equity Invs.*, 2010 WL 779314, at *2; *see also StoneX Grp.*, 2025 WL 263194, at *3. Because the claims in this action have been settled, intervention to modify the sealing orders cannot cause undue delay or prejudice the adjudication of the original parties' rights. *See Int'l Equity Invs.*, 2010 WL 779314, at *2; *see also Diversified Grp.*, 217 F.R.D. at 157-58 ("There is no risk of undue delay or prejudice here because the underlying case has been closed for almost two years."); *S. New England Tel. Co. v. Glob. Naps, Inc.,* No. 04-CV-2075 (JCH), 2008 WL 11492786, at *1 (D. Conn. June 19, 2008) ("There is no risk of undue delay or prejudice in this case because the court is granting intervention on a limited basis.").

Defendants, Plaintiff, and Counterclaim Defendants argue that Hartford's post-settlement intervention would prejudice their privacy rights and that they took "repeated and vigorous efforts . . . to keep the majority of documents on the docket sealed." (ECF 463.) Such arguments, however, go to the propriety of granting the request to unseal the documents, not to the propriety of Hartford's intervention. *See StoneX Grp.*, 2025 WL 263194, at *3 ("Whether the documents should be unsealed is a separate inquiry from whether [the third-party intervenor] should be granted permissive intervention."); *AT&T Corp.*, 407 F.3d at 561 (noting that while permissive intervention is the proper vehicle for a nonparty to seek a modification of

a protective order, the decision to permit intervention is separate and distinct from the decision to grant or deny the modification of such order). Defendants' argument that permitting intervention and unsealing would "nullify a key purpose of the settlements agreements" (ECF 463, Joint Opp. at 8) also goes to whether the sealing orders should be modified and not to whether Hartford should be allowed to intervene.

Finally, as to timing, although Hartford has been aware of this case for approximately two years and was involved in the settlement process, the need to intervene to address the sealing of ECF 345 and related documents arguably did not arise until November 4, 2025, when the disagreement arose between Hartford and Bursor and Bursor & Fisher over the continued sealing of certain documents. (*See* ECF 463, Joint Opp. at 5.) It was not until they could not agree on confidentiality orders in the Coverage Action that the unenforced unsealing orders in this case became an issue.

Accordingly, Hartford's Motion is GRANTED IN PART, in that Hartford may intervene in this matter.

**B. Hartford's Motion To Unseal**

Hartford seeks to enforce Judge Clarke's March 31, 2025 order (ECF 345), asking the Court to unseal that order as well as the Complaint and the other documents Judge Clarke ordered to be unsealed (in some cases in redacted form) (*see* ECF 458, Mot. at 1, 17), which include the papers in support of Defendants' motion for a TRO and PI (ECF 13, 14, 15, 16), my report and recommendation and the objections and response thereto (ECF 25, 63, 68), the filings in connection with Defendants' motion to dismiss and strike the Complaint (ECF 71, 72, 73, 84, 85, 88, 92), the transcript of the January 24, 2024 conference (ECF 49), and the FAC (ECF

388) and the SAC (ECF 424), both of which were filed with redactions pursuant to Judge Clarke's March 31, 2025 order but which remain sealed. (*See* ECF 345, Order at 11, 29-30.)

In support of its Motion, Hartford argues that (1) the allegations in the Complaint (including references to those allegations in Judge Clarke's order at ECF 345) are already public; (2) Defendants have not been candid in their filings with Judge Torres; (3) Judge Gonzalez Rogers of the Northern District of California determined that Defendants' arguments in support of their motion to seal certain documents discussing the allegations against Defendants in this action were without merit, except that she indicated that a determination whether unsealing the documents would unravel the settlement should be made by this Court;[4] and (4) Judge Clarke already decided to unseal the documents at issue. Defendants, Plaintiff, and Counterclaim Defendants counter that their privacy concerns outweigh the public right of access and that these documents should be maintained under seal. (*See* ECF 463, Joint Opp. at 13-17.)

