RUGGERI PARKS WEINBERG LLP

James P. Ruggeri
Phone: (202) 469-7752
jruggeri@ruggerilaw.com

August 21, 2026

**VIA PACER/ECF FILING**

The Honorable Robyn F. Tarnofsky
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Parker v. Bursor, et al.*, 1:24-cv-00245-JGLC-RFT (S.D.N.Y.)**

To the Honorable Judge Tarnofsky:

We write on behalf of our client, Sentinel Insurance Company, Ltd. ("Hartford") to ask the Court's at least partial reconsideration of ECF No. 471 on the grounds the documents the Court has ordered to "remain sealed" are already unsealed and have been publicly disseminated.[1]

This afternoon at 2:41 pm, I received an email from Ms. Amalfe asking me, for the first time, to consent to (1) a 14-day extension for Defendants to file redacted documents and for Defendants to "object" to the Court's Order, and (2) stay without date pending further Order of the Court any unsealing of ECF Nos. 345, 388, 424, and 465.

At 2:41 pm, I was at a cardiology appointment. As soon as I returned from that appointment, at 4:26 pm I responded to Ms. Amalfe's request, apologized for the two-hour delay in getting back to her, and explained why Hartford could not agree to Defendant's request:

> Hi Christine. I am just back from a doctor's appointment and apologize it took me two hours on Friday afternoon to respond to your email. Hartford cannot agree to your request. Magistrate Judge Tarnofsky's 8/17 ruling is an Order, not a Report & Recommendation. Also, ECF Nos. 345, 388, 424, and 465 are already unsealed by the Clerk, available on the docket and disseminated elsewhere. Finally, Hartford cannot agree to further delay, given the posture of the coverage action. If we could help with the redactions, please let me know. My condolences to whoever suffered the loss. Thanks.

*See* Exhibit 1.

---

[1] ECF No. 345 is still on Law360's document repository: https://www.law360.com/dockets/download/67eabb35d7655287b25f184a?doc_url=https%3A%2F%2Fecf.nysd.uscourts.gov%2Fdoc1%2F127137243923&label=Case+Filing. As is ECF No. 388: https://www.law360.com/dockets/download/681a338b9fdd35d84d910411?doc_url=https%3A%2F%2Fecf.nysd.uscourts.gov%2Fdoc1%2F127137471161&label=Case+Filing. As well as ECF No. 424: https://www.law360.com/dockets/download/6838da6a39a9b2f719ca5720?doc_url=https%3A%2F%2Fecf.nysd.uscourts.gov%2Fdoc1%2F127137608932&label=Case+Filing. Indeed, ECF Nos. 388, 424, and 465 are all on Westlaw's document repository, too.

Thirteen minutes after I sent my email, I received electronic notice of Defendants' letter motion advising the Court that Defendants had not heard back from me at the time of filing. *See generally* Exhibit 2; ECF No. 470. Defendants' assertion was false.

Ms. Amalfe, an hour later, stated that she had given her motion to her secretary and asserted her misrepresentation was inadvertent. The Court then granted the motion while Hartford was drafting a response, *see* ECF No. 471.

The Clerk has already unsealed the documents at issue, ECF Nos. 345, 388, 424, and 465. Those documents and the allegations have already been disseminated on Westlaw, Law360, and elsewhere. As stated repeatedly in this case, public documents cannot be sealed. "The genie is out of the bottle," and it is beyond judicial power to seal what is public. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). These documents are already unsealed on the docket and widely available.

Accordingly, Hartford submits the Court should reconsider its order granting a stay on futility grounds. Hartford also intends to use the underlying complaints, ECF Nos. 388 and 424, as part of its opposition to Defendants' motion to dismiss in the coverage action, which is due this upcoming Monday, August 24, 2026.

Respectfully submitted,

James P. Ruggeri

*Attorney for Sentinel Insurance Company,*