---

[4] In its Motion, Hartford provided the Court with an excerpt from Judge Gonzalez Rogers' decision on Defendants' motion to dismiss or in the alternative to transfer and the motion to seal certain documents, including the entirety of the discussion of the sealing motion. (*See* ECF 458, Mot. at 4-5.) Judge Gonzalez Rogers noted that Defendants filed documents containing the underlying allegations in the Coverage Action, that Judge Clarke's March 31, 2025 order directs the unsealing of the documents at issue, that the Confidentiality Agreement between Defendants and Hartford permits Hartford to disclose confidential information pursuant to Judge Clarke's March 31, 2025 order, and that Defendants' privacy concerns and reputational harm did not provide a sufficient basis to seal the documents from the public. (*See id.* at 5-6.) Judge Gonzalez Rogers deferred decision on whether unsealing the documents would unravel the settlement so that this Court can decide the issue, because Defendants failed to provide Judge Gonzalez Rogers with a copy of the settlement agreement. (*See id*.)

Defendants argue that since Judge Clarke issued her unsealing order, circumstances have changed in a way that supports keeping the docket sealed. (*See* ECF 463, Joint Opp. at 15-17.)[5] Specifically, Defendants argue that (1) most parties to the litigation now consent to sealing the documents at issue; (2) the continued sealing of the documents was key to the settlement agreement; (3) Hartford already has many of the sealed documents; and (4) the Counterclaim Defendants never had the opportunity to answer the allegations against them, which included charges of salacious conduct. (*See id.* at 15-18.)

1. Legal Standard

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the Court then determines the

[5] Defendants characterize Hartford's Motion as a motion to "unseal the docket" or the "entire docket" (*e.g.,* ECF 463, Joint Opp. at 1, 6, 17, 21), and Defendants "request that the case file remain sealed." (*Id.* at 15.) While Hartford's filings also refer to the docket in its entirety (*see* ECF 458, Mot. at 21; ECF 465, Hartford's Reply at 1, 10), Hartford's Motion is not one to unseal the entire docket. (*See* ECF 458, Mot. at 1, 17.) Hartford expressly states that it seeks only to enforce the unsealing order at ECF 345 and "not . . . to alter or expand th[is] final and unappealable order[ ]" (*id.* at 1, 17); Hartford asserts that its "motion does not touch the counterclaims" against Counterclaim Defendants (*id.* at 20). As such, this opinion and order addresses only the request to unseal ECF 345 and the documents contemplated by that order: the papers in support of Defendants' motion for a TRO and PI (ECF 13, 14, 15, 16), my report and recommendation and the objections and response thereto (ECF 25, 63, 68), the parties' filings in connection with Defendants' motion to dismiss and strike the Complaint (ECF 71, 72, 73, 84, 85, 88, 92), the transcript of the January 24, 2024 conference (ECF 49), and the FAC (ECF 388) and SAC (ECF 424), both of which were filed with redactions pursuant to Judge Clarke's March 31, 2025 order.

"weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

"In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995)). A document is "relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling on a motion . . . ." *In re Arida, LLC*, No. 19-MC-522 (PKC), 2020 WL 8513844, at *1 (S.D.N.Y. Dec. 23, 2020) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)). Pleadings are undoubtedly judicial documents. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). So too documents containing arguments the Court is being asked to consider in exercising its decision-making authority, because such documents "reasonably have the tendency to influence" a court's decision on a motion. *Arida, LLC*, 2020 WL 8513844, at *1 (quoting *Brown*, 929 F.3d at 49).

When a party seeks to seal a pleading, such as a complaint, which is a "core" judicial document, *Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438 (AT) (BCM), 2020 WL 1130699, at *2 (S.D.N.Y. Mar. 6, 2020), the weight of the presumption is "heavy." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017). "Documents filed in connection with . . . non-dispositive motions . . . are subject to a still substantial presumption of public access." *Arida, LLC*, 2020 WL 8513844, at *1 (quoting *Brown*, 929 F.3d at 49).

Finally, the Court must determine whether the parties seeking to keep the judicial document under seal have met their burden of demonstrating there are "countervailing factors," "competing considerations," or "higher values" sufficient to overcome the presumption

of access. *Lugosch*, 435 F.3d at 120, 124. Neither "conclusory assertion[s]" of harm nor "[b]road and general findings by the trial court" will suffice. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Rather, a judicial document may be sealed only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *N.Y. Times Co.*, 828 F.2d at 116). And if the Court determines a sealing order is necessary, such sealing order must be "narrowly tailored." *Lugosch*, 435 F.3d at 124; *see also Amodeo*, 44 F.3d at 147; *Brown*, 929 F.3d at 51.

Pleadings, orders, motions, and other judicial documents do not lose their status as judicial documents "even when the case is . . . resolved by settlement." *Bernstein,* 814 F.3d at 140; *see also Seren Fashion Art & Interiors, LLC v. B.S.D. Cap., Inc.,* No. 23-CV-2349 (JGLC), 2025 WL 343666, at *2 (S.D.N.Y. Jan. 30, 2025) ("Documents do not cease to be judicial documents merely because a case has been closed or settled, and the need for the public to be able to evaluate a case does not end with its closure"); *United States ex rel. Doe v. Horizon Therapeutics PLC*, No. 20-CV-3207 (MKV), 2021 WL 3500911, at *2 (S.D.N.Y. Aug. 9, 2021) (noting that voluntary dismissals of actions have no bearing on a "pleading's status as a judicial document" or "the presumption of public access"). "Even in the settlement context, the inspection of pleadings [and other judicial records] allows the public to discern the prevalence of certain types of cases, the nature of the parties to particular kinds of actions, information about the settlement rates in different areas of law, and the types of materials that are likely to be sealed." *Bernstein*, 814 F.3d at 140.

2. <u>Analysis</u>

In her March 31, 2025 order, Judge Clarke ruled that the documents Defendants sought to maintain under seal, including the papers in support of Defendants' motion for a TRO and PI

(ECF 13, 14, 15, 16), my report and recommendation and the objections and response thereto (ECF 25, 63, 68), the parties' filings in connection with Defendants' motion to dismiss and strike the Complaint (ECF 71, 72, 73, 84, 85, 88, 92), the Complaint (53-1), and the transcript of the conference held on January 24, 2024 (ECF 49), had to be unsealed, with only limited redactions being permitted. (*See* ECF 345, Order at 11, 29-30.) As stated above, Plaintiff filed the FAC under seal and the SAC under seal, both with the narrowly tailored redactions ordered by Judge Clarke. *See supra* Part I.

i. Protection of Privacy Interests

For the reasons stated in my January 14, 2024 report and recommendation, and as Judge Clarke already held, the privacy interests of Defendants do not outweigh the strong presumption of access to the sealed documents at issue. (*See* ECF 25, R&R at 7-11.)[6] That Plaintiff and certain Counterclaim Defendants now join in the motion does not change the outcome. *See Cantinieri v. Verisk Analytics*, *Inc.,* No. 21-CV-6911 (NJC) (JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) (noting that even where the parties file a joint motion to seal and have agreed to a confidentiality order, the Court must "ensure that the requested sealing is narrowly tailored and is necessary to preserve higher values above the public's right to transparency").

ii. Preserving the Settlement

As to the argument that the documents at issue should remain sealed because unsealing them would cause the settlement to unravel, Defendants cite no supporting authority. (*See* ECF

[6] Additionally, the parties' privacy interests are protected by Judge Clarke's March 31, 2025 order directing the Plaintiff to file the Complaint and related documents with certain redactions and without certain content. (*See* ECF 345, Order at 11, 29-30.)

456, Defs.' Letter at 2; ECF 456-2, Frenchman Decl. ¶ 23; ECF 463, Joint Opp. at 3.) To the extent that the parties seeking to maintain documents under seal wished to make the factual argument that unsealing would lead the settlement to fall apart, one would have expected that they would have included a copy of the settlement agreement for the Court to review, particularly after Judge Gonzalez Rogers ruled that she was not in a position to assess this argument without being provided with a copy of the agreement. (*See* ECF 458, Hartford's Mem. at 5.) But Plaintiff and Defendants have not provided the Court with their settlement agreement.

Moreover, as Hartford correctly notes, Judge Clarke's March 31, 2025 order, which summarized the allegations in the Complaint, was downloaded by CourtListener, "a non-profit entity which collects documents from PACER and that is affiliated with the Free Law Project"; CourtListener made the order publicly available before it was sealed. (*See* ECF 458, Mot. at 1-3.) Defendants concede that the order was inadvertently made public. (*See* ECF 463, Joint Opp. at 17-18.) At time the Motion was filed, the order remained publicly available on CourtListener at storage.courtlistener.com/recap/gov.uscourts.nysd.613508/gov.uscourts.nysd.613508.345.0.pdf as well as on two other websites.[7] Even though Judge Clarke's order was publicly available, apparently for well over a year, the settlement did not unravel, which calls into question the assertion that confidentiality is critical to the settlement.

---

[7] During the pendency of this motion, two of three public webpages on which Judge Clarke's March 31, 2025 order were found were taken down, and the order is now listed as "unavailable" on the docket page for the case on CourtListener, which can be found at https://www.courtlistener.com/docket/68155347/parker-v-bursor/. The order is still publicly available on Law360's website at: https://www.law360.com/dockets/download/67eabb35d7655287b25f184a?doc_url=https%3A%2F%2Fecf.nysd.uscourts.gov%2Fdoc1%2F127137243923&label=Case+Filing.

Notably, even where confidentiality is crucial to a settlement, courts are still permitted to modify or even lift protective orders "[w]here a litigant . . . could not have reasonably relied on the continuation of [such] order." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001); *see also Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019) (denying motion to seal docket one year after the Court ordered issued an unsealing order where "the parties' stipulated to the sealing of the case and docket as a condition of dismissal," because "[t]he parties cannot control by private agreement the public's access to judicial proceedings"); *accord Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this district have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases); *Kim v. BTG Factual Asset Mgmt. US, LLC*, No. 25-MC-577 (JGK), 2026 WL 33008, at *2 (S.D.N.Y. Jan. 5, 2026) (denying motion to seal because "a confidentiality agreement, by itself, is insufficient to seal a judicial document"). Sealing orders and "protective orders that are on their face temporary or limited may not justify reliance by the parties." *TheStreet.Com*, 273 F.3d at 231. Defendants and Plaintiff could not have reasonably relied on the continuation of the sealing of the papers in support of Defendants' motion for a TRO and PI (ECF 13, 14, 15, 16), my report and recommendation and the objections and response thereto (ECF 25, 63, 68), the filings in connection with Defendants' motion to dismiss and strike the Complaint (ECF 71, 72, 73, 84, 85, 88, 92), the FAC (ECF 388), the SAC (ECF 424), and the transcript of the conference held on January 24, 2024 (ECF 49): Judge Clarke's March 31, 2025 order denied Defendants' motion to seal and directed Defendants to file redacted versions of the sealed documents on the public docket; the temporary stay pending appeal was terminated; and the subsequent sealing orders were temporary pending the parties' compliance with Judge Clarke's orders to identify appropriate

redactions. *See supra* Part I. Because Defendants could not have reasonably relied on these sealing orders, the FAC (ECF 388) must be unsealed and the parties must be required to file on the docket versions of the papers in support of Defendants' motion for a TRO and PI (ECF 13, 14, 15, 16), my report and recommendation and the objections and response thereto (ECF 25, 63, 68), the parties' filings in connection with Defendants' motion to dismiss and strike the Complaint (ECF 71, 72, 73, 84, 85, 88, 92), and the transcript of the conference held on January 24, 2024 (ECF 49), with narrowly tailored redactions as set forth in Judge Clarke's March 31, 2025 order. (*See* ECF 345, Order at 29-30.)

iii. Already Public Documents

"[T]he Court has no ability to make private that which has already become public." *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)); *see also Trott v. Deutsche Bank, AG*, No. 20-CV-10299 (DEH), 2025 WL 2775990, at *4 (S.D.N.Y. Sept. 30, 2025) (denying motion to seal where exhibits and information the defendant sought to maintain under seal were discussed in open court in a separate trial arising from the same scheme on which the defendant's case was based); *Grossberg v. Fox Corp.*, No. 23-CV-2368 (JMF), 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023) ("[C]ourts routinely deny sealing requests where, as here, the information to be sealed is already publicly available."); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *2 (S.D.N.Y. July 11, 2019) ("[T]here is ample authority for the proposition that where, as here, a party fails to take immediate steps to request that publicly filed materials be sealed, its request to redact or seal may be denied for that reason.") (collecting cases); *Miller v. City of Ithaca*, No. 10-CV-0597, 2013 WL 12310675, at *1 (N.D.N.Y. Feb. 15, 2013) (denying motion to seal or redact trial transcript because the information

defendant sought to have redacted "became public the moment it was uttered [in open court] and cannot be redacted after-the-fact" and because numerous press outlets had reported on the testimony); *JetBlue Airways Corp. v. Helferich Pat. Licensing*, *LLC*, 960 F. Supp. 2d 383, 397 (E.D.N.Y. 2013) (revoking a sealing order where the information contained in the judicial document describing the plaintiff's contacts with the jurisdiction was widely reported and discussed in open court); *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) (denying motion to seal docket sheet where the information contained on the docket sheet that the government sought to maintain under seal was publicly revealed in a press release and was made accessible on Westlaw and Lexis); *United States v. Zazi*, No. 09-CR-663 (RJD), 2010 WL 2710605, at *2-3 (E.D.N.Y. June 30, 2010) (granting motion to unseal cooperation agreements where media had already heavily reported suspected cooperation of two members of a terrorist conspiracy based in part on anonymous law enforcement sources and where the government could not demonstrate an enhanced risk of substantial prejudice to the cooperator or family if the widely reported cooperation was confirmed); *Gambale*, 377 F.3d at 144 ("But however confidential [the settlement amount] may have been beforehand, subsequent to publication it was confidential no longer."). Accordingly, there is no basis to keep under seal Judge Clarke's March 31, 2025 order (ECF 345).

Defendant is correct that the documents contemplated by Judge Clarke's March 31, 2025 order, meaning the papers in support of their motion for a TRO and PI (ECF 13, 14, 15, 16), the parties' filings in connection with the motion to dismiss and strike the Complaint (ECF 71, 72, 73, 84, 85, 88, 92) the transcript of the January 24, 2024 conference (ECF 49), and the FAC (ECF 388), have not been made public. (*See* ECF 463, Joint Opp. at 17-19.) However, while the documents themselves have not been made public, some of the allegations in the

Complaint and subsequent amended complaints were made public in the factual background section of Judge Clarke's March 31, 2025 order (*see* ECF 345 Order at 2-5), which is publicly available.

iv. Receipt of Documents by the Entity Seeking Unsealing

Defendants argue that because Hartford has already received many of the documents it seeks to unseal throughout the course of this litigation, Hartford's motive in seeking to intervene and unseal the docket at this point is to gain leverage against Defendants in the Coverage Action. (*See* ECF 463, Joint Opp. at 2, 4, 16-17.) Hartford counters that it has received some documents but not all the documents it needs; that it is unable to use the documents it has, because Defendants use the sealing order in this action to prevent Hartford from "openly discuss[ing] the filings in this case" as they prepare for and litigate the Coverage Action; and that it should not have to seek documents that should be publicly available through the discovery process in the Coverage Action. Hartford also asserts that because of the sealing, it has been unable to correct Defendants' alleged misrepresentations to Judge Torres about the requirements of Judge Clarke's March 31, 2025 order. (ECF 458, Mot. at 3; *see also* ECF 465, Hartford's Reply at 3-4.)

Defendants cite two cases in which the courts denied motions to intervene for the purpose of challenging protective orders and to obtain documents brought by litigants in collateral actions. (*See* ECF 463, Joint Opp. at 15-17 (citing *Gov't of U.S. Virgin Islands v. JPMorgan Chase Bank, N.A.*, 22-CV-10904 (JSR), 2024 WL 3227095, at *3 (S.D.N.Y. June 28, 2024) and *In re Cmty. Bank of N. Virginia Mortg. Lending Pracs. Litig.*, 03-CV-0425 (AJS), 2021 WL 1143611, at *4-5 (W.D. Pa. Mar. 25, 2021) ("*Cmty. Bank of N. Va.*")).) However, in each of those cases, the proposed intervenors were improperly seeking to intervene to obtain

nonjudicial documents and to circumvent discovery orders in the collateral actions. *See Gov't of U.S. Virgin Islands*, 2024 WL 3227095, at *3-4 (finding that the proposed intervenors' attempt to intervene and modify the protective order to obtain discovery materials that were not filed on the public docket was an attempt to circumvent a ruling in the collateral action denying their request for jurisdictional discovery); *Cmty. Bank of N. Va.*, 2021 WL 1143611, at *4-5 (W.D. Pa. Mar. 25, 2021) (denying intervention on the grounds that the documents and information sought – including loan applications and files containing class members' social security number and other sensitive data – were not judicial documents to which the public should have access and that because the proposed intervenors had redacted copies of the documents, their motion to intervene was an attempt to "run an end game around" the courts' sealing orders in the collateral action).

By contrast, Hartford's motion does not seek to unseal nonjudicial documents, such as documents produced in discovery. (*See* ECF 458, Mot. at 1, 17.) Rather, Hartford is seeking to unseal documents that Judge Clarke deemed judicial documents with a substantial or high presumption of public access. (*See* ECF 345, Order at 10.) And there is no indication that Hartford is seeking to circumvent any orders in the Coverage Action.

***

Accordingly, Hartford's Motion is GRANTED IN PART, to the extent that it seeks to enforce Judge Clarke's unsealing order at ECF 345, and so certain documents contemplated by that order, including the order itself (ECF 345), the redacted FAC (ECF 388), and the redacted SAC (ECF 424), and also including Hartford's temporarily sealed reply brief (ECF 465) are ordered unsealed. Hartford's Motion is further GRANTED IN PART, in that Defendants are ORDERED by August 24, 2026 to file the other documents contemplated by Judge Clarke's order

on the public docket in appropriately redacted form, as directed by Judge Clarke in her order: (i) the papers in support of the motion for a TRO and PI (ECF 13, 14, 15, 16); (ii) my report and recommendation and the objections and response thereto (ECF 25, 63, 68); (iii) the filings in support of the motion to dismiss and strike the Complaint (ECF 71, 72, 73, 84, 85, 88, 92); and (iv) the transcript of the January 24, 2024 conference (ECF 49).

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED IN PART**, in that Hartford may intervene in this case.

The Motion is further **GRANTED IN PART**, in that Judge Clarke's March 31, 2025 order at ECF 345 is unsealed; and in that the FAC containing the redactions permitted by Judge Clarke's March 31, 2025 order (ECF 388), the SAC containing the redactions permitted by Judge Clarke's March 31, 2025 order (ECF 424), and Hartford's reply brief (ECF 465), which was sealed pending this decision because it quotes Judge Clarke's March 31, 2025 order, are ordered unsealed.

The Motion is further **GRANTED IN PART**, in that Defendants are ORDERED by **August 24, 2026** to file the following documents on the public document, redacted as directed by Judge Clarke: (i) the papers in support of the motion for a TRO and PI (ECF 13, 14, 15, 16), (ii) my report and recommendation and the objections and response thereto (ECF 25, 63, 68), (iii) the parties' filings in connection with Defendants' motion to dismiss and strike the Complaint (ECF 71, 72, 73, 84, 85, 88, 92), and (iv) the transcript of the January 24, 2024 conference (ECF 49). Should Defendants fail to file these documents as required, I expect to unseal the unredacted versions of those documents that are currently sealed on the docket.

The Motion is **DENIED IN PART**, in that, to the extent Hartford seeks unsealing of any documents not specifically unsealed by this order, such documents will remain sealed.[8]

The Clerk of Court is respectfully requested to **UNSEAL ECF 345, 388**, **424**, and **465**.

The Clerk of Court is also respectfully requested to terminate **ECF 458**.

DATED: August 17, 2026
New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

[8] The following sealed docket entries and all attachments thereto that will remain sealed: ECF 8, 53, 101, 102, 103, 104, 105, 106, 108, 110, 111, 112, 118, 121, 126, 127, 128, 129, 131, 132, 136, 139, 141, 148, 153, 160, 161, 168, 169, 170, 171, 174, 175, 176, 182, 184, 185, 187, 188, 189, 190, 196, 197, 198, 199, 200, 201, 204, 205, 206, 207, 208, 214, 215, 218, 219, 221, 225, 226, 228, 229, 230, 232, 235, 237, 238, 240, 244, 245, 246, 247, 248, 249, 250, 252, 253, 254, 256, 257, 259, 262, 265, 266, 267, 268, 269, 270, 272, 275, 276, 277, 278, 280, 281, 282, 283, 287, 288, 290, 291, 296, 301, 303, 304, 305, 306, 308, 313, 314, 315, 316, 319, 320, 321, 324, 325, 326, 327, 328, 329, 330, 333, 335, 336, 337, 338, 339, 341, 342, 343, 346, 354, 356, 357, 358, 360, 362, 365, 366, 371, 373, 375, 376, 377, 378, 383, 385, 386, 387, 389, 390, 395, 401, 403, 409, 410, 412, 414, 415, 416, 422, 433, 443, 444, 445, 446, and 460.